Hon. J. Richard Creatura

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHAN BARTON,<br>　　　　　　　　Plaintiff,<br>v.<br>JOE DELFGAUW, et al.<br>　　　　　　　　Defendant. | **No.** 3:21-cv-05610-JRC<br><br>**REPLY TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>**NOTED FOR: December 17, 2021** |

　　　　COMES NOW Defendant JOE DELFGAUW, by and through his undersigned attorney of record and Replies to the Response to Defendant's Motion to Dismiss the Complaint.

　　　　Defendant was mistaken in referring to an amended complaint that had not been filed. However, the complaint was effectively amended when Plaintiff filed Motions to dismiss certain defendants from the complaint which is tantamount to an amendment and that was Defendant's intent.   Defendant asks this court  to refer to its motion under that light.

　　　　If this court considers the attachments to the Declaration filed under Dkt. 48 to paint this motion as a Motion for Summary Judgment, then Defendant will refile as such .

REPLY TO RESPONSE TO MOTION TO DISMISS
3:21-cv-05610-JRC
PAGE - 1

LAW OFFICE OF DONNA BEASLEY GIBSON
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529 tel. FAX 425-332-7068

Generally, a court will only consider the complaint and any attached exhibits when deciding a 12(b)(6) motion. See 5 C. Wright & A. Miller, Federal Practice & Procedure §§ 1356, 1357 (1969). Thus, the Court normally would not consider this information. However, in view of the fact that a motion to dismiss for failure to state a claim should only be granted when defendant can show that under no set of facts can plaintiff prevail, the Court will consider this information. *Durning v. First Boston Corp*., 627 F.Supp. 393 (W.D. Wash. 1986). Therefore, the court could consider this information as it supports Defendant's motion, to show that under no set of facts can Plaintiff prevail on this issue – whether there is a claim against Joe Delfgauw underwhich Plaintiff can prevail, and Defendant submit that there is not such a claim.

When a corporate entity fails to follow corporate formalities and its shareholders mingle personal and corporate funds, the shareholders may be personally liable under the concept known as "piercing the corporate veil."

Under Washington law, piercing the corporate veil requires proof of two elements: "First, the corporate form must be intentionally used to violate or evade a duty; second, disregard [of the corporate form] must be necessary and required to prevent unjustified loss to the injured party." *Rogerson Hiller Corp. v. Port of Port Angeles*, 96 Wash.App. 918, 982 P.2d 131, 134 (1999) (quoting *Meisel v. M & N Modern Hydraulic Press Co.*, 97 Wash.2d 403, 645 P.2d 689, 692 (1982) (en banc)). To satisfy the first element, a party must establish "an abuse of the corporate form." *Meisel*, 645 P.2d at 692. To satisfy the second element, the party seeking relief must show "that

REPLY TO RESPONSE TO MOTION TO DISMISS
3:21-cv-05610-JRC
PAGE - 2

LAW OFFICE OF DONNA BEASLEY GIBSON
1204 Cleveland Avenue
Mount Vernon, WA 98273
206-242-5529 tel. FAX 425-332-7068

    disregarding the corporate veil is necessary and required to prevent an unjustified loss to the injured party."...

*Cal. Expanded Metal Products Co. v. Klein*, 396 F.Supp.3d 956 (W.D. Wash. 2019).

    The first element is satisfied if the corporation is merely an alter ego for the stockholders or if the corporate form is being abused. See Exxon Mobile, 2011 WL 611705, slip op. at 3 (explaining that these are not two different doctrines, but instead two ways to establish the first element). Abuse of the corporate form "typically involves 'fraud, misrepresentation, or some form of manipulation of the corporation to the stockholder's benefit and the creditor's detriment.'" *Meisel v. M & N Modern Hydraulic Press Co.,* 645 P.2d 689, 692 (Wash. 1982) (quoting *Truckweld Equip. Co. v. Olson,* 618 P.2d 1017, 1021 (Wash. Ct. App. 1980)). The second element focuses on the existence of a causal connection—"wrongful corporate activities must actually harm the party seeking relief so that disregard is necessary." *Meisel,* 645 P.2d at 693.

*Holland Am. Line, N.V. v. Orient Denizcilik Turizm Sanayi Ve Ticaret, A.S. (W.D. Wash. 2018)*

    Plaintiff pleads no action in its Complaint as it stands (or in its proposed Amended Complaint, subject to the Court's ruling on Plaintiff's motion to amend) that would hold Mr. Delfgauw individually liable to Mr. Barton.

    To determine whether corporate officers are personally liable for the direct infringement of the corporation… requires invocation of those general principles relating to piercing the corporate veil. *Orthokinetics, Inc. v. Safety Travel Chairs, Inc* ., 806 F.2d 1565, 1579 (Fed. Cir. 1986)." *Cal. Expanded Metal Products Co. v. Klein*, 396 F.Supp.3d 956 (W.D. Wash. 2019) *Columbia Asset Recovery Grp., LLC v. Kelly* , 177 Wash.App. 475, 312 P.3d 687, 693 (2013). 'The question whether the corporate form should be disregarded is a question of fact.' *Norhawk Invs., Inc. v. Subway Sandwich Shops, Inc. , 61 Wash.App*. 395, 811 P.2d 221, 222 (1991)."

*Cal. Expanded Metal Products Co. v. Klein*, 396 F.Supp.3d 956 (W.D. Wash. 2019). Plaintiff has not invoked such principles before this Court. Further the Plaintiff must "plausibly plead facts to support piercing the corporate veil." See *Gremp v. Ramsey*, No. C08-558RSM, 2009 WL 112674, at *8 (W.D. Wash. Jan. 14, 2009) (concluding under the facts of that case that the

REPLY TO RESPONSE TO MOTION TO DISMISS  
3:21-cv-05610-JRC  
PAGE - 3

LAW OFFICE OF DONNA BEASLEY GIBSON  
1204 Cleveland Avenue  
Mount Vernon, WA  98273  
206-242-5529 tel. FAX 425-332-7068

plaintiff adequately pleaded a claim for piercing the corporate veil). *Velicer v. Falconhead Capital, LLC,* Case No. C19-1505JLR (W.D. Wash. 2020) Plaintiff Barton has failed to adequately allege such facts, again in either its Complaint as it stands or in its proposed Amended Complaint which is currently awaiting ruling.

Further should the Court hear this motion, then Defendant moves to strike the attachment to Plaintiff's Response that is a brief, in an unrelated matter, not before this court. Plaintiff's briefing in the 9th Circuit is meaningless to this court as it is not precedential, and as Plaintiff has stated, it has not yet been decided by the 9th Circuit.

Respectfully submitted this 13th day of December, 2021.

    __s/Donna Gibson_____
    Donna Gibson, WSBA 33583
    Attorney for Defendant JOE DELFGAUW
    Law Office of Donna Beasley Gibson
    1204 Cleveland Ave
    Mount Vernon, Wa  98273
    (206) 242-5529
    F;  (425) 332-7068
    donna@donnagibsonlaw.com

REPLY TO RESPONSE TO MOTION TO DISMISS
3:21-cv-05610-JRC
PAGE - 4

LAW OFFICE OF DONNA BEASLEY GIBSON
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529 tel. FAX 425-332-7068