UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHEN BARTON,

    Plaintiff,

 v.

JOE DELFGAUW, *et al.*,

    Defendants.

CASE NO. 3:21-cv-05610-JRC

ORDER GRANTING MOTION TO AMEND AND DENYING MOTION TO DISMISS

  This matter is before the Court on the parties' consent to proceed before a Magistrate Judge (Dkt. 38), defendant's motion to dismiss (Dkt. 47), and on plaintiff's motion for leave to amend his complaint. Dkts. 51, 56.

  Plaintiff filed a motion for leave to amend his complaint, which defendants did not oppose. Because the Court grants plaintiff leave to file an amended complaint, defendant's motion to dismiss the original complaint is moot. Therefore, defendant's motion to dismiss is denied.

///

## BACKGROUND

On August 23, 2021, plaintiff, proceeding *pro se*, filed this action asserting claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.*, ("TCPA") and state law alleging defendants communicated with him by telephone without his consent while his phone number was registered on the national Do-Not-Call Registry. Dkt. 1. Plaintiff seeks damages and treble damages under 47 U.S.C. § 277(b)(3), costs, and injunctive relief. *Id.* On October 5, 2021, defendants filed an answer and a counterclaim against plaintiff for fraud and fraud by non-disclosure. Dkt. 20. On November 22, 2021, defendant Delfgauw filed a motion to dismiss plaintiff's complaint. Dkt. 47. On November 24, 2021, plaintiff filed a motion for leave to amend his complaint and then an amended that motion on December 3, 2021. Dkts. 51, 56. Defendants did not oppose plaintiff's motion.

## DISCUSSION

### I. Plaintiff's Motion to Amend Complaint

The time for plaintiff to amend his complaint as a matter of course has passed and he has not received consent of the opposing parties, therefore plaintiff needs leave of Court to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(1)–(2). Pursuant to Federal Rule of Civil Procedure 15(a)(2), courts should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). The Court should grant leave "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

1  previously allowed, undue prejudice to the opposing party by virtue of allowance of the
2  amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

3  Here, plaintiff is seeking leave to amend his complaint for the first time and defendants
4  have not opposed plaintiff's motion. Although the caption on defendant's motion to dismiss
5  states "motion to dismiss amended complaint," the body of the motion only refers to content
6  alleged in plaintiff's original complaint. *See generally* Dkt. 47. Furthermore, plaintiff filed the
7  motion to amend two days after defendant filed the motion to dismiss, therefore, defendant could
8  not seek the dismissal of a pleading that had not yet been filed. As such, the Court interprets
9  defendant's motion as seeking the dismissal of the original complaint (Dkt. 1). Given the lack of
10 opposition to plaintiff's motion to amend and the deferential standard to grant leave to amend,
11 the Court grants plaintiff's motion.

12 **II.      Defendant's Motion to Dismiss**

13 An "amended complaint supersedes the original, the latter being treated thereafter as non-
14 existent." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (internal citation
15 omitted), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927–28 (9th
16 Cir. 2012). Where a motion to dismiss targets a complaint that has been superseded by an
17 amended complaint, the court should deem the motion to dismiss moot. *Ramirez v. Cnty. of San*
18 *Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Because the Court grants plaintiff's motion to
19 amend his complaint, defendant's motion to dismiss the original complaint is now moot.
20 Therefore, the Court denies defendant's motion.
21 ///
22 ///
23 ///
24

**CONCLUSION**

The Court grants plaintiff's motion to amend his complaint (Dkts. 51, 56) and denies defendant's motion to dismiss. Dkt. 47. Plaintiff must file and serve the amended complaint on all parties within fourteen days of the filing of this Order.

Dated this 29th day of December, 2021.

J. Richard Creatura
Chief United States Magistrate Judge