Hon. J. Richard Creatura

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHEN BARTON,<br><br>   Plaintiff,<br><br>v.<br><br>JOE DELFGAUW, XANADU MARKETINGITNC., THE CREDIT PROS INTERNATIONAL CORPORATION, EXPERIAN INFORMATION SOLUTIONS INC., LGNB LLC, STARTER HOME INVESTING INC, TORT EXPERTS LLC, LAW OFFICE OF TOM WAGSTAFF, JR., LLC, LEARNER & ROWE, PC DV INJURY LAW PLLC, & JOHN DOE 1-10,<br><br>   Defendants. | **CASE NO. 3:21-cv-05610-JRC**<br><br>**RESPONSE TO MOTION TO DISMISS COUNTERCLAIM** |
| JOE DELFGAUW, XANADU MARKETING INC<br><br>   Counterclaimants,<br><br>v.<br><br>NATHEN BARTON,<br><br>   Counter Defendant. | |

**RESPONSE TO MOTION TO STRIKE AFFIRMATIVE DEFENSES**
Page 1
3:21-cv-05610-JRC

Law Office of Donna Beasley Gibson PLC
1204 Cleveland Avenue
Mount Vernon, WA 98273
206-242-5529

COMES NOW the Counterclaimants JOE DELFGAUW and XANADU MARKETING INC and respond to the Motion to Strike Affirmative Defenses:

## ADDITIONAL FACTS

Although Plaintiff has propounded currently nine sets of discovery requests, Defendants have not yet propounded discovery to Plaintiff. *See* Declaration of Donna Gibson. Discovery cut-off in this matter is not until June 22, 2022, six months from now. (See Dkt. 33, 34). Further, Plaintiff filed a motion to amend its complaint on December 3, 2021, (Dkt. 51, 56) this Court has ruled on it just two days ago, December 29, 2021 (Dkt 77). Defendants have not yet filed their answer to the amended complaint.

## AUTHORITY

Rule 12(b) requires, with limited exception, that "[e]very defense to a claim for relief in any pleading . . . be asserted in the responsive pleading if one is required." FED. R. CIV. P. 12(d). Rule 8(b)(1)(A) provides additional guidance: "In responding to a pleading, a party must state in short and plain terms its defenses to each claim asserted against it."

Courts are reluctant to strike pleadings, including affirmative defenses prior to the close of discovery. In *Bayer CorpScience AG v. Dow Agro Sciences LLC*, 851 F.3d 1302 (Fed. Cir. 2017), the court declined to apply the plausibility standard to affirmative defenses and offered the following reasons in support to its conclusion. Their reasoning included (1) "textual differences" between Rule 8(a) and Rule 8(c), relating to affirmative defenses; (2) limited discovery costs related to affirmative defenses; (3) <u>the unfairness of applying the same pleading standard to a defendant with limited time to respond to a complaint</u>; and (4) the low likelihood that motions to strike affirmative defenses would expedite the litigation.

RESPONSE TO MOTION TO
STRIKE AFFIRMATIVE DEFENSES
Page 2
3:21-cv-05610-JRC

Law Office of Donna Beasley Gibson PLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense. *See Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Wyshak v. City Nat'l Bank*, 607 F. 2d 824, 827 (9th Cir. 1979)

Further, a motion to strike should be granted only when "it appears to a certainty that plaintiffs would succeed <u>despite any state of the facts which could be proved in support of the defense</u> and are inferable from the pleadings." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). Furthermore, such motions "should be granted where it is clear that the affirmative defense is irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." *SEC v. Gulf & Western Indust.*, 502 F. Supp. 343, 345 (D.D.C. 1980).

Motions to strike affirmative defenses are generally "disfavored and infrequently granted," and an affirmative defense is fairly immune from a motion to strike unless it appeared **with certainty** that plaintiff would succeed **despite any state of facts** which could be proved in support of the defense. *SEC v. Sands*, 903 F. Supp. 1149, 1165-1166 (C.D. Cal. 1995), aff'd sub nom. *SEC v. First Pac. Bancorp*, 142 F. 3d 1186 (9th Cir. 1998). [emphasis added].

### I. The Counter-Defendant's Motion is Premature

The discovery cut-off date in this matter is not until June 22, 2022, six months from now. (See Docket 33).   Applying *Bayer CorpScience AG* factor 3, especially makes this motion premature.  Because defendants are required to respond to the Complaint before a chance to conduct discovery, and there being six more months of discovery time in this matter, this

RESPONSE TO MOTION TO
STRIKE AFFIRMATIVE DEFENSES
Page 3
3:21-cv-05610-JRC

Law Office of Donna Beasley Gibson PLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

motion is premature and defendants should be allowed to pursue and complete discovery before the court strikes down its defenses.

Furthermore, just two days ago this Court granted the Plaintiff's motion to amend its complaint, and Defendant must file an amended answer.

**II. The Asserted Affirmative Defenses are Plausible**

Affirmative defenses must be supported by at least some facts indicating the grounds on which the defense is based. *Rosen v. Marketing Grp. LLC*, 222 F.Supp.3d 793, 802 (C.D.Cal. 2016).

<u>Affirmative Defense #2 (Sufficiency of Service of Process)</u>

Defendant has asserted: "As to Defendant XANADU, defendant asserts that service of process on this answering defendant was insufficient."

FRCP 4(h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

  (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

  (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Plaintiff served Defendant XANADU MARKETING INC, according to the Affidavit of Service at Docket 10, by serving a copy to Joe Delfgauw at 1707 Birchview Drive, Nunica, Michigan. *See* Docket 10. Joe Delfgauw is, admittedly, an officer of the corporation, but the

RESPONSE TO MOTION TO
STRIKE AFFIRMATIVE DEFENSES
Page 4
3:21-cv-05610-JRC

Law Office of Donna Beasley Gibson PLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

officers of Xanadu Marketing Inc. all list their addresses as 14200 Ironwood Dr. NE, Suite B, Grand Rapids, MI.

However, according to the Michigan Department of Licensing and Regulatory Affairs, the document on file (which is easily found on the internet), the Agent for Service of Process for Xanadu Marketing Inc. is "Edward Winkler, 956 3 Mile Rd, Grand Rapids, Michigan" and not Joe Delfgauw, nor is the address for service 1707 Birchview Drive, Nunica, Michigan. Therefore, there is a question of proper service.  *See* Declaration of Donna Gibson.  Service of a corporate officer at his home address, is questionable.

<u>Affirmative Defense #7 (Failure to Mitigate)</u>

It is settled law that an injured party can recover only such damages as he could not reasonably avoid. See, e.g., *Commodity Credit Corp. Rosenberg Bros. & Co.,* 243 F.2d 504, 511 (9th Cir.), cert. denied, 355 U.S. 837, 78 S.Ct. 62, 2 L.Ed.2d 48 (1957); Davies v. Krasna, 14 Cal.3d 502, 515 (1975). *Katz v. Administrators of Small Business Admin*., 925 F.2d 1470 (9th Cir. 1991).

These answering defendant assert that neither plaintiff nor plaintiff's assignee on plaintiff's behalf has acted to mitigate his damages.   Striking this defense is clearly premature as discovery is continuing and there are 6 more months of discovery time available and although Plaintiff has bombarded defendants with discovery, defendants have not yet begun to propound discovery on Plaintiff/Counter defendant.   Furthermore, in answering the complaint, Rule 8(c) adds that, "a party must affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c).  And applying the factors set forth in *Bayer CorpScience AG, supra,* defendants should assert any possible defense and the defense should not be stricken at this juncture.

RESPONSE TO MOTION TO
STRIKE AFFIRMATIVE DEFENSES
Page 5
3:21-cv-05610-JRC

Law Office of Donna Beasley Gibson PLC
1204 Cleveland Avenue
Mount Vernon, WA 98273
206-242-5529

Although Plaintiff relies on the answer to one interrogatory (which defendants also argue is not properly before the court in the manner in which Plaintiff has presented it in its motion), to show that there is no possible way this defense could stand.   Defendants have not yet propounded discovery, but their initial investigation has shown that there is a question as to (1) ownership of the phone number in question (that the number complained of in the complaint belongs to someone else) and that someone with that number opted in on public wifi near the Plaintiff's home.   It does not appear **with certainty** "that plaintiff would succeed despite any state of facts which could be proved in support of the defense." SEC v. Sands, 903 F. Supp. 1149, 1165-1166 (C.D. Cal. 1995), aff'd sub nom. SEC v. First Pac. Bancorp, 142 F. 3d 1186 (9th Cir. 1998).

**RELIEF REQUESTED**

The motion should be denied for being premature.   Not only is it prior to the close of discovery, Plaintiff's Amended Complaint was just allowed by the court, and Defendants need to file an answer to the Amended Complaint.

Dated this  31st day of December , 2021

     s/Donna Gibson
Donna Gibson WSBA 33583
Attorney for Defendants JOE DELFGAUW, XANADU MARKETING INC and STARTER HOME INVESTING INC
Law Office of Donna Beasley Gibson
1204 Cleveland Ave
Mount Vernon, WA  98273
206-242-5529/Fax: 425-332-7068
beasleylaw@msn.com
donna@donnagibsonlaw.com

RESPONSE TO MOTION TO
STRIKE AFFIRMATIVE DEFENSES
Page  6
3:21-cv-05610-JRC

Law Office of Donna Beasley Gibson PLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529