UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHEN BARTON,

                Plaintiff,

    v.

JOE DELFGAUW, *et al.*,

                Defendants.

CASE NO. 3:21-cv-05610-JRC

ORDER ON DISCOVERY MOTIONS

This matter is before the Court on the parties' consent to proceed before a Magistrate Judge (Dkt. 38), on plaintiff's motion for a court order on a third-party subpoena (Dkt. 49), on plaintiff's motion to compel discovery (Dkt. 59), and on defendants' motion for a "discovery order." Dkt. 62.

**BACKGROUND**

On August 23, 2021, plaintiff, proceeding *pro se*, filed this action asserting claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.*, ("TCPA") and state law alleging defendants communicated with him by telephone without his consent while his phone

1  number was registered on the national Do-Not-Call Registry. Dkt. 1, 83. Plaintiff seeks damages

2  and treble damages under 47 U.S.C. § 277(b)(3), costs, and injunctive relief. Dkt. 83, at 19–20.

3  On October 5, 2021, defendants filed an answer and a counterclaim against plaintiff for fraud

4  and fraud by non-disclosure. Dkts. 20, 39.

5  On November 22, 2021, plaintiff filed a motion for a court order on a third-party

6  subpoena. *See* Dkts. 49, 50, 55, 57, 58. On December 9, 2021, plaintiff filed a motion to compel

7  discovery responses and to deem requests for admissions admitted. Dkts. 59, 60. On December

8  13, 2021, defendants filed a motion for a discovery order, which the Court construes as a

9  response to plaintiff's motion to compel. *See* Dkt. 62. Although plaintiff's motion to compel is

10  noted for consideration on January 7, 2022, because the motion is fully briefed, the Court moves

11  up the noting date to the date of this Order. *See* Local Civil Rule 7(l) (The court may renote a

12  pending motion to ensure compliance with applicable court rules or for other reasons.)

13  **DISCUSSION**

14  **I.      Motion for a Court Order on Third-Party Subpoena**

15  Plaintiff moves the Court for an order so he can serve Comcast Cable Communications,

16  LLC with a subpoena for information regarding its subscribers. *See* Dkt. 49, at 2. Comcast is a

17  cable operator within the meaning of Section 522(5) of Title 47 of the United States Code.

18  Pursuant to Section 551(c)(2)(B), Comcast cannot release documents and information about its

19  subscribers unless it is "pursuant to a court order authorizing such disclosure . . . ." Therefore,

20  plaintiff needs a Court order to obtain the information he seeks.

21  Plaintiff states that defendants believe he consented to be contacted by them when opted

22  in from an IP address 71.238.123.34 sometime in April 2021. *See* Dkt. 57, at 5. Although

23  plaintiff claims that Comcast "generally verified" that IP address 71.238.123.34 could not have

24

been his within the past two years, he still seeks "the name and physical location behind IP address 71.238.123.34" because it will "shed light" on whether he consented to be contacted, as defendants alleged. Dkt. 49, at 2.

An IP address serves to locate the place of a particular piece of electronic equipment so that electronic data may be sent to it. *See London-Sire Recods, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 160 (D. Mass. 2008). In his declaration is support of his motion, plaintiff attached exhibits of responses he received from Comcast in which Comcast informs plaintiff that it uses "dynamic IP addresses" and only keeps their information for 180 days. *See* Dkt. 55, at 4. Dynamic IP addresses are IP addresses that may be reassigned periodically to different subscribers. *See Call of the Wild Movie, LLC v. Does 1-1, 062*, 770 F. Supp. 2d 332, 356 (D. D.C. 2011) ("[F]or dynamic IP addresses, a single IP address may be re-assigned to many different computers in a short period of time."). Thus, the IP address identified by plaintiff might have been assigned to multiple individuals over the last six months and any response Comcast could provide would not contain information of who used the IP address in or before April 2021, the period he is alleged to have opted in. Plaintiff has not shown how the information Comcast would be able to provide is relevant or proportional in light of the circumstances of this case. *See* Fed. R. Civ. P. 26(b)(1). Therefore, plaintiff's motion is denied without prejudice.

### II. Motion to Compel Discovery

Plaintiff moves the Court for an order compelling defendants to respond to discovery requests and deem requests for admissions as admitted. Dkt. 59. Any discovery motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "The certification must list the date, manner, and participants to

1  the conference." Local Civil Rule 37(a)(1). *Id.* "If the movant fails to include such a

2  certification, the court may deny the motion without addressing the merits of the dispute." *Id.* "A

3  good faith effort to confer with a party or person not making a disclosure or discovery requires a

4  face-to-face meeting or a telephone conference." *Id.*

5        Here, plaintiff submitted a declaration that he emailed defendants' attorney the day he

6  filed the instant motion and asked if they intended to answer the discovery requests. Dkt. 60.

7  However, that is not a good faith attempt to meet and confer pursuant to LCR 37(a)(1). The meet

8  and confer requirement is intended to resolve disputes without the Court's intervention. A party's

9  responsibility is not to send an email then check the box indicating that they have "conferred."

10 Rather, parties are required to make a reasonable attempt to determine if solutions can be found

11 to discovery issues. Plaintiff has not demonstrated that he has fulfilled this requirement.

12 Therefore, plaintiff's motion to compel is denied without prejudice.

13       Although the Court declines to rule on the merits of plaintiff's motion, the Court notes

14 that defendants allege that the number and frequency of sets of discovery propounded by plaintiff

15 has made it difficult to provide responses. *See* Dkt. 62, at 2–9. For example, defendants claim

16 that plaintiff served multiple "rounds" of discovery in the same day and within one or two days,

17 and that plaintiff has propounded nine sets of discovery from October to December 2021. *Id.* at

18 2–9. In an effort to prevent further discovery disputes before the Court, the parties are ordered to

19 meet and confer within 30 days to identify any outstanding discovery requests. Parties should

20 also give each other an opportunity to respond to any outstanding sets of discovery before

21 propounding additional sets of discovery.

22 ///

23 ///

24

**CONCLUSION**

Based on the foregoing, the Court orders as follows:

- Plaintiff's motion for a Court order on a third-party subpoena (Dkt. 49) is denied without prejudice;

- Plaintiff's motion to compel (Dkt. 59) is renoted to the date of this Order and it is denied without prejudice;

- Defendants' motion for a discovery order (Dkt. 62) is construed as a response to plaintiff's motion to compel; and

- The parties are to meet and confer within 30 days of this Order to identify any outstanding discovery requests and they are to provide each other an opportunity to respond to any outstanding discovery before propounding additional sets.

Dated this 4th day of January, 2022.

*/s/ J. Richard Creatura*

J. Richard Creatura
Chief United States Magistrate Judge