Honorable J Richard Creatura

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHEN BARTON, | CASE NO. **3:21-cv-05610-JRC** |
| Plaintiff | BARTON'S MOTION TO TAKE JUDICIAL NOTICE OF IP ADDRESS 8.8.8.8 |
| v. | |
| JOE DELFGAUW, XANADU MARKETING INC., EXPERIAN INFORMATION SOLUTIONS INC., STARTER HOME INVESTING INC, & JOHN DOE 1-10 | NOTE ON MOTION CALENDAR: Jan 21, 2022 |
| Defendant(s). | |

PLEASE TAKE NOTICE that Plaintiff Nathen Barton (hereinafter referred to as "Barton") moves pursuant to Fed.R.Evid. 201 for an Order taking judicial notice of the fact that during all times relevant to this lawsuit, IP address 8.8.8.8 is used by Google LLC ("Google") as their Public DNS server.

This is relevant to the case as Defendants Joseph Delfgauw, Xanadu Marketing Inc., and Starter Home Investing Inc. have alleged Barton 'opt-in' on the website

*EducationSchoolMatching.com* using IP address 8.8.8.8.  This motion is for Judicial Notice that IP address 8.8.8.8 is using by Google for their own purposes.

## I.     INTRODUCTION

IP addresses are identifiers on the internet used to route internet traffic to and from devices connected to the internet[1], much as street addresses are used as unique identifiers in the real world[2].

While the IP addresses of residential subscribers is considered "personal information" in the State of California[3], the IP addresses of websites that cater to the public at large must be, by definition, public.

However, to navigate online, most individuals would never type Google's IP address 172.217.193.138 into their internet browser to bring up one of the most popular internet search engine in the world, *Google.com*[4].

Humans much prefer to type *Google.com* into their internet browser, and the Domain Name System ("DNS") is the internet system and service that translates the domain name you wish to use into the IP address[5] your computer uses to load that webpage. This makes it possible for people to access online services by using a name instead of numbered address[6].

---

[1] https://www.cisa.gov/blog/2021/09/23/jumping-4-6-dont-forget-about-tic

[2] https://www.ntia.doc.gov/blog/2012/united-states-government-s-internet-protocol-numbering-principles

[3] https://www.oag.ca.gov/sites/all/files/agweb/pdfs/privacy/ccpa-text-of-mod-redline-020720.pdf?

[4] https://www.census.gov/data/data-tools/cbb/help/faqs.html

[5] https://support.google.com/a/answer/48090?hl=en#A

[6] https://home.dotgov.gov/help/

Many DNS hosting service providers exist[7], and Google provides a DNS public server[8] that anyone can use[9] located at IP address 8.8.8.8.

It is widely known over a time span of the last 10 years that Google's primary public DNS server is located at IP address 8.8.8.8:

https://developers.google.com/speed/public-dns

https://en.wikipedia.org/wiki/Google_Public_DNS

https://www.pcmag.com/how-to/how-and-why-to-change-your-dns-server

https://www.hpe.com/us/en/insights/articles/get-faster-internet-with-better-dns-1909.html

https://dnspropagation.net/google-dns/

https://www.lifewire.com/free-and-public-dns-servers-2626062

https://www.techradar.com/news/best-dns-server

https://www.poftut.com/how-to-use-google-public-dns-servers/

https://www.webnots.com/how-to-setup-google-public-dns/

https://www.fosslinux.com/45397/opendns-vs-google-dns.htm

https://www.howtogeek.com/164981/how-to-switch-to-opendns-or-google-dns-to-speed-up-web-browsing/

https://www.businessinsider.com/google-apps-users-should-use-google-public-dns-2013-12

---

[7] https://home.dotgov.gov/help/#do-you-provide-dns-hosting-for-gov-domains

[8] https://developers.google.com/speed/public-dns

[9] https://developers.google.com/speed/public-dns/faq

1 https://www.cnet.com/tech/services-and-software/google-public-dns-prevails-as-the-worlds-largest-service/

3 https://twitgoo.com/best-free-dns-servers/

4 https://www.cbsnews.com/news/google-public-dns-about-getting-information-not-speeding-the-net/

## II.  ARGUMENT

"Traditionally, judicial notice has been used to eliminate the need for formal proof by the introduction of evidence of certain matters which either are so universally known and accepted as to be beyond doubt or matters which, while not universally known, are so certain [] as to be beyond doubt." 60 Am. Jur. Proof of Facts 3d 175 (2001).

A Court may take judicial notice of adjudicative facts that are not subject to reasonable dispute where (1) they are generally known within the Court's territorial jurisdiction; or (2) they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. See FED. R. EVID. 201(a)-(b).

Is Google a reliable enough source that information they publish can be judicially noticed?  Courts say yes. For example, perhaps the most common online source of judicially noticed facts is Google Maps. Numerous judicial opinions in both civil and criminal cases reflect trial and appellate courts taking judicial notice of information found on the website.[10] Courts

---

[10] *Rindfleisch v. Gentiva Health Sys., Inc*., 752 F. Supp. 2d 246, 259 n.13 (E.D.N.Y. 2010) ("Courts commonly use [I]nternet mapping tools to take judicial notice of distance and geography."); *Kemp v. Zavaras*, No. 09-cv-00295-WYD-MJW, 2010 WL 1268094, at *2 n.3 (D. Colo. Mar. 29, 2010) (taking judicial notice of driving distance between "two points located in the record using mapping services, such as Google Maps (http://maps.google.com/), whose accuracy cannot reasonably be questioned"); *United States v. Brown*, 636 F. Supp. 2d 1116, 1124 n.1 (D. Nev. 2009) ("Courts have generally taken judicial notice of facts gleaned from [I]nternet mapping tools such as Google Maps or Mapquest."); *Clark*, 940 N.E.2d at 766 (stating "case law supports the proposition that information acquired from mainstream Internet sites such as Map Quest and Google Maps is reliable enough to support a request for judicial notice")

often rely on Google Maps to establish the distance between two geographic points (e.g., a defendant's location and the scene of the crime) referenced in the litigation.[11]

Obviously, Google Maps is not at issue in this case, but basic information published about and by Google itself is. If Google can be trusted to accurately publish map data, it seems a forgone conclusion that Google can accurately publish the existence and IP address of its own Public DNS server that serves 10% of internet users[12] and is a 10+ year old[13] product[14] widely reported on in the media[15] over a period of many years.

It simply is well documented that

---

[11] *McCormack v. Hiedeman*, 694 F.3d 1004, 1008 n.1 (9th Cir. 2012) (relying on judicial notice of Google Maps information that "[i]t is about 138 miles from Bannock County, Idaho to Salt Lake City, Utah"); United States v. Harmon, 871 F. Supp. 2d 1125, 1160 (D.N.M. 2012) (relying on Google Maps to take judicial notice that "[t]he distance between San Francisco and Albuquerque is approximately 1,086 miles traveling on Interstate Highway 40"); *Hooper v. Clark*, No. CIV S-08-1773-TJB, 2011 WL 445510, at *9 (E.D. Cal. Feb. 8, 2011) (evaluating tactical choice of counsel in part by determining, through Google Maps, that the witness's testimony would have placed the defendant close to a burglary scene—a precise distance of "approximately 0.4 miles . . . or an eight minute walk"); *United States v. Sessa*, Nos. 92-CR-351(ARR), 97-CV-2079 (ARR), 2011 WL 256330, at *25 (E.D.N.Y. Jan. 25, 2011) (rejecting claim that reports constituted Brady material because discrepancies in addresses pertained to locations that, according to Google Maps, were "merely a few miles apart"); *Access 4 All, Inc. v. Boardwalk Regency Corp.*, Nos. 08-3817 (RMB/JS), 08-4679 (RMB/JS), 2010 WL 4860565, at *6 n.13 (D.N.J. Nov. 23, 2010) (taking judicial notice via Google Maps that "all three beach towns are located over one hour from Atlanic City"); *Rindfleisch*, 752 F. Supp. 2d at 259 n.13 (taking judicial notice of travel distances in evaluating request for change of venue); *Warwick v. Univ. of the Pac.*, No. C 08- 03904 CW, 2010 WL 2680817, at *3 n.8 (N.D. Cal. July 6, 2010) (taking "judicial notice that Ukiah is approximately 100 miles from San Quentin, a drive of approximately two hours" and citing Google Maps); *Super 8 Motels, Inc. v. Rahmatullah*, No. 1:07-cv-01358-DFH-DML, 2009 WL 2905463, at *8 (S.D. Ind. Sept. 9, 2009) (taking judicial notice via Google Maps and Google Earth of distance between franchises in contract dispute); *People v. Stiff*, 904 N.E.2d 1174, 1183 (Ill. App. Ct. 2009) (taking judicial notice of short distance victim travelled after injuries to support conclusion that victim's statement should have been allowed as an excited utterance). Courts do this even for locations in foreign countries. See, e.g., *Rezende v. Citigroup Global Mkts. Inc.*, No. 09 Civ. 9392(HB)(DF), 2011 WL 1584607, at *20 n.27 (S.D.N.Y. Mar. 11, 2011) (taking "judicial notice that ACF Rivera Center is approximately a 10-minute drive from Rezende's home address" and citing Google Maps).

[12] https://security.googleblog.com/2018/08/google-public-dns-turns-8888-years-old.html

[13] https://googleblog.blogspot.com/2012/02/google-public-dns-70-billion-requests.html

[14] https://developers.google.com/speed/public-dns/docs/isp

[15] https://www.forbes.com/sites/eliseackerman/2012/02/25/a-closer-look-at-google-public-dns/?sh=65c3b9ed8c12

> "Google Public DNS is a free, global Domain Name System (DNS) resolution service, that you can use as an alternative to your current DNS provider."[16]

and Google Public DNS uses the IP address 8.8.8.8

> "Configure your network settings to use the IP addresses 8.8.8.8 and 8.8.4.4 as your DNS servers."

To be clear, Barton is not asking for judicial notice of Google Public DNS's *accuracy*, simply its *existence* and *IP address*.

Who owns IP address 8.8.8.8 and what that IP address is used for is well documented and finds authority in multiple sources in whose accuracy cannot be reasonably questioned.

Thus, this Court is permitted, pursuant to FED. R. EVID. 201, to take judicial notice of these facts. Indeed, a court is required to take judicial notice if requested by a party and supplied with the necessary information. Fed.R.Evid. 201(d).

### III. CONCLUSION

Barton's motion should be granted, and the Court should take judicial notice that Google uses IP address 8.8.8.8 as Google's Public DNS server pursuant to FED. R. EVID. 201.

| _____s/ Nathen Barton_____ | _____1/12/2022_____ |
|:---:|:---:|
| (signed) | (Dated) |

Nathen Barton
(718) 710 5784
4618 NW 11th Cir
Camas WA 98607

### CERTIFICATE OF SERVICE

---

[16] https://developers.google.com/speed/public-dns/faq#whatis

1    I hereby certify that on January 12, 2022, I caused the foregoing document to be
2    electronically filed with the Clerk of the Court using the Electronic Filing (CM/ECF) system,
3    which will send notification of such filing to all counsel of record and all pro se parties registered
4    to use the CM/ECF system.

6    _____s/ Nathen Barton_____           _____1/12/2022_____
     Nathen Barton                                 (Dated)