|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |
| 6   |     |
| 7   |     |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHEN BARTON,

                Plaintiff,

     v.

JOE DELFGAUW, *et al.*,

                Defendants.

CASE NO. 3:21-cv-05610-JRC

ORDER DENYING MOTIONS FOR JUDICIAL NOTICE

      This matter is before the Court on the parties' consent to proceed before a Magistrate Judge (Dkt. 38), plaintiff's motions for judicial notice (Dkts. 64, 68, 70, 97), and on defendants' motion for an extension of time to respond. Dkt. 89.

      Plaintiff filed four motions for judicial notice in which he seeks to have the Court take judicial notice of (1) "the fact that IP address geolocation is inherently inaccurate," (2) that defendant Delfgauw has made statements "relevant to this litigation" through his website, (3) that defendant Delfgauw "pleaded guilty to Financial Institution Fraud," and (4) that "IP address 8.8.8.8 is used by Google LLC ("Google") as their Public DNS server." Dkts. 64, 68, 70, 97.

Defendants oppose the first two motions because they do not concern the kinds of facts that may be judicially noticed. *See* Dkts. 82, 84. Defendants also seek an extension of time to respond to the third motion (*see* Dkt. 89) and have not had the opportunity to respond to the latest motion because it was filed on January 12, 2022 and is noted for consideration on January 21, 2022. *See* Dkt. 97.

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record. However, the Court does not decide whether the matters it is being asked to take judicial notice of are of public record because there is currently no pending motion that these matters would help the Court decide if the Court were to take judicial notice of them. *See Neylon v. County of Inyo*, 2016 WL 6834097, at *4 (E.D. Cal. Nov. 21, 2016) (declining to take judicial notice because it was unnecessary to decide the matters at issue) (citing *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1410 n. 2 (9th Cir. 1990)). As such, defendant's motions are premature at this stage in the case. *See Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007) ("While the rules allow a court to take judicial notice at any stage of the proceedings . . . we believe that it should be done sparingly at the pleadings stage.").

Therefore, the Court Orders as follows. Defendant's motions for judicial notice (Dkts. 64, 68, 70) are denied without prejudice. Defendants' motion for an extension of time (Dkt. 89) is denied for mootness. The Court directs the Clerk to renote Dkt. 97 to the date of this Order and denies that motion without prejudice.

Dated this 14th day of January, 2022.

J. Richard Creatura
Chief United States Magistrate Judge

ORDER DENYING MOTIONS FOR JUDICIAL NOTICE - 2