HON. J. RICHARD CREATURA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHEN BARTON,<br><br>    Plaintiff<br><br>v.<br><br>JOE DELFGAUW, XANADU MARKETING INC., EXPERIAN INFORMATION SOLUTIONS INC., STARTER HOME INVESTING INC, JOHN DOE 1-10<br><br>    Defendants. | Case No.: **3:21-cv-05610-JRC**<br><br>MOTION FOR INVOLUNTARY DISMISSAL DUE TO PLAINTIFF'S ATTEMPT TO COMMIT FRAUD UPON THE COURT<br><br>NOTED FOR: Fri. Feb. 25, 2022 |
| JOE DELFGAUW, XANADU MARKETING INC., STARTER HOME INVESTING INC,<br><br>    Counterclaimants<br>v.<br><br>NATHEN BARTON,<br><br>    Counter Defendant | |

COME NOW, Defendants, JOE DELFGAUW, XANADU MARKETING INC., and STARTER HOME INVESTING INC., (collectively "the moving Defendants") by and

MOTION TO QUASH WARRANT

Page 1

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA 98273
206-242-5529

through their counsel, Donna Gibson and in accordance with applicable Federal Rules of Civil Procedure, including F.R.C.P. § 41(b), and hereby file this Motion for Involuntary Dismissal due to Plaintiff's attempts to commit fraud upon this Court, and in support thereof assert the following.   This motion is based on the Declaration of Donna Gibson, and the Records and Files herein.

## I. INTRODUCTION

The belief that cheaters should not be allowed to prosper from their dishonest ways, is central to the moral fabric of our society and one of the underpinnings of our legal system. To allow such dishonesty to prevail would directly undermine the judicial process. Plaintiff has sued the moving Defendants for violations of the Telephone Consumer Protection Act (TCPA) and related state telemarketing laws and in doing so, Plaintiff has filed numerous documents with this Court in which Plaintiff has either manipulated or fabricated evidence in a continuing scheme to deliberately provide the court with false information in an ongoing attempt to deceive the court and thus interfere with the Court's ability to impartially adjudicate this case. Plaintiff's conduct, which forms the basis for this dismissal, is willful and was done as a deliberate scheme with the intent to alter evidence and deceive this court.

## II. LEGAL STANDARD

> The requisite fraud on the court occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense.

*Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir.1989). "Thus, a Court's power to dismiss an action with prejudice for Fraud Upon the Court is derived (1) from its inherent

authority to regulate the proceeding before it, and (2) from F.R.C.P. § 41(b)." *Zocaras v. Castro,* 465 F.3d 479, 483 (11th Cir. 2006).

"The trial court has the inherent authority, in the exercise of its sound judicial discretion, to dismiss an action when the plaintiff has perpetrated a fraud on the court,..." *Kornblum v. Schneider*, 609 So.2d 138 (Fla. App. 1992).

During the pendency of this action and in his own pleadings and motions, Plaintiff has omitted and/or falsified information in a minimum of three different pleadings filed with this Court in the last two months. This demonstrates a scheme calculated to interfere with this Court's ability to impartially adjudicate the case at hand by improperly influencing the Court. *See* Declaration. of Donna Gibson.

### III. ARGUMENT

Plaintiff has committed fraud upon this Court on at least five separate occasions, in three separate pleadings, having derived a scheme to deliberately providing this Court with false information in an ongoing attempt to deceive the Court and thus interfere with the Court's ability to impartially adjudicate this case.

A. <u>Attorneys' Fees</u>

On November 22, 2021, Defendant's counsel filed a motion to dismiss Plaintiff's case against Defendant Joe Delfgauw. Dkt 47. In that motion, Defendant's counsel argued that Plaintiff should not be awarded attorney fees as Plaintiff is not an attorney and attorney fees are not awarded to non-attorney pro se plaintiffs. Dkt. 47, 8:23-28. In response, Plaintiff quickly filed a Motion to Amend Original Complaint. Dkt 51 and attached a Proposed Amended Complaint, Dkt. 51-1. In Plaintiff's Proposed Amended Complaint, he states, "Plaintiff asks for other awards, examples being, but not limited to, court cost, attorney fees,

MOTION TO QUASH WARRANT
Page 3

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

pre-judgement interest, and post judgment interest. Barton has consulted with an attorney in this matter and is obligated to pay that attorney the just and proper rate as agreed to in the attorney engagement agreement". Dkt. 51-1 32:18-22. Plaintiff declares to the court that he has consulted with an attorney and that an attorney engagement agreement has been executed by which he is obligated to pay. Plaintiff then on December 3, 2021, filed an Amended Motion to Amend Original Complaint, Dkt. 56, and attached a Proposed Amended Complaint, Dkt. 56-1, in which he again states that he has executed an attorney engagement agreement. Dkt. 56-1 32:18-22. However, prior to Plaintiff filing these Motions and attached Purposed Amended Complaints, Plaintiff posted on Facebook,

> "Some folks might be surprised to learn that I have an attorney, but there are things not taught on You Tube and the like. I offered to pay her after my first consolation and she said no, no charge on the initial consolation. Today was my second consultation with her, and at the end again asked how much I owed her. No charge she said, "you are a very interesting individual" …"

See Facebook post attached as **Exhibit A to Declaration of Edward Winkler**. Plaintiff attempts to deliberately mislead the Court into believing that he has incurred attorney fee while bragging on social media that he has received free legal advice. Plaintiff deliberately filed false information, which goes directly to issue of damages.

Not only that, if he has, in fact, engaged an attorney, then said attorney should be appearing, rather than Mr. Barton appearing pro se.

B.   <u>Plaintiff Deliberately Provided False Information to Support His Motion</u>.

On December 15, 2021, Plaintiff filed a Motion to Take Judicial Notice of IP Address Geolocation Inaccuracy. Dkt. 64. In the motion, Plaintiff attempts to discredit Defendants' evidence by showing that fifteen different geolocation websites provide multiple

MOTION TO QUASH WARRANT
Page 4

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

locations, with some differing from the others and therefore, Plaintiff contends that such sites are inaccurate.

Plaintiff provides what he claims to be screen shots form each of the searches to support his augment. However, Plaintiff omits the actual search results for iplocation.net stating, "The actual report generated by iplocation.net is lengthy and not suitable for a screen shot" Dkt. 64 15:24. Defendants have attached screen shots of the actual report generated by iplocation.net as **Exhibit B to Declaration of Edward Winkler.** Instead of the actual report generated by iplocation.net, Plaintiff has provided the court with what he claims to be the search results from iplocation.net, Dkt. 64 15: 4-8. As is evident, the GPS coordinates, which Plaintiff claims to be the search results from iplocation.net are not the same as those listed on the actual report.

In his motion, Plaintiff created a table with which he hopes to persuade the Court. Dkt. 64 20:5-15. Next to the entry for iplocation.net, Plaintiff has placed the word, "Complicated" and footnote 13. Footnote 13 states, "Results varied from a residence 3 miles from Barton to the Vancouver mayor's office to a prison complex 489 miles from Barton". Plaintiff's statements regarding the Vancouver Mayor's office and the prison complex 489 miles from him, are both false.

Plaintiff attempts to demonstrate the inaccuracies of the geolocation websites to the Court by providing exaggerated and false information with the hope that such false information will influence the court decision making. Although Plaintiff definitively states that GPS coordinates, 38.55243, -121.32941, are present in the search results from iplocation.net, and that these coordinates show that the IP address is associated with a prison complex 489 miles from him, in reality, the actual report generated by iplocation.net, and

MOTION TO QUASH WARRANT
Page 5

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

attached as **Exhibit B to Declaration of Edward Winkler**, prove this statement to be false. This is yet another attempt by Plaintiff to obstruct and improperly influence the court.

Plaintiff's statement that the results of the iplocation.net report show that the IP address can be traced to the office of the Mayor of Vancouver, is yet another example of Plaintiff's attempts to commit fraud on the Court. The office of the mayor of Vancouver, Washington, is located at 415 W 6th Street, Vancouver, WA 98660. *See* **Declaration of Edward Winkler, Exhibit C**. As Exhibit C demonstrates, none of the GPS coordinates provided by Plaintiff match those of the office of the Mayor of Vancouver, Washinton.  If Plaintiff could convince the Court that the IP address could be shown to be off by over 400 miles or associated with a location as recognizable as the office of the Mayor of Vancouver, the Court would certainly have to take notice of such discrepancies; or at least that is what Plaintiff hopes for.

    C.  <u>Plaintiff Deliberately Manipulated Information to Influence the Courts Opinion of Defendant</u>

On December 22, 2021, Plaintiff filed his, "Motion to Take Judicial Notice of Defendant Joe Delfgauw's Fraud Conviction". Dkt 70. Plaintiff's entire purpose for introducing this irrelevant and unrelated information to the court is to influence and interfere with this Court's ability to impartially adjudicate this case by attempting to paint an unflattering image of Defendant. Plaintiff in his motion states, "Citimortgage lost $203,000 to the scheme and Delfguaw's plea subjected him to up to 21 months in prison". Dkt 70 2:19-20. Although the Plea Agreement states a range of 15 to 21 years and stated the full amount Citimortgage wrote off its books, it does not disclose the actual sentence imposed. Plaintiff, although aware of the actual sentence imposed, elected to state only the upper limits of the

MOTION TO QUASH WARRANT          Law Office of Donna Beasley Gibson PLLC
Page 6                                                       1204 Cleveland Avenue
                                                                                 Mount Vernon, WA  98273
                                                                                                 206-242-5529

plea agreement in an attempt to influence the Court's opinion, while burying the actual sentence imposed in the exhibits attached to the motion. Dkt 70-3. Facing up to 21 years in prison sounds bad and that is just how Plaintiff intended it to sound, even though Plaintiff knew that Defendant Delfgauw was sentenced to only "**One day**". Dkt 70-3 2: 2-3. Likewise, Plaintiff stated the loss as declared by the bank and listed in the plea agreement rather than the actual restitution ordered, which was **two and a half times lower than the amount** Plaintiff provided to the court.

In sum, Plaintiff intentional omission facts of Defendant's sentencing, by his disclosure of only the upper limits of the plea agreement is a deliberate attempt by Plaintiff to deceive and manipulate this Court. "The trial court has the inherent authority, in the exercise of its sound judicial discretion, to dismiss an action when the plaintiff has perpetrated a fraud on the court,..." *Kornblum v. Schneider*, 609 So.2d 138 (Fla. App. 1992).

The integrity of the civil litigation process depends on truthful disclosure of facts, which is why this kind of conduct must be discouraged in the strongest possible way. The incidences set forth in this motion and the exhibits attached, demonstrate a willful and deliberate scheme set into motion by the Plaintiff with the intent to interfere with this courts ability to impartially adjudicate the case at hand by improperly influencing the court. Plaintiff's repeated deliberate attempts to deceive this court must not be allowed to continue.

D. <u>Defendants Are Entitled to Attorneys' Fees from Plaintiff Should the Court Dismiss this Action.</u>

Plaintiff's fraud and misrepresentations to the court have impeded the flow of this litigation.  The moving Defendants have incurred thousands of dollars of attorneys' fees and this litigation is not even past the discovery phase.  See **Declaration of Edward Winker**.

MOTION TO QUASH WARRANT
Page 7

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529

## IV. CONCLUSION

WHEREFORE the Defendants respectfully request that this Court enter an Order granting this Motion and dismissal with prejudice for Fraud on the Court. Further, defendants request attorneys' fees for the defense against this fraud brought by Plaintiff.

DATED: January 23, 2022

        s/Donna Gibson
        Donna Gibson, WSBA #33583
        Law Office of Donna Beasley Gibson
        1204 Cleveland Ave
        Mount Vernon, WA  98273
        (206) 242-5529
        Fax:  (425) 332-7068
        donna@donnagibsonlaw.com

MOTION TO QUASH WARRANT
Page 8

Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, WA  98273
206-242-5529