UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHEN BARTON,

           Plaintiff,

   v.

JOE DELFGAUW, *et al.*,

           Defendants.

CASE NO. 3:21-cv-05610-JRC

ORDER DENYING DEFENDANTS' MOTION FOR INVOLUNTARY DISMISSAL

    This matter is before the Court on the parties' consent to proceed before a Magistrate Judge (Dkt. 38) and on defendants' motion for involuntary dismissal. Dkt. 103.

    Plaintiff, proceeding *pro se*, has brought this action based on alleged violations of the Telephone Consumer Protection Act and state law. Defendants have moved this Court to dismiss plaintiff's action because plaintiff filed several documents with the Court in an alleged attempt to deceive the Court and interfere with its ability to impartially adjudicate this case. Specifically, defendants allege that plaintiff misled the Court regarding his entitlement to attorney's fees in his amended complaint and that he provided false or manipulated information regarding his motions

for judicial notice. After reviewing the motion and relevant record, the Court concludes that plaintiff has not committed fraud on the Court to warrant dismissal.

## DISCUSSION

Courts have the inherent power to dismiss an action if a party "has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). However, dismissal for fraud on the court is limited to "extreme circumstances" such as when an infraction interferes with the Court's ultimate decision. *Id.* at 589, 591.

Defendants first argue that plaintiff has "deliberately misled the Court into believing he has incurred attorney fee[s]." Dkt. 103 at 4. They base this conclusion on plaintiff's amended complaint, which states in the damages section that plaintiff "consulted with an attorney in this matter and is obligated to pay that attorney the just and proper rate as agreed to in the attorney engagement agreement." Dkt. 83 at 20. According to defendants, plaintiff has not incurred such an obligation and point to a social media post by plaintiff in which he claims an attorney did not charge him for a consultation. *See* Dkt. 103 at 4. However, the Court does not find that plaintiff's representations constitute fraud on the Court. Notably, plaintiff has not moved for attorney's fees in this action. And even if plaintiff believes he is entitled to attorney's fees for some reason, no attorney has appeared on his behalf, and *pro se* plaintiffs are not entitled to attorney's fees. *See Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007). As such, the Court has not been misled in this regard.

Defendants also argue that plaintiff has committed fraud on the Court when he filed motions for judicial notice containing false or manipulated information. Dkt. 103 at 5–7. Plaintiff previously filed two motions for judicial notice requesting the Court to take judicial notice of

"the fact that IP address geolocation is inherently inaccurate," and that defendant Delfgauw "pleaded guilty to Financial Institution Fraud." Dkts. 64, 70. However, the Court denied plaintiff's motions because they were standalone motions for judicial notice that did not help the Court decide a pending motion. *See* Dkt. 98 at 2. As such, the Court did not—and does not—take judicial notice of the contents of plaintiff's motions. Therefore, they did not interfere with the Court's ultimate decision. *See Wyle*, 709 F.2d at 589–591. Furthermore, the conduct defendants complain about related to those motions appears to be attributed to lay interpretation of technical matters regarding IP addresses or cherry-picking information regarding defendant Delfgauw's plea agreement, which does not rise to the "extreme" level required to dismiss an action. *Wyle*, 709 F.2d at 589.

## CONCLUSION

Based on the foregoing, defendants' motion for involuntary dismissal (Dkt. 103) is denied.

Dated this 14th day of March, 2022.

J. Richard Creatura
Chief United States Magistrate Judge