Honorable J Richard Creatura

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHEN BARTON,<br><br>Plaintiff<br>v.<br><br>JOE DELFGAUW,  XANADU MARKETING INC., EXPERIAN INFORMATION SOLUTIONS INC., STARTER HOME INVESTING INC, &<br><br>JOHN DOE 1-10<br><br>Defendant(s). | CASE NO. **3:21-cv-05610-JRC**<br><br>BARTON'S REPLY TO DEFENDANTS' RESPONSE TO MOTION TO TAKE JUDICIAL NOTICE THAT IP ADDRESS 8.8.8.8 IS GOOGLE'S PUBLIC DNS SERVER<br><br>NOTE ON MOTION CALENDAR:<br>April 1, 2022 |

PLEASE TAKE NOTICE that Plaintiff Nathen Barton (hereinafter referred to as "Barton") files this Reply to Joe Delfgauw, Xanadu Marketing Inc., and Starter Home Investing Inc.'s (collectively "The Defendants") Response to Barton's Motion for Judicial Notice that IP address 8.8.8.8 is Google LLC's public DNS server.

Rule 201 states that a court "must take judicial notice" once it is "supplied with the necessary information," and there is no exception for online information[1].

Courts are taking judicial notice of information contained on nongovernmental websites. Courts take judicial notice of medical information published on sites like the MayoClinic website[2], stock prices reflected in Yahoo! Finance[3], facts contained in news reports found on websites of CNN, BBC, and Yahoo![4], and information contained in online flight schedules[5]. In a trademark suit, a court took judicial notice of the fame and notoriety of "The Terrible Towel"—a symbol of the Pittsburgh Steelers football team[6]. The court relied on the "Wikipedia Free Internet Encyclopedia" for this finding, which noted that the towel "has been taken to the peak of Mount Everest and into space on the International Space Station and that 'it is clearly the most famous sports rally towel in use.'" To rebut a Congressman's claim that a recently enacted law was damaging his standing among his constituents, a court relied on a political almanac available

---

[1] FED. R. EVID. 201(c)(2)

[2] Pérez v. Saint John's Sch., 814 F. Supp. 2d 102, 111 n.7 (D.P.R. 2011)

[3] Grimes v. Navigant Consulting, Inc., 185 F. Supp. 2d 906, 913 (N.D. Ill. 2002)

[4] *Chhetry v. U.S. Dep't of Justice*, 490 F.3d 196, 199–200 (2d Cir. 2007) (citation omitted) (stating, in an immigration appeal, that the Board of Immigration Appeals (BIA) could take judicial notice of "changed country conditions based on news articles found on yahoo.com, or the websites of CNN and BBC News," and indicating that the BIA, like the Second Circuit itself, could "exercise independent discretion to take judicial notice of . . . changes in a country's politics" because the articles accessed on the Internet came "from reputable news organizations"); see also *Ceglia v. Zuckerberg*, No. 10-CV-00569A(F), 2012 WL 503810, at *11 & n.10 (W.D.N.Y. Feb. 14, 2012) (taking judicial notice of worth of Facebook via article available on Wall Street Journal's internet site).

[5] *United States v. Allick*, No. 2011-020, 2012 WL 32630, at *4 n.7 (D.V.I. Jan. 5, 2012) (taking judicial notice of airline flights between Puerto Rico and St. Croix reflected on "www.flightstats.com" to refute defendant's claim that flights between the two locations were uncommon).

[6] *AVS Found. v. Eugene Berry Enter.*, No. 11 CV 01084, 2011 WL 6056903, at *6 (W.D. Pa. Dec. 6, 2011)

online to take judicial notice of the high percentage of the vote the candidate won in a recent election[7].

Refusing to take judicial notice of internet sources is grounds for reversal. In *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007), the Tenth Circuit reversed a district court's ruling with respect to damages because "the district court abused its discretion by failing to take judicial notice of the actual earnings history provided by Northrop Grumman on the [I]nternet."

The Plaintiff has painstakingly laid out a strong case that IP address 8.8.8.8 is the IP address of Google's public DNS service and the Defendants did not rebut a single portion of Plaintiff's motion.

_____s/ Nathen Barton_____          ____3/28/2022_____
        (signed)                                    (Dated)


Nathen Barton
(718) 710 5784
4618 NW 11th Cir
Camas WA 98607


CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court using the Electronic Filing (CM/ECF) system, which will send notification of such filing to all counsel of record and all pro se parties registered to use the CM/ECF system.

---

[7] Schaffer v. Clinton, 240 F.3d 878, 885 n.8 (10th Cir. 2001)

1

2      _____s/ Nathen Barton_____                    _____3/28/2022_____
            Nathen Barton                                    (Dated)
3