UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHEN BARTON,

        Plaintiff,

v.

JOE DELFGAUW, *et al.*,

        Defendants.

CASE NO. 3:21-cv-05610-JRC

ORDER GRANTING DEFENDANTS' MOTION

This matter is before the Court on the parties' consent. Pending before the Court is plaintiff's motion for summary judgment (Dkt. 122) and defendants' "motion to continue or strike motion for summary judgment." Dkt. 139.

**BACKGROUND**

Plaintiff, proceeding *pro se*, brought this action based on alleged violations of the Telephone Consumer Protection Act and state law. *See* Dkt. 83. Defendants filed a counterclaim alleging that plaintiff consented to be contacted using a different name so that he may bring a federal lawsuit. *See* Dkt. 39 at 10–13. On March 14, 2022, plaintiff filed a motion for summary

judgment in which he appears to be challenging defendants' ability to prove plaintiff consented to be contacted. Dkt. 122. On April 1, 2022, defendants filed a "motion to continue or strike motion for summary judgment," which appears to be a motion for relief under Federal Rule of Civil Procedure 56(d), because of outstanding discovery responses. *See* Dkt. 139 at 2. Plaintiff opposes the motion and argues that he responded to defendants' discovery requests on the same day defendants filed their motion. Dkt. 141 at 3–5. There are currently three discovery-related motions pending before the Court. *See* Dkts. 109, 136, 149. The deadline to complete discovery is set for June 22, 2022, and the dispositive motion deadline is set for July 22, 2022. Dkt. 124.

## DISCUSSION

### I.     Legal Standard

Under Federal Rule of Civil Procedure 56(d), a nonmovant may avoid summary judgment "when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). To do so, the party must set forth in an affidavit or declaration: (1) "specific facts it hopes to elicit from further discovery," (2) that "the facts sought exist," and (3) that "the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). "Failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment." *Id.* (internal quotation marks omitted). However, Rule 56(d) relief is generously granted where a summary judgment motion is filed "before a party has had any realistic opportunity to pursue discovery relating to its theory of the case." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Rsrv.*, 323 F.3d 767, 773–74 (9th Cir. 2003). Unless the nonmovant has failed to diligently pursue

discovery, such relief "should be granted 'almost as a matter of course.'" *Id.* (quoting *Wichita Falls Office Ass'n v. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992)).

Here, defendants appear to be diligently pursuing discovery. Defendants' attorney submitted a declaration indicating that summary judgment "is not yet ripe as there are outstanding discovery responses from both sides." Dkt. 140 at 2. Indeed, it appears that the parties are in the middle of exchanging discovery and there are currently three discovery-related motions pending before the Court. *See* Dkts. 109, 136, 149. Further, the deadline for discovery in this action is set for June 22, 2022, which is based on the parties' joint status report from November 4, 2021. *See* Dkts. 37 at 5, 124 at 2. These circumstances call for Rule 56(d) relief.

In his opposition, plaintiff claims he responded to defendants' discovery requests on March 30, 2022. *See* Dkt. 141 at 3. It is unclear if defendants received these responses before they filed their motion. However, even if they did, plaintiff provided those responses two weeks after he filed his motion for summary judgment and two days before defendants' opposition brief was due. It is also not evident whether defendants were satisfied with plaintiff's responses or whether they intended to meet and confer.

The Court notes that defendants' motion does specify which facts they seek to oppose plaintiff's motion for summary judgment. However, the Ninth Circuit has held that when a party is seeking discovery, they "cannot be expected to frame [their] motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." *Burlington N.*, 323 F.3d at 774. At this point in the litigation, it is reasonable that defendants are seeking discovery regarding plaintiff's consent to be contacted, which is at the core of plaintiff's motion for summary judgment.

1    Finally, although the Court is liberally construing defendants' motion this time, going

2 forward, defendants must cite proper authority for their motions. They did not do so here.

### CONCLUSION

4    The Court grants defendants' motion, which is construed as a motion for Rule 56(d)

5 relief. Dkt. 139. Accordingly, the Court will strike plaintiff's motion for summary judgment and

6 the corresponding motions for judicial notice with leave to re-file after the close of discovery.

7 Dkts. 109, 115, 117, 119, 121, 122. Defendants must also file any motions for summary

8 judgment after the close of discovery.

9    Dated this 12th day of April, 2022.

J. Richard Creatura
Chief United States Magistrate Judge