Honorable J Richard Creatura

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

NATHEN BARTON,

Plaintiff

v.

JOE DELFGAUW, XANADU MARKETING INC., EXPERIAN INFORMATION SOLUTIONS INC., STARTER HOME INVESTING INC, & JOHN DOE 1-10

Defendant(s).

CASE NO. **3:21-cv-05610-JRC**

MOTION FOR TERMINATING SANCTIONS

NOTE ON MOTION CALENDAR: APRIL 29, 2022

ORAL ARGUMENT REQUESTED

PLEASE TAKE NOTICE that Plaintiff Nathen Barton (hereinafter referred to as "Plaintiff") moves the Court to for sanctions terminating this action in Plaintiff's favor.

## I. INTRODUCTION

At the heart of this case is consent – Did the Defendants telemarket Barton without consent or invitation, *or* did Barton fraudulently "opt in" with the hope that the Defendants would telemarket Barton and Barton could sue them.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

Barton has testified that he did not give consent, express or otherwise, to the Defendants to phone solicit him. The Defendants produced an IP address and a document claiming that IP address was geolocated nearby Plaintiff's house.

Defendant Joe Delfgauw ("Delfgauw"), individual defendant and president of defendant Xanadu Marketing Inc. ("Xanadu") and president of Starter Home Investing Inc. ("Starter Home") has admitted to fabricating the document they represented proved that it was more likely than not that Plaintiff "opted in" and caused them harm.

On October 29, 2021 Plaintiff made the following document request to Defendant Xanadu.

**PRODUCTION REQUEST NO. 12:** Produce all documents that support your allegation that "plaintiff or plaintiff's assignee used fraud, deceit or misrepresentation to invite the contact" (Dkt. 20, page 10, lines 10-11).

**RESPONSE:**

Xanadu responded to that request on November 16, 2021.

**PRODUCTION REQUEST NO. 12:** Produce all documents that support your allegation that "plaintiff or plaintiff's assignee used fraud, deceit or misrepresentation to invite the contact" (Dkt. 20, page 10, lines 10-11).

**RESPONSE:**

Attached are documents showing that plaintiff, who by his own admission, was the sole owner of the phone number at the time of opt-in ed and that location from where opt-in took place.

They attached documents to their response. Exhibit A attached to this Motion shows their complete response to Plaintiff's request for documents.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

Xanadu corporate attorney Edward Winkler attested to the truth of their response (page 9 of Exhibit A).

Answers dated November 16, 2021, I Edward Winkler, declare I am the Corporate Attorney for Xanadu Marketing and I am authorized to act on its behalf. I have reviewed these responses and verify that they are true and correct to the best of my knowledge.

Edward Winkler

Pages 14 and 17 show the fabricated document, also shown in Figure 1 on the next page.

On March 15, 2021, Plaintiff drew Opposing Counsel's attention to some of the issues with the document in Figure 1 and asked Opposing Counsel where the document in Figure 1 came from.

*Plaintiff shows Opposing Counsel some of the issues with Figure 1 and asks where it came from.*

**Barton v Delfgauw - new discovery requests 3.14.2022**

**Nathen Barton** <farmersbranch2014@gmail.com> Tue, Mar 15, 2022 at 7:12 AM
To: DONNA GIBSON <donna@donnagibsonlaw.com>

I will give you an example. That that "document" in the image above, and draw a straight line across this bottom line:

| IP Address | Country | Region | City |
|---|---|---|---|
| Comcast Cable Communications LLC | Not Available | 45.5871 | -122.3995 |

Now take that line and just move it (don't change the angle of the line) to the top of the document:

WEB TOOLS BLOG FORUMS

MY IP HIDE IP CHANGE IP API VPN PROXY DDOS

PASSWORD

Where is Geolocation of an IP Address?

It doesn't fit.

Do you have an explanation for where this document came from? Is there a website I can generate this document as it was turned over to me?

BTW I see you put your client in on the conversation. You ordered me to have no contact with them, and I respected that. Please respect it now.

Nathen

[Quoted text hidden]

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

*Figure 1 – the fabricated document*

Signup Login Search

WEB TOOLS BLOG FORUMS

MY IP HIDE IP CHANGE IP API VPN PROXY DDOS PASSWORD

Where is Geolocation of an IP Address?

Geolocation for IP **71.238.123.34**

**Hide IP with VPN**

IP Location Finder

IPv4, IPv6 or Domain Name IP Lookup

Here are the results from a few Geolocation providers. Is the data shown below not accurate enough? Please read geolocation accuracy info to learn why.

Do you have a problem with IP location lookup? Report a problem.

Geolocation data from IP2Location (Product: DB6, updated on 2021-10-1)

| IP Address | Country | Region | City |
|---|---|---|---|
| 71.238.123.34 | United States of America | Washington | Camas |

| ISP | Organization | Latitude | Longitude |
|---|---|---|---|

| IP Address | Country | Region | City |
|---|---|---|---|
| Comcast Cable Communications LLC | Not Available | 45.5871 | -122.3995 |

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

On March 21, 2021, Opposing Counsel responded that "My client's response is "I pulled it off the website. I went to the website and hit print"

*Opposing Counsel responds to Plaintiff's email.*

Gmail N B <farmersbranch2014@gmail.com>

**Barton v Delfgauw - new discovery requests 3.14.2022**

**DONNA GIBSON** <donna@donnagibsonlaw.com> Mon, Mar 21, 2022 at 4:54 PM
To: Nathen Barton <farmersbranch2014@gmail.com>

My client's response is "I pulled it off the website. I went to the website and hit print."

I am almost back from Olympia and can send you the responses that are at issue when I return
[Quoted text hidden]
--
Donna Gibson
Law Office of Donna Beasley Gibson

206-242-5529 phone
425-332-7068 fax

On March 14, 2022, Plaintiff asked Defendant Joe Delfgauw about the source of the document in Figure 1.

**INTERROGATORY NO. 13:** You have turned over the following document (inside the blue border). Where did this document come from. List the exact source, including the exact URL if it came from a website. Or name and address if it came from an entity.

Delfgauw responded on April 14, 2022:

RESPONSE TO INTERROGATORY 13:

https://www.iplocation.net/ip-lookup

This is exactly as Plaintiff said in Dkt. 151, 3:1.

Plaintiff asked Delfgauw how to obtain this report.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

**INTERROGATORY NO. 15:** You have turned over the following document (inside the blue border). List every step, from start to finish, of how to obtain this exact report. It is understood that the date on the DB6 product may change with the date the report is generated.

Delfgauw answered:

RESPONSE TO INTERROGATORY 15:

Step 1. went to https://www.iplocation.net/ip-lookup
Step 2. typed in IP Address
Step 3. clicked on "print"

Following these steps generates a report similar to the five page report in the attached Exhibit B. Exhibit B shows 8 different GPS coordinates for this IP address that Plaintiff demonstrated that this report changes over time. Dkt. 107 pages 3-9.

For example, when Opposing Counsel submitted a copy of this report to this Court, one of the locations for the IP address in question was located in New Jersey. (Dkt. 104-2, Page 4 bottom of the page).

Report 1 has a number of elements missing from Exhibit B

a) It is missing the other 7 GPS coordinates

b) It is missing page numbers and header/footer information

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

*Exhibit B header information*

| 4/14/22, 2:01 PM | IP Location Finder - Geolocation |
|---|---|

*Exhibit B footer information including page numbers*

| https://www.iplocation.net/ip-lookup | 1/5 |
|---|---|

c) It is missing all the other "stuff" that goes with printing webpages which Exhibit B contains and Figure 1 does not.

d) Exhibit B does not print with ads. This is relevant in Delfgauw's next answer.

Plaintiff asked Delfgauw to list every change, if any between how Delfgauw received the original document and how Delfgauw delivered it to Plaintiff:

> **INTERROGATORY NO. 14:** You have turned over the following document (inside the blue border). If this document is not exactly as you received it, list every change made between how you received it, and how you delivered it to Plaintiff.

## II. DELFGAUW ADMITS TO ALTERING FIGURE 1

Delfgauw gave a troubling answer.

a) He admitted to altering the document. Plaintiff did not request altered documents. Exhibit B does not print with advertisements. No advertisements needed removal.

b) He admits that there is a "full report", therefor admitting that Figure 1 is not the "full report"

c) He justifies his actions by saying that they later provided the full report as part of Dkt. 104 (which they filed on 1/29/2022 – 74 days after they turned over the fabricated Figure 1 to Plaintiff.

The document they turned over in Dkt. 104 showed the IP location could be in New Jersey, thousands of miles away from Plaintiff. Clearly Figure 1, showing just a single GPS coordinate a few miles from Plaintiff's house is much more suggestive of guilt then Dkt. 104 which showed the IP location could be in New Jersey, thousands of miles away from Plaintiff.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607



RESPONSE TO INTERROGATORY 14:

The following irrelevant advertisement was removed, so as to provide only the requested information. All factual information appears as shown at https://www.iplocation.net/ip-lookup.

Furthermore, Plaintiff received the full report containing the same factual information as Exhibit B to Defendants Motion for Fraud on the Court, Dkts 104. Therefore, Plaintiff is fully aware that all factual information contained in this document is consistent and unaltered.

Edward Winkler
Corporate Counsel

**Delfgauw fabricated Figure 1 to make his case look better**

Why did Delfguaw remove most of the pages from Exhibit B to create Figure 1, and then turn Figure 1 over as 'evidence'?

Plaintiff showed that Exhibit B changes over time and contains 8 sets of GPS coordinates. Dkt. 107 pages 3-9.

When Delfguaw was required to turn over documents during discovery, he must found that the other 7 GPS coordinates tended to exonerate Plaintiff, so he sliced and diced Exhibit B to create a 1-page document with the one GPS coordinate he liked. We can't know what the other 7 GPS coordinates that he saw are, but we can infer that they did not help his legal position because he deleted them.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

*He had to delete the header and footer metadata because otherwise it would be easy for someone to learn his version of the genuine document was fraudulent, such as through the page numbers and the website the document was created at.*

**Joe Delfgauw testified to the authenticity of Figure 1.**

Plaintiff asked Defgauw in Interrogatory No. 5 to present all documents . . . that identified Plaintiff as the person who opted in.

**INTERROGATORIES**

**INTERROGATORY NO. 5:** For each such "opt-in" that you allege Barton committed and for which you suffered injury, please present all documents, facts, or information that identified PLAINTIFF as the person who opted in.

**ANSWER:**

Such documents have been previously provided.

Delfgauw answered that "Such documents have been previously provided, testifying to the accuracy of the document in Figure 1.

I Joe Delfgauw, declare that I have reviewed these responses and verify that they are true and correct to the best of my knowledge at this time. January 3, 2022.

Joe Delfgauw

Delfgauw and Edward Winkler testified to the accuracy of Figure 1.

**The only evidence Delfgauw has against Plaintiff is a document Delfgauw created**

Delfgauw's entire case against Plaintiff is this spreadsheet of alleged "opt ins" and IP addresses. Delfgauw himself is the source of this document.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

*Spreadsheet 1 - This spreadsheet and Delfgauw's testimony as to its genuineness is the only evidence in his entire counterclaim*

| id | campaign_id | first | last | phone | email | ip | datetime |
|---|---|---|---|---|---|---|---|
| 358819495 | 3824 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | 71.238.123.34 | 4/1/2021 14:04 |
| 361284364 | 13690 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | 71.238.123.34 | 4/9/2021 18:29 |
| 362407183 | 12130 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | 8.8.8.8 | 4/13/2021 17:58 |
| 362407192 | 12130 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | | 4/13/2021 17:58 |
| 367588483 | 12130 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | 8.8.8.8 | 4/30/2021 15:50 |
| 367588486 | 12130 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | | 4/30/2021 15:50 |

Given that Delfgauw was convicted of Fraud and admitted to fabricating false documents in that case, and he has admitted to fabricating a document in this case, this Court simply cannot trust that Delfgauw did not fabricate Spreadsheet 1.

> Delfgauw admitted that as part of the scheme he did the following:
>
> a. Delfgauw recruited WL to be the buyer of a property located at 2458 Elliot, Lincoln Park, Michigan.
>
> b. Delfgauw, with intent to defraud and without the knowledge of the mortgage lender Citimortgage, promised WL that although the property would be purchased in her name, she would not have to make the mortgage payments or fund the down payment.
>
> c. Delfgauw, with intent to defraud, arranged for his company to provide false proof of employment for WL, which was provided to the mortgage lender the intent to influence its decision to approve the loan.
>
> d. Also with intent to defraud, Delfgauw paid WL $3,000 after the closing once the property was purchased in her name.

Without Spreadsheet 1, there is no evidence at all that Plaintiff "opted in" and committed fraud.

## III. THIS COURT SHOULD DISMISS THE COUNTERCLAIM WITH PREJUDICE

Federal courts have repeatedly found that terminating sanctions are appropriate when a party commits the cardinal sin of fabrication since "fabricating evidence has been referred to as

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

the most egregious misconduct which justifies a finding of fraud upon the Court." *Kenno v. Colorado's Governor's Off. of Info. Tech.*[1], 2021 WL 2682619, at *19 (D. Colo. June 30, 2021).

Indeed, the highly analogous Garcia case in which terminating sanctions against a document manufacturing plaintiff were affirmed by the Tenth Circuit made clear that: "Without doubt, fabricating evidence and willfully providing false answers during discovery are abusive litigation practices which justify the sanction of dismissal with prejudice." *Garcia v. Berkshire Life Ins. Co. of Am.* [2], No. 04-CV-01619-LTB-BNB, 2007 WL 6757307 (D. Colo. Nov. 29, 2007).[1]

The Ninth Circuit has identified five factors that a court must consider before dismissing an action as a sanction:

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket;
(3) the risk of prejudice to the other party;
(4) the public policy favoring disposition of cases on their merits; and
(5) the availability of less drastic sanctions.

**Factors 1 & 2**

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Pagtalunan v. Galaza*[3], 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*[4], 191 F.3d 983, 990 (9th Cir. 1999)). Likewise, since addressing the fabricated evidence, Plaintiff presented "has consumed some of the court's time that could have been devoted to other cases on the docket[,]" the second factor, the Court's need to manage its docket, "also weighs in favor of dismissal." *Pagtalunan*, 291 F.3d at 642.

[1] https://casetext.com/case/kenno-v-colorados-governors-office-of-info-tech

[2] https://casetext.com/case/garcia-v-berkshire-life-insurance-company-of-america-29?p=1&resultsNav=false

[3] https://casetext.com/case/pagtalunan-v-galaza

[4] https://casetext.com/case/yourish-v-california-amplifier

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

**Factor 3- Prejudice to the Other Party**

Multiple courts have found that the fabrication of evidence necessarily creates prejudice towards the other party. Notably, the Garcia court held that:

> "The actual prejudice to the defendants is overwhelming. They have been required to defend a lawsuit based on false evidence. Nothing can be relied on as authentic—from the plaintiff's expert reports; to evidence offered in support of her interrogatory answers; to the evidence offered to the court. The defendants have been put to enormous additional effort and expense to ferret out the plaintiff's lies and to double check every piece of information and evidence. I have absolutely no confidence that the plaintiff would not attempt to offer additional false evidence at a trial. The risk that this court might issue judgment against the defendants based on the plaintiff's fabrications and lies is simply too great to allow the case to proceed…. Permitting this lawsuit to proceed would be an open invitation to abuse the judicial process. Litigants would infer they have everything to gain, and nothing to lose, if manufactured evidence merely is excluded while their lawsuit continues. Litigants must know that the courts are not open to persons who would seek justice by fraudulent means."

*Garcia v. Berkshire Life Ins. Co. of Am.*[5], 2007 WL 6757307, at *9 (D. Colo. Nov. 29, 2007), aff'd in part and remanded, 569 F.3d 1174 (10th Cir. 2009). See also *Pope v. Federal Exp. Corp.*[6], 138 F.R.D. 675, 683 (W.D. Mo. 1990).

**Factor 4 – Disposition on the Merits**

On the other hand, "[t]he fourth factor, resolution of cases on their merits, always weighs against dismissal." *Dreith v. Nu Image, Inc.*[7], 648 F.3d 779, 788 (9th Cir. 2011). Overall, the factors weight clearly in favor of the sanction of dismissal.

**Factor 5 – A Less Drastic Sanction**

While less severe sanctions theoretically exist, anything less than terminating sanctions, in light of a party's willful fabrication of evidence and perjury, is woefully inadequate.

---

[5] https://casetext.com/case/garcia-v-berkshire-life-insurance-company-of-america-29?p=1&resultsNav=false

[6] https://casetext.com/case/pope-v-federal-exp-corp-4

[7] https://cdn.ca9.uscourts.gov/datastore/opinions/2011/07/19/10-55172.pdf

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

"[D]ismissal is the only sanction that adequately redresses the severity of Plaintiff's misrepresentations to this Court" of filing a false and fraudulently procured declaration. Am. *Rena Int'l Corp. v. Sis-Joyce Int'l Co.*, 2015 WL 12732433, at *26 (C.D. Cal. Dec. 14, 2015)

The Ninth Circuit has explained similarly that: "There is no point to a lawsuit, if it merely applies law to lies. True facts must be the foundation for any just result." *Valley Engineers Inc. v. Elec. Eng'g Co.*[8], 158 F.3d 1051, 1058 (9th Cir. 1998).

After quoting *Valley Engineers*, the court in *Newman v. Brandon*[9], 2012 WL 4933478, at *4 (E.D. Cal. Oct. 16, 2012) addressing the severity of terminating sanctions commented that:

> Perjury is much more than simply a 'gotcha,' harmful in effect only for the reason that one got caught. Litigation is not a game in which perjury warrants a five yard penalty for a minor untruth, fifteen yards if the perjury was really serious. … If one can be punished for perjury with up to five years imprisonment, 18 U.S.C. § 1621, it should not seem out of place that a civil action might be dismissed for the same conduct.

Anything less than dismissal is inadequate as there is no reason to believe that a document fabricator to be credible or acting in good faith in any proceedings if the action were to proceed. As the *Esposito* court explains, under these circumstances there is "no confidence that plaintiff will not continue to engage in misconduct," or what "testimony that plaintiff would offer before a jury," given "[his] unrelenting, outrageous conduct thoroughly undermines [his] credibility." Thus, dismissal is the only remedy. *Esposito v. Suffolk Cty. Cmty. Coll.*[10], 517 F. Supp. 3d 126, 129 (E.D.N.Y. 2021).

---

8 https://casetext.com/case/valley-engineers-inc-v-electric-eng-co

9 https://casetext.com/case/newman-v-brandon-4

10 https://casetext.com/case/esposito-v-suffolk-cnty-cmty-coll-2

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

## IV. CONCLUSION

There is scant evidence to support the Defendants' counterclaim. There is really just "Spreadsheet 1" of alleged "opt in" information, including two IP addresses and when Plaintiff asked who can swear to the accuracy of Spreadsheet 1, Defendants said:

> **INTERROGATORY NO. 16:**
>
> You turned over the following document. Give the name and address of every person who can swear under penalty of perjury that no piece of data in this document has been doctored.

Their answer was Delfgauw and Edward Winkler, both of whom testified that Figure 1 was true and correct. Delfgauw is a convicted fraudster who admitted to fabricating documents in his plea agreement. Dkt. 115. If they turned over a fabricated Figure 1, this Court cannot trust their Spreadsheet 1. If Spreadsheet 1 is untrustworthy, they have no evidence outside of themselves.

> RESPONSE TO INTERROGATORY 16:
> Edward Winkler – Mail can be sent to 956 3 Mile Road N.W., Grand Rapids MI 49544
>
> Joe Delfgauw – Mail can be sent to 956 3 Mile Road N.W., Grand Rapids MI 49544

This Court should follow the example of other Courts and dismiss their counterclaim with prejudice. With their counterclaim dismissed, they should be held in default on Plaintiff's claims with further proceedings only to determine the amount of damages.

s/ Nathen Barton (signed) 4/14/2022 (Dated)

Nathen Barton
(718) 710 5784

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

4618 NW 11th Cir
Camas WA 98607

CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court using the Electronic Filing (CM/ECF) system, which will send notification of such filing to all counsel of record and all pro se parties registered to use the CM/ECF system.

_______s/ Nathen Barton______ ______4/14/2022_______
Nathen Barton (Dated)

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607