Honorable J Richard Creatura

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

NATHEN BARTON,

Plaintiff

v.

JOE DELFGAUW,  XANADU
MARKETING INC., EXPERIAN
INFORMATION SOLUTIONS INC.,
STARTER HOME INVESTING INC, &
JOHN DOE 1-10

Defendant(s).

CASE NO. **3:21-cv-05610-JRC**

5.10.2022  JOINT STATUS REPORT

AS ORDERED IN DKT 157

SCHEDULED FOR HEARING:

MAY 17, 2022

## I.    MOVING PARTY'S INTRODUCTORY STATEMENT

Starting in April, 2021, Plaintiff recognized that his minor son's cell phone (that is registered in Plaintiff's name and Plaintiff pays for) was getting solicitation voice calls and solicitation text messages from a collection of senders who appeared to be connected in some way.  These phone calls were unsolicited and Plaintiff filed suit.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

Three defendants counter-sued alleging Plaintiff fraudulently "opted in" with the hope that the Defendants would telemarket Plaintiff and Plaintiff could sue them.

Plaintiffs believes the Defendants fabricated "opt ins" to justify the calls, or someone else, or something else, created the "opt ins".

The Defendants have very little evidence of anything, and no evidence that Plaintiff "opted in" and caused them harm.  With the case not going well for them, they have turned to obstructing the discovery process.

In this document, the Court will see that Plaintiff has asked for reasonable things relevant to the litigation – and has been met with objections.

Further, Plaintiff recommends Dkt. 136 be denied.  There are no outstanding interrogatory or document requests, the deadline for submitting further discovery requests has passed, and Dkt. 136 is moot.

## II.      RESPONDING PARTY'S STATEMENT

Barton convolutes this litigation to an extreme.   Not only that, he ignores the court's prior rulings and does what ever he pleases. TCPA addresses actual violations and damages a person received not violations or damages that could have or might have happened but did not. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.". The key word here is "***relevant.***".

Respondent's direct the court  to their motion to for a discovery order and the conference on that matter has not yet been held.   Defendants/Counterplaintiffs have done their best to meet the deadline for discovery responses, however, plaintiff continues to abuse the discovery process. In this case alone he has filed 181 Interrogatories, 634 Request for Admissions, and 170 Request for Production for a total of 985 discovery requests; this for only 3

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1    defendants. Joe Delfgauw alone has received 475 discovery requests.  Most of the discovery

2    requests have been irrelevant, asking for information regarding dates and phone numbers not

3    plead.   The majority of Barton's discovery requests have sought irrelevant information and

4    constitute a fishing expedition.  Further, he seeks work product which is not discoverable.

5

6          Further he times his petty or irrelevant squabbles about discovery to distract and waste

7    responding party's time so that they cannot respond to the real issues at hand. While the hearing

8    scheduled for May 17 has been pending, Mr. Barton sent counsel for

9    Defendants/Counterclaimants two separate LCR 37 draft documents, wherein he sets forth

10   disputes regarding discovery.  Counsel has filled in its portions for Mr. Barto and then noticed

11   that the document was filed, and noted for May 9, as an "expedited joint discovery request."

12   Defendants/Counterclaimants ask the court address these issues ass they pertain to discovery that

13   is outstanding, and refer the court to that document and its contents.  However Barton claims via

14   email that these matters are outside what is before the court.   If they are outside of what is

15   before the court, he should have waited until the court rules on these matters, and not wasted

16   counsel's time last week when this memo to the court was due.  This is another example of how

17   Barton likes to mis-direct and convolute what is at hand.

18          **D**OCKET No. 154 MOTION for Sanctions Terminating Case in Plaintiff's Favor,

     Respondents ask the Court to deny this motion.

19          DOCKET No. 136 MOTION for Order Setting Discovery Related Limits and A Plan for

20   Timing of Related Discovery

21          The issues in this motion continue to present problems.   The court has previously

22   ordered Barton to wait to receive responses prior to propounding more yet  Barton fails

23   repeatedly to wait before propounding more and the sheer volume of the discovery requests is

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1    tantamount to abuse of discovery.  He meekly claims he has only propounded 25 interrogatories

2    per party but if math is incorrect, the court can look at the sheer volume of questions as a whole

3    to see that this is excessive.  Further if the tables were turned and it were counsel propounding

4    this volume in the manner in which Barton has done, counsel would surely be sanctioned and

5    painted as a bully. .

6        DOCKET No. 149 MOTION to Compel Discovery Responses

7            To counsel's knowledge, all discovery received has been responded to at this point.

8    Barton may take issue with objections presented and may believe we not providing all

9    information, which is a different issue; but all discovery that is due has been answered.

10           DOCKET MOTION to Compel.   Counsel refers the court to Barton's section and

11    defendant/counterclaimants' responses.

12           Counsel has suggested to Barton that it would be far more efficient to take depositions.

13    He has finally acquiesced and noted them; however, they are on dates on which either counsel,

14    Mr. Winkler or Mr. Delfgauw have express unavailability and we have not come up with an

15    agreeable date as of this writing.

16                        **III.    MOVING PARTY'S REPLY**

17           OC offers hyperbole that is easy rebut with simple facts.  Plaintiff can offer three specific

18    examples of incorrect/misleading assertions in their response that demonstrate that OC's

19    perceptions are not directly in line with reality.

20        **Example 1**: OC wrote:

21        "Counsel has suggested to Barton that it would be far more efficient to take depositions.
         He has finally acquiesced and noted them; however, they are on dates on which either
22        counsel, Mr. Winkler or Mr. Delfgauw have express unavailability and we have not come
         up with an agreeable date as of this writing."

23

24

NATHEN BARTON
                                                          4618 NW 11TH CIR
                                                          CAMAS WA 98607

The depositions are set for May 18 and OC set that date:

OC:   "Mr Winkler and Mr Delfgauw are not available for depsiton on the 16th of May. Nor am I.  We could all be available on the 18th, assuming none of my three matters scheduled for trial on the 16th get courtrooms.   And please schedule after 8 PACIFIC Time."

P     "I need a firm date that work and do not depend on things out of our control.  Please suggest some by end of today."
      "How about May 15?"

OC    "Use the 18th   I will know by the 12th if I will be in trial.  That's the best I (or any other trial attorney) can do."

P     "There are many other days in May the 18th is the only date you might not be tied up?"

OC    "The 18th is a date that works for me, Mr Winkler and Mr Delfgauw"

OC picked May 18, and now OC claims Plaintiff picked an unworkable date that has not been agreed to.

**Example 2**:  Defendants allege Plaintiff submitted excessive discovery requests.  Plaintiff only checks their math on interrogatories – they claim Plaintiff submitted 181.  This is incorrect, Plaintiff has submitted 25 to each party as a plaintiff – and as a defendant – for a total of 150.

If Defendants are miscounting interrogatories, no doubt they are miscounting the others.

**Example 3:** OC writes "this (alleged excessive discovery) for only 3 defendants".  OC omits that the defendants are also counter-plaintiffs with a million dollar claim.  Dkt. 72, 2:6-12.

### IV.     DEFENDANT DELFGAUW DISPUTED DISCOVERY REQUESTS

### Delfgauw – Interrogatory No 9

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

**AMENDED INTERROGATORY NO. 9:** For each and every phone call or text message you have initiated to (360) 910-1019 between 9/20/2021 and 12/10/2021, please list the IP address or IP addresses associated with every 'opt in' that would enable you to initiate that phone call or text message.

**ANSWER:**

Defendant objects to Interrogatory No. 9, as irrelevent. Plaintiff does not allege that he received any calls or text messages during that time period

*Donna Gibson*

**Moving Party's Argument:**

Plaintiff has repeatedly pointed out to opposing counsel that FAC says

"Even after being personally served this lawsuit, Delfgauw did not prevent further solicitation calls to Barton.  For at least four months after Delfgauw was personally served this Lawsuit [September 7 2021], Defendants have placed or caused to be placed solicitation calls to Barton." *Id* at 3:7-10.  Emphasis added.

Opposing Counsel still objects to answering questions for this four-month time period after September 7, 2021.

**Responding Party's Statement:**

We have not refused to respond.  We have posed an objection.  We also draw the court's attention to the complaint.

### Delfgauw – Interrogatory No 10

**INTERROGATORY NO. 10:**

What is the earliest calendar date that you were aware that spambots were executing fake sign-ups with stolen, real information?  If you cannot specify an exact date, please answer as best you can and support your answer with all the details at your disposal.

**ANSWER:**

> 1   RESPONSE TO INTERROGATORY 10:
>
> 2   Defendant objects to Interrogatory No. 10 as irrelevant and not likely to lead to any
> 3   relevant admissible information. As previously stated in multiple other discovery requests
>     the product Validiform was not on the market at the time of the alleged communications.
> 4   *Donna Gibson*

**Moving Party's Argument:**

Delfgauw has an entire business (*validiform.com*) dedicated to selling other telemarketers a product advertised to prevent / document / defend against fake sign-ups done by spambots using stolen, real information.

As Delfgauw is advertising that spambots are out there using stolen, real information to 'opt in' on websites, at some point he himself had to of learned this was happening.

Plaintiff is asking when Delfgauw became aware of spambots using stolen, real information to 'opt in' on websites.

Given that this lawsuit completely hinges on who 'opted in', this question is very relevant. The objection is meritless, it does not ask about Validiform. Delfgauw's website *Validiform.com* simply shows that he is aware of this information now, and Plaintiff simply asks about when Delfgauw became aware of this information.

**Responding Party's Statement:**

Plaintiff desperately searches for a way to explain away his opt-in. If spambots are his defense, that is for him to prove. Defendant's knowledge of techniques used but scammers and professional TCPA litigants is irrelevant. Defendant does not know the exact date he first heard of scammers using spambots and even if he did it would have no relevance. Online marketing is directed at those consumers that seek products and services, but unfortunately, they sometimes fall victim to the scammers and professional TCPA litigants.

**Moving Party's Reply:**

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1   The Defendants are alleging Plaintiff committed fraud and one of the elements they must

2   prove to succeed in this claim is #7) the injured party's reliance on its truth;

3   Plaintiff intends to show that the Defendants were well aware that spam bots were

4   "opting in" on websites using stolen information, and took no steps to verify the information they

5   were receiving potentially from spam bots.  And took no steps to prevent spam bots from "opting

6   in" on his website.

7   Plaintiff will use the information from this interrogatory to show the Defendants could

8   not reasonably rely on "opt in" information from their website.

9   **Delfgauw – Interrogatory No 11**

10  | 4 | On December 22, 2021, Barton saw the following statements on Validiform.com: |

11  | 5 | If someone does file a lawsuit against you, it doesn't look great that your proof is coming from your own in-house sources. Candidly, who's to say you didn't doctor the data before presenting it?" |

12  | 6 | |

13  | 7 | **INTERROGATORY NO. 11:** |

14  | 8 | Please list all facts or evidence that you didn't 'doctor' the documents you have turned over that |

15  | 9 | you claim support your allegation that Barton is the person who "opted in" and caused you |

16  | 10 | harm? |

17  | 11 | **ANSWER:** |

18  | 4 | RESPONSE TO INTERROGATORY 11: |

19  | 5 | |

20  | 6 | Defendant objects to Interrogatory No. 11 as ambiguous. Plaintiff does not define "doctor" and leaves Defendant to guess as to Plaintiff's meaning of that term. |

21  | 7 | |

22  **Moving Party's Argument:**

23

24

Delfgauw's website Validiform.com contains two sentences.  Plaintiff reminds Delfgauw of what his own website says, and then asks Delfgauw a question relevant to this lawsuit using Delfgauw's own words.

Delfgauw claims to not understand the word "doctored" that is used on his own website and in this context.

**Responding Party's Statement:**

Plaintif does not define what he means by the term "Doctored" leaving Defendant to speculate as to what Plaintiff is seeking. Defendant states that all information was taken directly from company database

**Moving Party's Reply:**

Delfgauw claims to not understand the word "doctored" that is used on his own website and in the context it was used on his own website.

### Delfgauw – Interrogatory No 12

> **INTERROGATORY NO. 12:**
>
> If you believe or have evidence that Barton "opted in" phone number (360) 910 1019 with any entity under your control after April 2021, list all known facts of every subsequent "opt in".
>
> **ANSWER:**

> RESPONSE TO INTERROGATORY 12:
>
> Such information has been previously provided to Plaintiff.

**Moving Party's Argument:**

At the heart of this case is consent – Did the Defendants telemarket Barton without consent or invitation, *or* did Barton fraudulently "opt in" with the hope that the Defendants would telemarket Barton and Barton could sue them.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

Plaintiff asks if Delfgauw or any entity under his control have any evidence Plaintiff "opted in" after April 2021.

Delfgauw will respond that such information has previously been provided, but Delfgauw has never provided evidence of "opt ins" after April 2021.

**Responding Party's Statement:**

Again, Plaintiff's lack of knowledge leads him down the path of irrelevant discovery. Plaintiff opted-in to online offers prior to receiving the alleged contact in April 2021. All such information has been provided to Plaintiff on multiple occasions. The question asked by Plaintiff raises the question of how much Plaintiff knows about the TCPA and prior consent given. The TCPA requires that consent be given prior to contact. Any consent given after contact had been made would have no relevance.

**Moving Party's Reply:**

Plaintiff is entitled to know if Defendants received further "opt ins" they believe Plaintiff is responsible for so that Plaintiff can investigate the origin of them.  Learning the facts of each and every "opt in" alleged to be Plaintiff's actions can lead to exculpatory information for Plaintiff.  If they have no evidence of post-April "opt ins" they can just say they do not have it.

<strong>Delfgauw – Interrogatory No 20</strong>

**INTERROGATORY NO. 20:**

For the screen shots in **INTERROGATORY NO. 16:**, **INTERROGATORY NO. 17:**, **INTERROGATORY NO. 18:**, there are websites listed.  If any of the screen shots of **INTERROGATORY NO. 16:**, **INTERROGATORY NO. 17:**, or **INTERROGATORY NO. 18:** show a website domain no entity under your control used during 2021, list the domains no entity under your control used.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

**RESPONSE TO INTERROGATORY NO. 20**

Interrogatory No. 20 cannot be answered. Interrogatory No. 20 requests that Defendant, "list the domains no entity under your control used". How is Defendant to list domains that are not under the control of Defendant? The correct response to Interrogatory No 20 would be, almost every domain appearing on the world wide web.

**Moving Party's Argument:**

Delfgauw misrepresents the question as "list the domains no entity under your control used" when the actual question asked is:

> _**If**_ any of the screen shots of INTERROGATORY NO. 16:, INTERROGATORY NO. 17:, or INTERROGATORY NO. 18: show a website domain no entity under your control used during 2021, list the domains no entity under your control used.

Delfgauw objects to a question Plaintiff didn't ask.

**Responding Party's Statement:**

Defendant stands by his response and objection.  Defendnant can only provide information that is under its custody and/or control.

### V.    COUNTER-PLAINTIFF DELFGAUW DISPUTED DISCOVERY REQUESTS

### Counter Plaintiff Delfgauw – Interrogatory No 8

**INTERROGATORY NO. 8:**       List the date and time of every test message or phone call you or an entity under your control initiated to (360) 910-1019 between July 9, 2020, and October 8, 2021.

**ANSWER:**       Counter defendant's  request is redundant. Plaintiff has already listed every phone call and text message received at phone number (360) 910-1019 in his complaint.  Therefore the information is more in the Counter defendant's possession, custody and control.

_Donna Gipson_

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

**Moving Party's Argument:**

Plaintiff's FAC alleges he received solicitation phone calls from Defendants from April 2021 through December 2021.  In discovery, Plaintiff need only demonstrate relevance. Information about calls Defendants placed to Plaintiff through December of 2021 also go to Plaintiff's demonstration that Defendants willfully and knowingly violated the TCPA.

Defendants may have placed additional phone calls to Plaintiff that Plaintiff has been unable on his own prove Defendants sent.

**Responding Party's Statement:**

Again.  Defendant stands behind its objection that the interrogatory is redundant.

## Counter Plaintiff Delfgauw – Interrogatory No 13

**INTERROGATORY NO. 13:**    For each such "opt-in" that you allege Barton committed and for which you suffered injury, please present all documents, facts, or information that it was not a form spammer or spam bot who opted in.

**ANSWER:**

Such information would normally be in the position of Plaintiff and offered as a defense to any counterclaim. Defendant has purposely not sought such information

**Moving Party's Argument:**

Defendant Delfgauw runs a business preventing fraudulent signups from spambots.  The answer is not responsive to the question.  Defendants allege to own the website that the alleged "opt in" occurred from.  Defendants could have evidence that a spam bot "opted in" with stolen information.

**Responding Party's Statement:**

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

Again, this information is best in possession of plaintiff – defendant cannot provide plaintiff with definitive information as to what plaintiff knows nor has defendant asked plaintiff for this information.

**Moving Party's Reply:**

How could Plaintiff have information located in Defendants business operations, computer servers, and equipment?

### Counter Plaintiff Delfgauw – Interrogatory No 14

> **INTERROGATORY NO. 14:**      For each such "opt-in" that you allege Barton committed and for which you suffered injury, please describe every method that was used to prevent the signup from being fraudulent.
>
> **ANSWER:**
>
> Methods to prevent unscrupulous individuals from misusing and profiting from federal law have not yet proven to discourage the dishonest, therefore, at this pont we trust that those dealing with us are honest and trustworthy.

**Moving Party's Argument:**

The answer is not responsive to the question.

**Responding Party's Statement:**

The answer is responsive – it is essentially "I don't know"

**Moving Party's Reply:**

"I don't know" would be a responsive answer.

### Counter Plaintiff Delfgauw – Production Request No 18

**PRODUCTION REQUEST NO. 18:**   Produce all records of calls or text messages that you or companies or entities under your control initiated to phone number (469) 347-2139 between the dates of March 12, 2021, and November 17, 2021.

**RESPONSE:**

Objection asProduction Request No.18, is irrelevant and outside of the scope of this lawsuit. Plaintiffs complaint states that all calls were made to a single phone number with a (360) area code.

*Donna Gonon*

**Moving Party's Argument:**

The phone call records to (469) 347-2139 and (360) 521-6819 are significant in this case. Plaintiff intends to show that Defendants knew spam bots "opting in" with stolen information was a problem, they took no steps to prevent or verify the "opt in" information they took in, and that their "opt in" database is rife with fake "opt ins".

The phone numbers (469) 347-2139 and (360) 521-6819 have received unsolicited text message solicitations from Defendants and Plaintiff intends to investigate any "opt ins" associated with those numbers for a spam bot signature.  Further, if there is no "opt ins" associated with these phone numbers, that supports Plaintiff's contention that Defendants TCPA violations are willful and knowing.

**Responding Party's Statement:**

And we answer as above.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

**Counter Plaintiff Delfgauw – Production Request No 19**

22  **PRODUCTION REQUEST NO. 19:**     Produce all records of calls or text messages that

23  you or companies or entities under your control initiated to phone number (360) 521-6819

24  between the dates of March 22, 2021, and November 17, 2021.

BARTON V. DELFGAUW - CD'S 3RD REQUEST FOR PRODUCTION          NATHEN BARTON
CASE NO. 3:21-cv-05610-RJB     Page 4 of 5                                    4618 NW 11th Cir
                                                                                          CAMAS WA 98607

---

1  **RESPONSE:**

2  Objection as to Production Request No. 19, is irrelevant and outside of the scope of
this lawsuit. Plaintiff's complaint states that all calls were made to a single phone

3  number with a (360) area code. Plaintiff has previously requested information for
phone number (360) 910-1019, which he claims to have received calls on. He can

4  not now request information for a phone number not related to this case.

*Donna Gibson*

**Moving Party's Argument:**

Plaintiff has explained above why the phone call records to (469) 347-2139 and (360)

521-6819 are significant in this case.

**Responding Party's Statement:**

This information is outside the scope of the lawsuit and is another of Barton's dishing

expeditions.

## VI.   DEFENDANT STARTER HOME DISPUTED DISCOVERY REQUESTS

**Starter Home – Interrogatory No 1**

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

**INTERROGATORY NO. 1:**

List the date of every phone call or text message you or an entity under your control initiated to (360) 910 1019 between 3/29/2021 and 1/23/2022.

**ANSWER:**

RESPONSE TO INTERROGATORY NO. 1:

Defendant objects to Interrogatory No. 1. as irrelevant and seeks information regarding communications not plead in Plaintiff's complaint or amended complaint. The only communications relevant are the eight alleged by Plaintiff. For each alleged communication, Plaintiff himself has provided content and date.

*Donna Jensen*

**Moving Party's Argument:**

Plaintiff has received a number of text messages from an SMS shortcode registered to Starter Home. Starter Home was asked to list the date of every phone call placed to Plaintiff's number.

Starter Home responds that Plaintiff can only ask about the eight specifically alleged calls in the live complaint, but this is incorrect. First, Plaintiff's live complaint

Plaintiff's First Amended Complaint ("FAC") was served on the Defendants on December 31, 2021 in Dkt. 83. The FAC makes the following allegations:

"All the specifically detailed telemarketing phone calls and text messages alleged in this complaint were made to one 360-area code [360 901 1019] cell phone with a phone number that is assigned to Plaintiff in exchange for a monthly service fee. " *Id* at 2:1-3.

"However, the defendants have a pattern of texting this and other phone numbers without the consent of the recipient." *Id* at 2:4-5.

and

"Even after being personally served this lawsuit, Delfgauw did not prevent further solicitation calls to Barton. For at least four months after Delfgauw was personally

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

served this Lawsuit, Defendants have placed or caused to be placed solicitation calls to Barton." *Id* at 3:7-10.  Emphasis added.

Plaintiff's complaint need only have enough factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[2]

Plaintiff's interrogatory question is well crafted for this dispute.

**Responding Party's Statement:**

It remains defendant/counterclaimant's position that this information is irrelevant and outside the scope of this litigation as currently pleaded by Plaintiff.  As his justification for his request, Plaintiff sites Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court in Ashcroft actually said,

[t]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. … Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."...

Ashcroft v. Iqbal, 129 S.Ct. 1937, 173 L.Ed2d 868, 556 U.S. 662, 77 USLW 4387 (2009) (Internal citations omitted)

Plaintiff statement, "For at least four months after Delfgauw was personally served this Lawsuit, Defendants have placed or caused to be placed solicitation calls to Barton." Amounts to nothing more than naked assertions and is devoid of "further factual enhancement. Plaintiff has provided the justification for Defendants response.

**Moving Party's Reply:**

In discovery, Plaintiff need only demonstrate relevance.  Information about calls Defendants placed to Plaintiff through December of 2021 also go to Plaintiff's demonstration that Defendants willfully and knowingly violated the TCPA.

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Twombly, 550 U.S. at 570)

[2] *Id*

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1    Defendants may have placed additional phone calls to Plaintiff that Plaintiff has been

2  unable to prove Defendants sent.

3

4    **Starter Home – Interrogatory No 2**

23  **INTERROGATORY NO. 2:**

1  For every text message you identified in **Interrogatory No. 1** above, give a true and accurate

2  copy of the contents of the text message.

3  **ANSWER:**

RESPONSE TO INTERROGATORY NO. 2:

Defendant objects to Interrogatory No. 2. as irrelevant and seeks information regarding communications not plead in Plaintiff's complaint or amended complaint. The only communications relevant are the eight alleged by Plaintiff. For each alleged communication, Plaintiff himself has provided content and date. *Donna Jensen*

**Moving Party's Argument:**

    Interrogatory No. 2 is a follow on to Interrogatory No. 1 directly above. Plaintiff's

arguments for Interrogatory No. 1 directly above apply to Interrogatory No. 2.

**Responding Party's Statement:**

It remains defendant/counterclaimant's position that this information is irrelevant and outside the

scope of this litigation as currently pleaded by Plaintiff. No messages were listed in

interrogatory 1, as Plaintiff sought to obtain facts not plead in Plaintiff's complaint or amended

complaint. Plaintiff himself provided content and date for all alleged communications.

**Moving Party's Reply:**

    If Defendants are compelled to answer Interrogatory No. 1. Above, they should be

compelled to answer interrogatory number 2.

**Starter Home – Interrogatory No 6**

**INTERROGATORY NO. 6:**

List any and all Federal Trade Commission Subscription Account Numbers that you used to download the 360 area code of the Do Not Call Registry no more than 30 days before any day when you texted phone number (360) 910 1019.

**ANSWER:**

RESPONSE TO INTERROGATORY NO. 6:
Defendant objects to Interrogatory No. 6 as irrelevant and over broad and not likely to lead to any relevant admissible.

*Donna Gibson*

**Moving Party's Argument:**

Plaintiff alleges Starter Home's actions were willful or knowing.  FAC 19:4-5.  Plaintiff will prove this in part by showing that Defendants are a Seller and/or a Telemarketer under FTC regulations and must have a Subscription Account Number (SAN) from the National Do Not Call Registry:

> "A Seller may direct a Telemarketer to complete the online subscription process on their behalf, but the Seller must have its own subscription and SAN, separate from the Telemarketer's subscription and SAN."[3]

> If Starter Home does not have a SAN, it is evidence that they willfully or knowingly violated the TCPA.

**Responding Party's Statement:**

It remains defendant/counterclaimant's position that this information is irrelevant and outside the scope of this litigation as currently pleaded by Plaintiff.  Any and all Subscription Account

---

[3] https://www.ftc.gov/business-guidance/resources/qa-telemarketers-sellers-about-dnc-provisions-tsr-0

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

Number's from the National Do Not Call Registry are irrelevant as the alleged communications would be exempt due to Plaintiffs opt-in which provided consent for communication to be made.

**Moving Party's Reply:**

The FTC requires all Sellers and Telemarketers to have a SAN.  When Defendants fail to prove their allegations against Plaintiff, this subscription information is relevant to Defendants willfull and knowing violations of the law.

**Starter Home – Interrogatory No 8**

> **INTERROGATORY NO. 8:**
>
> Please list all the facts and evidence Dialer that data loss was not due to negligence or intentional acts.
>
> **ANSWER:**

> RESPONSE TO INTERROGATORY NO. 8:
>
> Defendant objects to Interrogatory No. 8 as irrelevant and seeks information not plead in Plaintiff's complaint or amended complaint. The only communications relevant are the eight text messages alleged by Plaintiff to have been made in April of 2021. If Plaintiff took a moment and thought about his request, he would realize that any data lost would have benefited Defendant and would not affect his case in anyway.

**Moving Party's Argument:**

Starter Home has claimed they lost all the records of calls they placed due to a software update.  Plaintiff is asking questions to determine why the data was lost.

In Starter Home's response, they even admit the lost data benefits Defendant [Starter Home].  Questions asking why the data is lost (spoliation) are relevant to this case.

**Responding Party's Statement:**

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1   Plaintiff was provided with copies of internal communication which established that data had

2   been lost due to an upgrade. Plaintiff has alleged 8 text messages from Defendant, for which

3   Plaintiff has provided content and dates. Lack of dialer conformation due to loss, does not affect

4   Plaintiff's allegations, the  same 8 text messages are still alleged to have been made.

5   **Moving Party's Reply:**

6       Defendants claim the dialer information was lost on July 1, 2021.  Plaintiff's FAC alleges

7   he received a test message from SMS short code 33959 on July 13 2021 which is registered to

8   Starter Home.

9       Defendants allege they have no records of this July 13 2021 text message to Plaintiff due

10  to a dialer software update on July 1, 2021.

11      Plaintiff believes this discrepancy means Defendants are continually deleting dialer

12  records.

13

14                          **Starter Home – Interrogatory No 9**

15  | | |
    |---|---|
    | 15 | **INTERROGATORY NO. 9:** |
    | 16 | If it is found that Nathen Barton did not "opt in" to receive solicitations from any of the entities |
    | 17 | controlled by Joe Delfgauw, or any of their affiliates, please explain what legal basis you would |
    | 18 | have for initiating solicitation text messages to (360) 910-1019 between March 20, 2021 and |
    | 19 | December 31, 2021 |
    | 20 | **ANSWER:** |

21  RESPONSE TO INTERROGATORY 9:

22  Defendant objects to Interrogatory No. 9 as irrelevant and not likely to lead to any
    relevant admissible information Plaintiff asks Defendant to provide information
23  based on a yet to be determined outcome. *Donna Gibson*

24

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

**Moving Party's Argument:**

Plaintiff is allowed to ask reasonable hypothetical questions:

> "Hypothetical questions are not per se improper. They invariably seek an opinion, whether a general or specific one. They should be permitted where the witness has expertise, when relevant to some issue in the case, provided they are not overly broad or vague." *Motaharian (Litigation guardian of) v. Reid* [1989] O.J. No. 1947.

This question is not vague or overly broad. Starter Home's objection is merely that the outcome is yet to be determined, which is not a property objection for this question.

**Responding Party's Statement:**

Aa party should not be asked to speculate. The purpose is to find out what is known.

**Moving Party's Reply:**

It is reasonable to ask Defendants that if it is decided Plaintiff did not "opt in", do they have another legal reason for soliciting Plaintiff that would negate Plaintiff's claims. Contention interrogatories allow parties to discover their opponents' theories of liability. *Ackerman v. Northwestern Mutual Life Ins. Co.*[4], 172 F.3d 467, 469 (7th Cir. 1999), *O2 Micro Intern. v. Monolithic Power Sys*[5], 467 F.3d 1355, 1365 (Fed. Cir. 2006).

**Starter Home – Interrogatory No 10**

> **INTERROGATORY NO. 10:**
>
> What steps did Joe Delfgauw take to cause you to stop calling or texting (360) 910 1019.
>
> **ANSWER:**

---

[4] https://casetext.com/case/ackerman-v-northwestern-mutual-life-ins-co

[5] https://casetext.com/case/o2-micro-intern-v-monolithic-power-sys

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

RESPONSE TO INTERROGATORY 10:

Defendant objects to Interrogatory No. 10. The judicial system is serious institution and there is no place for immature game playing regardless how funny Plaintiff may think he is. Plaintiff filed this lawsuit and claimed he did not give consent, thus ending marketing communication between the parties. Such inquiry by Plaintiff is i nsulting to all parties and the court.

*Donna Gibson*

**Moving Party's Argument:**

Delfguaw's personal liability in this lawsuit is at issue.  Other courts of have found that if corporate officers are personally involved in wrongdoing they are personally liable.  After being personally served with this lawsuit Delfgauw was certainly aware Plaintiff did not want phone calls from his companies.

In a similar case, that court found that the defendant ". . . must show that she had no direct, personal involvement in the alleged wrongful conduct that violated the TCPA or <u>directly controlled and authorized this conduct</u>…" *Montelongo v. My Fin. Solutions Llc*, No. SA-19-CV-00577-JKP, 2020 U.S. Dist. LEXIS 5755 (W.D. Tx. Jan. 14, 2020)

As president and CEO of the companies that solicited Plaintiff, Delfgauw certainly controlled and authorized any further telemarketing of Plaintiff after Delfgauw became aware of Plaintiff's Complaint.

**Responding Party's Statement:**

The response states "thus ending marketing communication."   Rewording this answer: All marketing activity ended when Plaintiff expressed he did not give consent.

**Moving Party's Reply:**

First, they did not answer, they objected. Second, nothing in their response indicated what steps Delfgauw took to cause Starter Home to stop texting (360) 910-1019.

1

### Starter Home – Interrogatory No 11

2

| 11 | **INTERROGATORY NO. 11:** |
| 12 | For every step identified in **INTERROGATORY NO. 11** what is the date he took that action. |
| 13 | **ANSWER:** |

3

4

5

6

RESPONSE TO INTERROGATORY 11:

Defendant objects to Interrogatory No. 11. The judicial system is serious institution and there is no place for immature game playing regardless how funny Plaintiff may think he is. Plaintiff filed this lawsuit and claimed he did not give consent, thus ending marketing communication between the parties. Such inquiry by Plaintiff is insulting to all parties and the court.      *Donna Gibson*

7

8

9

10

**Moving Party's Argument:**

11

Delfgauw answers further questions in this line of questioning with another objection.

12

**Responding Party's Statement:**

13

The response states "thus ending marketing communication."   Rewording this answer:

14

All marketing activity ended when Plaintiff expressed he did not give consent.

15

**Moving Party's Reply:**

16

First, they did not answer, they objected. Second, nothing in their response indicates

17

when Delfgauw took steps to cause Starter Home to stop texting (360) 910-1019.

18

19

### Starter Home – Interrogatory No 12

20

| 18 | **INTERROGATORY NO. 12:** |
| 19 | How many employees did you have on April 1, 2021. |
| 20 | **ANSWER:** |

21

22

23

24

1
2
3
4

> **RESPONSE TO INTERROGATORY 12:**
>
> Defendant objects to Interrogatory No. 12 as irrelevant and not likely to lead to any relevant admissible information and assumes facts not plead in Plaintiff's complaint or amended complaint.
>
> *Donna Gibson*

**Moving Party's Argument:**

 Plaintiff is allowed to ask Starter Home basic 'biographical' questions that will show how close Delfgauw is to the 'rank and file' employees dialing the phones.

**Responding Party's Statement:**

 The rationale stated for this interrogatory would not be accomplished. Delfgauw could in fact, not be an "employee". Therefore, what would this accomplish?

**Moving Party's Reply:**

 The Defendants will find out when they read Plaintiff's further motions and papers.

<b>Starter Home – Interrogatory No 12</b>

> 3   **INTERROGATORY NO. 13:**
>
> 4   For every employee who reported to Joe Delfgauw on April 1, 2021, list how many employees
>
> 5   reported to that employee.
>
> 6   **ANSWER:**
>
> > Defendant objects to Interrogatory No. 13 as irrelevant and not likely to lead to any relevant admissible information and assumes facts not plead in Plaintiff's complaint or amended complaint.
> >
> > *Donna Gibson*

**Moving Party's Argument:**

 This is a follow up question to Starter Home regarding Interrogatory No. 12.

**Responding Party's Statement:**

This assumes employees, if any, report to Joe Delfgauw and that his not been established.

**Moving Party's Reply:**

That is correct, and Delfgauw answering the question would establish it.  Their argument is circular logic – you can't ask unless you already know the answer.

### Starter Home – Interrogatory No 14

> **INTERROGATORY NO. 14:**
>
> What percent of your 2021 revenue came from telemarketing.
>
> **ANSWER:**

> RESPONSE TO INTERROGATORY 14:
>
> Defendant objects to Interrogatory No. 14 as irrelevant and not likely to lead to any relevant admissible information.   *Donna Gunson*

**Moving Party's Argument:**

Similarly, Plaintiff is allowed to determine how much of Starter Home's time, and by extension, how much of Delfgauw's time while he is involved with this entity, is devoted to telemarketing.  One metric for determining the answer to this question is revenue.

**Responding Party's Statement:**

Again, irrelevant.

**Moving Party's Reply:**

This is very relevant.  A large company and the CEO of that company that only brings in a very small portion of revenue through telemarketing efforts might be held to a very different standard than a large company completely focused on telemarketing.

**Starter Home – Interrogatory No 16**

**INTERROGATORY NO. 16:**

Plaintiff's Dkt 83 alleges to have received a text message from SMS short code 365365 on April 5 2021, and a text message from SMS short code 365365 on April 8 2021, a text message from SMS short code 94657 on June 11 2021, a text message from SMS short code 94657 on July 13 2021, and a text message from (803) 618-8038 on April 2, 2021.   Plaintiff alleges all of these text messages were sent to phone number (360) 910-1019.  If you were involved in sending any of those text messages listed in Dkt. 83, for each text message, list what you did to facilitate sending those text messages.

**ANSWER:**

RESPONSE TO INTERROGATORY 16:
Defendant objects to Interrogatory No. 16 as ambiguous Plaintiff does not define "facilitate" and leaves Defendant to guess as to Plaintiff's meaning of that term.

**Moving Party's Argument:**

Starter Home claims to be unaware of the meaning of "facilitate". Plaintiff used "facilitate" in its plain English common use meaning that Starter Home could have easily found in a dictionary.

**Responding Party's Statement:**

Starter Homes' objections should have also included "compound".  That being said, it is still unclear what information is sought by this interrogatory.

**Moving Party's Reply:**

The question is simple.  If Defendant was involved in sending any text message listed in Dkt. 83, for each text message, what did Defendant do to facilitate sending the message?

**Starter Home – Interrogatory No 17**

**INTERROGATORY NO. 17:**

What steps did Joe Delfgauw take to verify that you stopped calling or texting (360) 910 1019.

**ANSWER:**

RESPONSE TO INTERROGATORY 17:

Defendant objects to Interrogatory No. 17. The judicial system is a serious institution and there is no place for immature game playing regardless how funny Plaintiff may think he is. Plaintiff filed this lawsuit and claimed he did not give consent, thus ending marketing communication between the parties. Once the Defendant received Plaintiff's demand letter Managers were told to remove the number from the company database. Such inquiry by Plaintiff is insulting to all parties and the court.

**Moving Party's Argument:**

Delfgauw answers further questions in this line of questioning with the same objection.

**Responding Party's Statement:**

The response contains the following which should be responsive to the question: Once the Defendant received Plaintiff's demand letter Managers were told to remove the number from the company database.

**Moving Party's Reply:**

Did they answer the question – it appears they objected to it.

**Starter Home – Interrogatory No 18**

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

Introduction to Interrogatory No. 18: This "partner List" has been turned over to Plaintiff.

**PARTNER LIST**

| | |
|---|---|
| Ad Heavens – ADH, Claim Your Benefits, | Resource Guide, |
| InboxWeTrust, | Network Media Tank, Bargain Hunters, |
| Edu Matcher, | The Credit Pros, |
| Request Results, | Blue Whale Media, |
| Drive4Cash, | Page One Projects, |
| OfferDrop, | ActiveQuest, Inc, |
| Xanadu Marketing, Inc, | FindCredit.org, |
| The Ultimate Rent-To-Own Home Program, | Helping Hands Association, |
| myrent2ownhomes, | Lexington Law Firm, |
| Follow My Lead, | NationalTaxRelief & Partners, |
| Pinpoint Leads Marketing, | CreditAssist.com, |
| Tax Help Central, | Xanadu Marketing, |
| Lateral Brands, Inc, | AutoInsurerQuote.com, |
| Debt Repair Company, | Inc, Infinity One, |
| Find Credit, | Vivid Hear, |
| Jakob Marketing Group, | Turbo Debt LLC, |
| Ds Prospecting, | Solid Quote |
| TD Edge Media, | Credit Fix including their affiliates |
| Dsn Information, | |
| Everyone Home, | |
| checkfreescore, | |
| FlexxPrep, | |
| Blue Phoenix Marketing LLC, | |
| Rent to Own Services, | |
| One Percent Inc., | |
| inboxed LLC, | |
| Digital Marketing Group, | |
| The Product Drivers, | |

**INTERROGATORY NO. 18:**

For all the solicitation phone calls you have initiated to (360) 910-1019 in the year 2021, please name all the entities on this list on whose behalf the solicitation phone calls were made.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1

2

3

RESPONSE TO INTERROGATORY 18:

Defendant objects to Interrogatory No. 18, as over broad and thus seeks to obtain facts not plead in Plaintiff's complaint or amended complaint. *Donna Grisson*

4

5

**Moving Party's Argument:**

Starter Home objected to this interrogatory as "over broad" without providing any justification. Further, this is a key element of Plaintiff's defense – the alleged "opt-in" listed a specific set of entities who could contact a person who opted in. Plaintiff is allowed to ask Defendant which entities <u>from their own list</u> they solicited Plaintiff on behalf of.

**Responding Party's Statement:**

It is overly broad. Plaintiff has been provided a list of partners. Is he asking defendant to set forth each action for each entity on this list? That is overreaching and burdensome and has nothing to do with this litigation as the actions of Starter Home on Starter Homes' behalf are the subject of this litigation and any more is fishing.

**Moving Party's Reply:**

The question is simple – the Defendants promise as part of their "opt in" language to only advertise for a finite list of sellers. Plaintiff asks - for every text message the Defendants sent Plaintiff in 2021, which advertisers where they soliciting for?

The Sellers are equally liable to Plaintiff for unsolicited text messages so this is directly discoverable information.

**Starter Home – Interrogatory No 19**

**INTERROGATORY NO. 19:**

For all entities named in **INTERROGATORY NO. 18** identify the date or dates that a solicitation phone call was placed to (360) 910 1019 on behalf of that entity.

**ANSWER:**

RESPONSE TO INTERROGATORY 19:

Defendant objects to Interrogatory No. 19, as over broad and thus seeks to obtain facts not plead in Plaintiff's complaint or amended complaint

*Donna Gibson*

**Moving Party's Argument:**

Plaintiff asked a natural follow up question to Interrogatory No 18, and Starter Home replied with the same "over broad" objection without a proper explanation. It was this very court who ruled "The lack of further factual detail sought by plaintiff can be addressed through discovery". Dkt. 45, 4:3-6.

**Responding Party's Statement:**

And any follow up sought is subject to the same objection as above.

**Moving Party's Reply:**

Interrogatory No. 18 asked what Sellers the defendants were advertising to Plaintiff. Plaintiff follows up asking which days they texted Plaintiff on behalf of which Sellers. The Sellers are equally liable to Plaintiff for unsolicited text messages so this is directly discoverable information.

**Starter Home – Interrogatory No 20**

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

**INTERROGATORY NO. 20:**

For each of the locations shown in Dkt. 104-2, describe what is at that location (house, business, park, etc.).

**ANSWER:**

RESPONSE TO INTERROGATORY 20:

Defendant objects to Interrogatory No. 20 as frivolous and irrelevant and not likely to lead to any relevant admissible information. Plaintiff is obviously in possession of the referenced document and is therefore capable of looking up the information he desires. Interrogatory No. 20, as well as others contained in this set of interrogatories demonstrates Plaintiff's immature approach to and lack of respect for our judicial system.

**Moving Party's Argument:**

It is the Defendants who have made an issue of the GPS coordinates of the IP address at issue, and it is the Defendants who provided the report in 104-2. It is not unreasonable for the Defendants to answer questions about their own document they are using to 'prove' Barton's wrongdoing.

To the extent that Plaintiff is "capable of looking up the information" that is not the same as Defendants providing what they believe are the correct answers.

**Responding Party's Statement:**

Stating that the information is equally available to the plaintiff as to the defendant is a sufficient response.

**Moving Party's Reply:**

Defendants claim Plaintiff "opted in" at a location or locations with public wifi. Defendants should be compelled to answer what they believe are at these locations – stores, houses, parks, etc that might have public wifi.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

**Starter Home – Production Request No 13**

> **PRODUCTION REQUEST NO. 13:**   Produce all contracts or agreements between Starter Home and any other person or company if that other person or company owned or operated equipment utilized in the text message solicitations initiated to (360) 910-1019, limited to the dates between November 16, 2021, and November 27, 2021.
>
> **RESPONSE:**
>
> Plaintiff does not allege in his Complaint nor Amended Complaint that Defendant sent any messages after July of 2021, therefore, contracts or agreements between November 16, 2021, and November 27, 2021 are irrelevant.

**Moving Party's Argument:**

Plaintiff's First Amended Complaint ("FAC") was served on the Defendants on December 31, 2021 in Dkt. 83.  The FAC makes the following allegations:

> "Even after being personally served this lawsuit, Delfgauw did not prevent further solicitation calls to Barton.  **For at least four months after Delfgauw was personally served this Lawsuit, Defendants have placed or caused to be placed solicitation calls to Barton.**"  *Id* at 3:7-10.  Emphasis added.

**Responding Party's Statement:**

Our response remains the same.

**Starter Home – Production Request No 14**

> **PRODUCTION REQUEST NO. 14:**   Produce all documents or records of text messages you sent to (360) 910-1019, limited to the dates between November 16, 2021, and November 27, 2021.
>
> **RESPONSE:**
>
> Plaintiff does not allege in his Complaint nor Amended Complaint that Defendant sent any messages after July of 2021, therefore, records between November 16, 2021, and November 27, 2021 are irrelevant.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

**Moving Party's Argument:**

Plaintiff's First Amended Complaint ("FAC") was served on the Defendants on

December 31, 2021 in Dkt. 83.  The FAC makes the following allegations:

"Even after being personally served this lawsuit, Delfgauw did not prevent further
solicitation calls to Barton.  **For at least four months after Delfgauw was personally
served this Lawsuit, Defendants have placed or caused to be placed solicitation calls
to Barton.**"  *Id* at 3:7-10.  Emphasis added.

**Responding Party's Statement:**

Our response remains the same.

**Starter Home – Production Request No 15**

| | |
|---|---|
| 8 | **PRODUCTION REQUEST NO. 15:**          Produce all documents or records showing |
| 9 | invitation or consent to send text messages to (360) 910-1019, limited to the dates between |
| 10 | November 16, 2021, and November 27, 2021. |
| 11 | **RESPONSE:** |
| 12 | Plaintiff does not allege in his Complaint nor Amended Complaint that Defendant sent any messages after July of 2021, therefore, documents and records between November 16, 2021, and November 27, 2021 are irrelevant. |

**Moving Party's Argument:**

Plaintiff's First Amended Complaint ("FAC") was served on the Defendants on

December 31, 2021 in Dkt. 83.  The FAC makes the following allegations:

"Even after being personally served this lawsuit, Delfgauw did not prevent further
solicitation calls to Barton.  **For at least four months after Delfgauw was personally
served this Lawsuit, Defendants have placed or caused to be placed solicitation calls
to Barton.**"  *Id* at 3:7-10.  Emphasis added.

**Responding Party's Statement:**

Our response remains the same

**Starter Home – Production Request No 16**

> **PRODUCTION REQUEST NO. 16:**       Unless produced in response to another Request for Production, please produce all documents related to the "opt in" you relied on to send a text message to phone number (360) 910 1019 on September 21, 2021.
>
> **RESPONSE:**
>
> Counterclaimant objects to Production Request No. 16 as irrelevant and outside of the scope of the pleadings. Plaintiff does not allege in his Complaint nor Amended Complaint that Defendant sent any messages after July 2021, and does not allege that any messages were sent by anyone after August 17, 2021.
>
> *Donna Gordon*

**Moving Party's Argument:**

Plaintiff's First Amended Complaint ("FAC") was served on the Defendants on December 31, 2021 in Dkt. 83.  The FAC makes the following allegations:

> "Even after being personally served this lawsuit, Delfgauw did not prevent further solicitation calls to Barton.  **For at least four months after Delfgauw was personally served this Lawsuit, Defendants have placed or caused to be placed solicitation calls to Barton.**" *Id* at 3:7-10.  Emphasis added.

Plaintiff's First Amended Complaint ("FAC") was served on the Defendants on December 31, 2021 in Dkt. 83.  The FAC makes the following allegations:

> "Even after being personally served this lawsuit, Delfgauw did not prevent further solicitation calls to Barton.  **For at least four months after Delfgauw was personally served this Lawsuit, Defendants have placed or caused to be placed solicitation calls to Barton.**" *Id* at 3:7-10.  Emphasis added.

**Responding Party's Statement:**

Our response remains the same.

**Starter Home – Production Request No 17**

**PRODUCTION REQUEST NO. 17:**      Unless produced in response to another Request for Production, please produce all documents related to the "opt in" you relied on to send text messages to phone number (360) 910 1019 on November 17, 2021.

**RESPONSE:**

BARTON V. DELFGAUW - CD'S 2ND REQUEST FOR PRODUCTION          NATHEN BARTON
CASE NO. 3:21-cv-05610-RJB      Page 4 of 5                                4618 NW 11th Cir
                                                                          CAMAS WA 98607

Counterclaimant objects to Production Request No. 17 as irrelevant and outside of the scope of the pleadings. Plaintiff does not allege in his Complaint nor Amended Complaint that Defendant sent any messages after July 2021, and does not allege that any messages were sent by anyone after August 17, 2021

*Donna Gunron*

**Moving Party's Argument:**

Plaintiff's First Amended Complaint ("FAC") was served on the Defendants on December 31, 2021 in Dkt. 83.  The FAC makes the following allegations:

"Even after being personally served this lawsuit, Delfgauw did not prevent further solicitation calls to Barton.  **For at least four months after Delfgauw was personally served this Lawsuit, Defendants have placed or caused to be placed solicitation calls to Barton.**"  *Id* at 3:7-10.  Emphasis added.

**Responding Party's Statement:**

Our response remains the same.


### VII.    COUNTER PLAINTIFF STARTER HOME DISPUTED DISCOVERY REQUESTS

### Counter Plaintiff Starter Home – Interrogatory No 9

**AMENDED INTERROGATORY NO. 9:** For each and every phone call or text message you have initiated to (360) 910-1019 between 9/20/2021 and 12/10/2021, please list the IP address or IP addresses associated with every 'opt in" that would enable you to initiate that phone call or text message.

**ANSWER:**

Defendant objects to Interrogatory No. 9, as irrelevent. Plaintiff does not allege that he received any calls or text messages during that time period

*Donna Gibson*

**Moving Party's Argument:**

Plaintiff's First Amended Complaint ("FAC") was served on the Defendants on December 31, 2021 in Dkt. 83.  The FAC makes the following allegations:

"Even after being personally served this lawsuit, Delfgauw did not prevent further solicitation calls to Barton.  **For at least four months after Delfgauw was personally served this Lawsuit, Defendants have placed or caused to be placed solicitation calls to Barton.**"  *Id* at 3:7-10.  Emphasis added.

**Responding Party's Statement:**

Response remains the same.

**Counter Plaintiff Starter Home – Interrogatory No 12**

**INTERROGATORY NO. 12:**

How many text messages did you send to (360) 910 1019 on April 1, 2021.

**ANSWER:**

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

RESPONSE TO INTERROGATORY 12:

Counter Plaintiff acknowledges that Counter Defendant alleges to have received 7 messages on April 1, 2021. This appears to be the only day for which Counter Defendant alleges receiving more than 3 messages.

**Moving Party's Argument:**

Starter Home's answer is non-responsive to the question asked.

**Responding Party's Statement:**

This answer is responsive.

**Counter Plaintiff Starter Home – Interrogatory No 13**

**INTERROGATORY NO. 14:**

What is the name and address of the person or people at Starter Home whose job it is to make sure your company complies with the terms of the "opt in" each recipient of a text message agreed to.

**ANSWER:**

RESPONSE TO INTERROGATORY 14:

Counter Plaintiff objects to Interrogatory 14 as irrelevant and not likely to lead to any relevant admissible information and assumes facts not plead in Counter Defendant's complaint or amended complaint. At issue in this case are the allegations of TCPA violations. The information sought in Interrogatory 14 would only be relevant if Counter Defendant is admitting that he provided his consent.

RESPONSE TO INTERROGATORY 15:

**Moving Party's Argument:**

Starter Home claims Plaintiff "opted in" and but then claims that asking who in their organization manages "opt in" information is irrelevant.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1

2 **Responding Party's Statement:**

3      Starter Home repeats its objection. If his defense is that he did not consent then how is

4 information that he "opted-ed in" relevant? So that he can change his defense?

5 **Moving Party's Reply:**

6 Plaintiff intends to show Starter Home does not abide by their own agreement.  This is also an

7 element of Plaintiff's "willful and knowing" violations of the TCPA.  Plaintiff alleges that the

8 Defendants willfully and knowingly violate the TCPA by sending more solicitations to people

9 who did "opt in" then they agreed to.

10

11              **Counter Plaintiff Starter Home – Interrogatory No 16**

12   8  | **INTERROGATORY NO. 16:**

13   9  | How do you record the terms of the "opt in" each person agreed to who is on your calling list.

14   10 | **ANSWER:**

15

16 RESPONSE TO INTERROGATORY 16:

17 Counter Plaintiff objects to Interrogatory 16 as irrelevant and not likely to
lead to any relevant admissible information and assumes facts not plead in
18 Counter Defendant's complaint or amended complaint. At issue in this case
are the allegations of TCPA violations. The information sought in Interrogatory
19 16 would only be relevant if Counter Defendant is admitting that he provided
his consent.

20 RESPONSE TO INTERROGATORY 17

21 **Moving Party's Argument:**

22      This Starter Home objection is copy and pasted.  If Defendants claim Plaintiff "opted in"

23 then how that information is recorded is relevant.

24 **Responding Party's Statement:**

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

Starter Home repeats its objection. If his defense is that he did not consent then how is information that he "opted-ed in" relevant? So that he can change his defense?

**Moving Party's Reply:**

Plaintiff intends to show Starter Home does not abide by their own agreement.  This is also an element of Plaintiff's "willful and knowing" violations of the TCPA.  Plaintiff alleges that the Defendants willfully and knowingly violate the TCPA by sending more solicitations to people who did "opt in" then they agreed to.

**Counter Plaintiff Starter Home – Interrogatory No 17**

**INTERROGATORY NO. 17:**

How does your method of recording the terms of the "opt in" each person agrees to who is on your calling list work with your dialing device to ensure the terms of the "opt in" are honored.

**ANSWER:**

RESPONSE TO INTERROGATORY 17:

Counter Plaintiff objects to Interrogatory 17 as irrelevant and not likely to lead to any relevant admissible information and assumes facts not plead in Counter Defendant's complaint or amended complaint. At issue in this case are the allegations of TCPA violations. The information sought in Interrogatory 17 would only be relevant if Counter Defendant is admitting that he provided his consent.

*Donna Gibson*

**Moving Party's Argument:**

If Defendants claim Plaintiff "opted in" then how the terms of that "opt in" are honored is relevant. The Starter Home objection is a boiler plate objection.

**Responding Party's Statement:**

Starter Home repeats its objection. If his defense is that he did not consent then how is information that he "opted-ed in" relevant? So that he can change his defense?

**Moving Party's Reply:**

Plaintiff intends to show Starter Home does not abide by their own agreement. This is also an element of Plaintiff's "willful and knowing" violations of the TCPA. Plaintiff alleges that the Defendants willfully and knowingly violate the TCPA by sending more solicitations to people who did "opt in" then the person "opting in" agreed to.

**Counter Plaintiff Starter Home – Interrogatory No 18**

| | |
|---|---|
| **INTERROGATORY NO. 18:** | |
| Between 3/31/2021 and 12/31/2021, how many times did you text (360) 910 1019 four or more times in a single day. | |
| **ANSWER:** | |

RESPONSE TO INTERROGATORY 18:

Counter Plaintiff acknowledges that Counter Defendant alleges to have received 7 messages on April 1, 2021. This appears to be the only day for which Counter Defendant alleges receiving more than 3 messages.

**Moving Party's Argument:**

Starter Home's answer is non-responsive to the question asked.

**Responding Party's Statement:**

Starter Homes believes it has responded to the question.

**Counter Plaintiff Starter Home – Interrogatory No 19**

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

10     Introduction to Interrogatory No 20: In Dkt. 104-2 your document shows physical

11   locations in a variety of locations.

12   **INTERROGATORY NO. 19:**

13   How can the subscriber of IP address 71.238.123.34 be at each of the locations shown?

14   **ANSWER:**

RESPONSE TO INTERROGATORY 19:

Counter Plaintiff objects to Interrogatory No. 19. The question is ambiguous. Counter Defendant has not made clear what locations subscriber would be at. Furthermore, irrelevant and not likely to lead to any relevant admissible information and assumes facts not plead in Counter Defendant's complaint or amended complaint.

**Moving Party's Argument:**

The Defendants only have two pieces of information at all – the phone number in question, and IP addresses.  The Defendants have made issue of the physical locations of IP address 71.238.123.34 with their own Dkt. 104-2. Now Starter Home claims to be unaware of the physical locations in their own document and that this question is irrelevant.

**Responding Party's Statement:**

Starter Homes repeats its response.

**Counter Plaintiff Starter Home – Interrogatory No 20**

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

Introduction to Interrogatory No 20: In Dkt. 112 you write "As for the Vancouver Mayor's office, Defendants concede that one". In conceding, you agreed that that IP Geolocation data from **DB-IP** maps IP address 71.238.123.34 to GPS coordinate (45.6257, -122.676) and closest location to this GPS coordinate is the Vancouver Mayor's Office.

**INTERROGATORY NO. 20:**

If you do not think it is possible someone from the Vancouver Mayor's Office is the person "opted in" and caused your injury, please explain all your reasons why to the judge or jury.

**ANSWER:**

RESPONSE TO INTERROGATORY 20:

Counter Plaintiff objects to Interrogatory No. 20, which elicits testimony rather than discoverable fact and asks respondent to explain to the judge or jury, neither of which are seeking discovery. Counter Plaintiff may, at the appropriate time and if questioned, explain to the judge, and jury such information.

*Donna Barton*

**Moving Party's Argument:**

The Defendants conceded that the IP address in question geolocates right outside the Vancouver Mayor's office. Given that the Defendants claim that a two mile distance between another GPS coordinate and Plaintiff's house is meaningful, it is reasonable for Starter Home to answer this question.

**Responding Party's Statement:**

Starter Homes repeats its response

## VIII.  DEFENDANT XANADU'S DISPUTED DISCOVERY REQUESTS

### Defendant Xanadu – Interrogatory No 6

1
2
3
4
5

> **INTERROGATORY NO. 6:**     For each such "opt-in" that you allege Barton committed
> and for which you suffered injury, please present all documents, facts, or information that it was
> not a form spammer or spam bot who opted in.
>
> **ANSWER:**
> Such information would normally be in the position presented of Plaintiff and offered
> as a defense to a counterclaim. Defendant has purposely not sought such information

**Moving Party's Argument:**

The answer is not responsive to the question asked.

**Responding Party's Statement:**

Stating that the information is equally available to the plaintiff as to the defendant is a sufficient

response.

**Moving Party's Reply:**

How could Plaintiff have information located in Defendants business operations,

computers, and equipment?

**Defendant Xanadu – Interrogatory No 7**

> **INTERROGATORY NO. 7:**     For each such "opt-in" that you allege Barton committed
> and for which you suffered injury, please describe every method that was used to prevent the
> signup from being fraudulent.
>
> **ANSWER:**
> There are no devices or methods that can force an individual to be honest, this is why
> scammers file thousands of cases each year misusing the TCPA as a source of income.
> Online marketers record information related to opt-ins in an attempt to defend against
> such fraudulent opt-ins.

**Moving Party's Argument:**

The answer is not responsive to the question asked.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

**Responding Party's Statement:**

This is a valid responses – that there are none because they do not exist.

### Defendant Xanadu – Interrogatory No 11

Introduction to Interrogatory No. 11:  Previously you answered **INTERROGATORY NO. 6:** with:

> **INTERROGATORY NO. 6:**        For each such "opt-in" that you allege Barton committed and for which you suffered injury, please present all documents, facts, or information that it was not a form spammer or spam bot who opted in.
>
> **ANSWER:**
>     Such information would normally be in the position presented of Plaintiff and offered as a defense to a counterclaim. Defendant has purposely not sought such information

**INTERROGATORY NO. 11:**        Please explain to a judge or jury how "documents, facts, or information that it was not a form spammer or spam bot who opted in" on your own website "would normally be in the position presented of Plaintiff and offered as a defense to a counterclaim".

---

**RESPONSE TO INTERROGATORY 11:**

Defendant objects to Interrogatory No. 11, which elicits testimony rather than discoverable fact and asks respondent to explain to the judge or jury, neither of which are seeking discovery. Defendant will, at the appropriate time and if questioned, explain to the judge, and jury such information.

*Donna Jetson*

---

**Moving Party's Argument:**

The Defendants have alleged Plaintiff "opted in" and caused them injury.  Plaintiff believes either the "opt in" never existed, or was done by someone else, or something else such as a "form spammer".  Delfgauw has sole proprietorship business preventing "opt ins" from

1  "form spammers" - *validiform.com*.  See Dkt. 117.  This question is within the scope of allowed

2  interrogatories and all discoverable materials ultimately may be presented to a judge or jury.

3  **Responding Party's Statement:**

4  Xanadu stands by its response.

5

6                          **Defendant Xanadu – Interrogatory No 12**

7  **INTERROGATORY NO. 12:**

8  What percent of your 2021 revenue came from telemarketing.

9  **ANSWER:**

10

11  RESPONSE TO INTERROGATORY 12:

12  Defendant objects to Interrogatory No. 12 as irrelevant and not likely to
   lead to any relevant admissible information and assumes facts not plead in
13  Plaintiff's complaint or amended complaint.

14  **Moving Party's Argument:**

15        Plaintiff is allowed to ask basic biographical information about Defendant's

16  telemarketing efforts.

17  **Responding Party's Statement:**

18        Response is the same as the question posed to other defendants, above.

19

20                          **Defendant Xanadu – Interrogatory No 13**

21

22

23

24

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

15 | **INTERROGATORY NO. 13:**

16 | These are screen shots of text messages sent to phone number (360) 910-1019 during 2021.  If

17 | you have any connection to any text message in an image below – be it you own or control the

18 | URL in the text, or someone hired you to send the text message, or you hired someone to send

19 | the text message, or any other connection – list your connection to the text message.  In images

20 | that display just a portion of a text message, you do not need to answer for the portion.

RESPONSE TO INTERROGATORY 13:

Defendant's name does not appear in any of these screen shots nor do any of them reference Defendant.

**Moving Party's Argument:**

The answer is not responsive to the question asked.

**Responding Party's Statement:**

The response should have also included an objection as being a compound question.  That being said,  it is unclear what the question "connection to a text message" means.

**Defendant Xanadu – Interrogatory No 14**

19 | **INTERROGATORY NO. 14:**

20 | These are screen shots of text messages sent to phone number (360) 910-1019 during 2021.  If

21 | you have any connection to any text message in an image below – be it you own or control the

22 | URL in the text, or someone hired you to send the text message, or you hired someone to send

23 | the text message, or any other connection – list your connection to the text message.  In images

24 | that display just a portion of a text message, you do not need to answer for the portion.

RESPONSE TO INTERROGATORY 14:

Defendant's name does not appear in any of these screen shots nor do any of them reference Defendant.

**Moving Party's Argument:**

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1      The answer is not responsive to the question asked.

2 **Responding Party's Statement:**

3 The response should have also included an objection as being a compound question.  That being

4 said,  it is unclear what the question "connection to a text message" means.

5 **Moving Party's Reply:**

6      Their response directly above does not address the answer they provided to the

7 interrogatory.  They did not object to the question, and should not be allowed to lodge a new

8 objection now.

9

10                 **Defendant Xanadu – Interrogatory No 19**

11     3   **INTERROGATORY NO. 19:**

12     4      The "opt in" on *educationschoolmatching.com* states

13     5      "By checking and clicking submit, I agree and expressly grant my consent to the site and

14     6      their partners* to contact me regarding programs and offers via email or telephone using automated technology to any wireless number I have provided in order to provide me

15     7      with important information and exclusive offers. I understand that message & data rates may apply. I also acknowledge that I may receive up to 3 messages per week. Reply

16     8      STOP to the message to end all messages. Text HELP for customer service or call (800) 370-6254. I have read and agree to the Terms of Service and the Privacy Policy."

17     9      If you do not agree that "I may receive up to 3 messages per week" includes the number

18    10   of email messages per week in addition to the number of text messages per week, please explain

19    11   to the judge or jury why an ordinary consumer "opting in" on *educationschoolmatching.com*

20    12   could not reasonably understand this to be the meaning.

21    13   **ANSWER:**

     14

22

23

24

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

**RESPONSE TO INTERROGATORY 19:**

Defendant objects to Interrogatory No. 19, which elicits testimony rather than discoverable fact and asks respondent to explain to the judge or jury, neither of which are seeking discovery. Defendant will, at the appropriate time and if questioned, explain to the judge, and jury such information.

*Donna Gipson*

**Moving Party's Argument:**

The Defendants made the alleged "opt in" an issue and Plaintiff is allowed to ask interrogatories about it.  This is a simple question on a core issue in the dispute between the parties.  All discoverable materials ultimately may be presented to a judge or jury.  Asking Delfguaw to explain his answer to that audience does not create a legitimate objection.

**Responding Party's Statement:**

Xanadu stands by its response.

## IX.    COUNTER PLAINTIFF XANADU'S DISPUTED DISCOVERY REQUESTS

### Counter Plaintiff Xanadu – Interrogatory No 6

**INTERROGATORY NO. 6:**

For each phone call or text message Barton received on phone number (360) 910-1019 between 3/29/2021 and 12/31/2021 that you claim contained a "special sales promotion", please describe what was special about the sales promotion.

**ANSWER:**

**RESPONSE TO INTERROGATORY 6:**

Defendant/Counter Plaintiff objects to Interrogatory No. 6 as irrelevant and not likely to lead to any relevant admissible information.

*Donna Gipson*

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

**Moving Party's Argument:**

Plaintiff asked Interrogatory No. 4 to which Xanadu responded that they are entitled to "alert" consumers about "special sales promotions".

> **INTERROGATORY NO. 4:**
>
> Please explain how the privacy policy text you quoted in Interrogatory No. 3 above entitles Honest Loans to initiate a phone call to someone who "opted in" on *educationschoolmatching.com*.
>
> **ANSWER:**
>
> When a person giving their consent to be contacted checks the box they are stating that they have read and agree to the Terms of Service and Privacy Policy of of the website. The Privacy Policy explains how the information provided is used and states that it may be used, "From time to time, We may use the information you have provided to alert you of special sales promotions from Our business partners and/or other companies. "

Xanadu's answer to Interrogatory No. 4 brought up the "special sales promotions" as a justification for sending text message solicitations and Plaintiff followed up with Interrogatory No. 6. This line of questioning is extremely relevant – the Defendants have claimed Plaintiff "opted in" and Plaintiff has a right to explore if Defendants complied with the terms of their own opt-in contract.

**Responding Party's Statement:**

This interrogatory is written as if it seeks knowledge from Xandadu of every text message received by that phone number which Xanadu could not possibly know and would be outside the scope of this litigation.

**Moving Party's Reply:**

OC is incorrect. The question only asks about messages "you [Xanadu] claim to be a "special sales promotion".

1

**Counter Plaintiff Xanadu – Interrogatory No 8**

2

At issue in this case is why Defendants have resisted finding the subscriber of the IP

3

address at issue.  Plaintiff previously asked Defendant Xanadu why they opposed Dkt 96 and

4

Interrogatory No. 8 is a follow up question.

5

6

7

8

9

10

11

9   Introduction to Interrogatory No. 8: In <u>INTERROGATORY NO. 5</u> you were asked to explain

10   each and every reason you opposed Barton's Docket 49 motion, and you answered in part:

11   "we oppose your motion for the same reasons it was denied by the court at docket no. 96."

12   **INTERROGATORY NO. 8:**

13   What is the earliest calendar date that you knew Comcast no longer had relevant subscriber

14   records for IP address 71.238.123.34.

15   **ANSWER:**

12

Xanadu replied with this objection:

13

14

15

16

RESPONSE TO INTERROGATORY 8:

Defendant/Counter Plaintiff objects to Interrogatory No. 8 as ambiguous
Counter Defendant/Plaintiff does not define what he considers "relevant"
leaving Defendant/Counter Plaintiff to speculate as to the meaning.

*Donna Brown*

17

However it is Xanadu who said "we oppose your motion for the same reasons it was

18

denied by the court" and it is the Court who used the word "relevant" in denying Plaitniff's

19

motion at Dkt. 96, 3:15-16 (see image below).  This Court expected both parties to understand

20

"relevant" in this context.

21

22

23

15   to have opted in. Plaintiff has not shown how the information Comcast would be able to provide

16   is relevant or proportional in light of the circumstances of this case. *See* Fed. R. Civ. P. 26(b)(1).

24

**Responding Party's Statement:**

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1    Still do not understand what Barton is seeking.  The reasons for this party's opposition to

2    that docket number were set forth at length in its briefing and the court has already ruled on that

3    issue.

4    **Moving Party's Reply:**

5    The question asks for a calendar date the Defendant was aware of something.

6

7                        **Counter Plaintiff Xanadu – Interrogatory No 9**

8    Introduction to Interrogatory 9.  The following information has been turned over to Plaintiff.

| id | campaign_id | first | last | phone | email | ip | datetime |
|---|---|---|---|---|---|---|---|
| 358819495 | 3824 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | 71.238.123.34 | 4/1/2021 14:04 |
| 361284364 | 13690 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | 71.238.123.34 | 4/9/2021 18:29 |
| 362407183 | 12130 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | 8.8.8.8 | 4/13/2021 17:58 |
| 362407192 | 12130 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | | 4/13/2021 17:58 |
| 367588483 | 12130 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | 8.8.8.8 | 4/30/2021 15:50 |
| 367588486 | 12130 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | | 4/30/2021 15:50 |

**INTERROGATORY NO. 9:**

Please explain to the judge or jury exactly how Barton was able to "opt in" from IP address

8.8.8.8.

**ANSWER:**

RESPONSE TO INTERROGATORY 9:

Counter Plaintiff objects to Interrogatory 9, which seeks information
previously sought in Interrogatory No. 9, which elicits testimony rather than
discoverable fact and asks respondent to explain to the judge or jury,
neither of which are seeking discovery. Counter Plaintiff may, at the
appropriate time and if questioned, explain to the judge, and jury such
information.

*Donna Gibson*

ON V. DELFGAUW - CP'S RESPONSE 4TH INTERROG          Law Office of Donna Beasley Gibson PLC
NO. 3:21-cv-05610-RJB          Page 1 of 3          1204 Cleveland Avenue

**Moving Party's Argument:**

1   The heart of this case is, did Plaintiff "opt in" or did Defendants illegally solicit Plaintiff.

2   Defendants allege that Plaintiff "opted in" from IP address 8.8.8.8 so Plaintiff asked for an

3   explanation:

4   Xanadu should be compelled to answer.  Answers to Interrogatories are testimony

5   (answers under oath) and the scope of interrogatory questions is anything under FRCP 26(a).  All

6   discoverable materials ultimately may be presented to a judge or jury.  Asking Delfguaw to

7   explain his answer to that audience does not create a legitimate objection.

8   **Responding Party's Statement:**

9   Xanadu's response is repeated and it stands by that response.  This is redundant.  Just because

10  you ask for information and then again ask for that information be explained to someone else,

11  does not make that question non-repetitive.

12

13   **Counter Plaintiff Xanadu – Interrogatory No 11**

14   **INTERROGATORY NO. 11:**

15   The document in Dkt. 104-2, bottom of Page 4, claims IP address 71.238.123.36 is located in

16   New Jersey.  Please explain to the judge or jury why you think the "opt in" that you allege

17   caused you injury did or did not occur in New Jersey.

18   **ANSWER:**

19

20   RESPONSE TO INTERROGATORY 11:

21   Counter Plaintiff objects to Interrogatory No. 11, which elicits testimony
rather than discoverable fact and asks respondent to explain to the judge or
jury, neither of which are seeking discovery. Counter Plaintiff may, at the
22   appropriate time and if questioned, explain to the judge, and jury such
information.                                                *Donna Gibson*

23

24   **Moving Party's Argument:**

1   The defendants allege Plaintiff "opted in" and caused them injury from IP address

2   71.238.123.36.  A document they submitted (Dkt. 104-2) shows this IP address is located in New

3   Jersey.

4   Xanadu should be compelled to answer.  Answers to Interrogatories are testimony

5   (answers under oath) and the scope of interrogatory questions is anything under FRCP 26(a).  All

6   discoverable materials ultimately may be presented to a judge or jury.  Asking Delfguaw to

7   explain his answer to that audience does not create a legitimate objection.

8   **Responding Party's Statement:**

9   Xanadu's response is repeated and it stands by that response.  This is redundant.  Just because

10  you ask for information and then again ask for that information be explained to someone else,

11  does not make that question non-repetitive.

12

13  **Counter Plaintiff Xanadu – Interrogatory No 12**

14

| | |
|---|---|
| 2 | **INTERROGATORY NO. 12:** |
| 3 | In Dkt. 104-2, bottom of Page 5, it says: |
| 4 | "The Geolocation lookup tool provided on this page is an estimate of where the IP |
| 5 | address may be located. The data come from a few IP-Based Geolocation providers, and their accuracy varies depending on how quickly they update their database when changes occur. Since many Internet users are getting their dynamic IP address from their ISP, and |
| 6 | most ISPs serve their customers in multiple regions causing Geolocation lookup to be accurate to the region they serve. For example, AT&T in the United States serve their |
| 7 | customers in entire USA and the accuracy may be limited to the Country level. Other ISPs may be serving smaller areas, and some ISPs create subnetworks to serve their |
| 8 | customers in smaller regions. For this reason, the IP-based Geolocation will be about |
| 9 | 99% accurate at the country level while the accuracy of State and City may be at much less accurate level somewhere around 50% range." |
| 10 | |
| 11 | Please explain to the judge or jury why your own IP Geolocation information is credible. |
| 12 | **ANSWER:** |

> **RESPONSE TO INTERROGATORY 12:**
>
> Counter Plaintiff objects to Interrogatory No. 12, which elicits testimony rather than discoverable fact and asks respondent to explain to the judge or jury, neither of which are seeking discovery. Counter Plaintiff may, at the appropriate time and if questioned, explain to the judge, and jury such information.
>
> *Donna Gibson*

**Moving Party's Argument:**

The defendants allege Plaintiff "opted in" and caused them injury from IP address 71.238.123.36.  A document they submitted (Dkt. 104-2) speaks to the accuracy of IP address geolocation.  IP address geolocation is key to their allegations against Plaintiff.

Xanadu should be compelled to answer.  Answers to Interrogatories are testimony (answers under oath) and the scope of interrogatory questions is anything under FRCP 26(a).  All discoverable materials ultimately may be presented to a judge or jury.  Asking Delfguaw to explain his answer to that audience does not create a legitimate objection.

**Responding Party's Statement:**

Xanadu's response is repeated and it stands by that response.  This is redundant.  Just because you ask for information and then again ask for that information be explained to someone else, does not make that question non-repetitive.


**Counter Plaintiff Xanadu – Interrogatory No 16**

> **INTERROGATORY NO. 16:**
>
> List all facts and evidence that IP address 71.238.123.34 was assigned to an actual subscriber between 3/31/2021 and 4/10/2021.
>
> **ANSWER:**

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

**RESPONSE TO INTERROGATORY 16:**

Counter Plaintiff objects to Interrogatory No. 16. The question is ambiguous. Counter Defendant has not defined who or what the term Subscriber identifies

*Donna Gunson*

**Moving Party's Argument:**

The Defendants allege Plaintiff "opted in" and caused them injury from IP address 71.238.123.36.  Plaintiff asks Xanadu how they know this IP address was assigned to an actual subscriber during relevant dates.

This Court in Dkt. 96 used the word subscriber three times without feeling the need to define the word.  Further, Defendants said they agreed with the Court's denial of a Court Order identifying the subscriber of the IP address in question.  How can Defendants agree with the Court's denial and fail to understand the meaning of the word subscriber?

**Responding Party's Statement:**

Does Barton mean a physical human subscriber or an entity?  Just because the word made sense in the context of the court's order does not mean it makes sense in the context of Barton's questions.  Additionally, "how do you know the IP address was assigned to an actual subscriber" is not the question asked in this interrogatory.

**Counter Plaintiff Xanadu – Interrogatory No 18**

21 **INTERROGATORY NO. 18:**

1 If you contend that the person who "opted in" from IP address 8.8.8.8 is different than the person

2 who "opted in" from IP address 71.238.123.34, explain to the judge or jury how the facts and

3 evidence support your position.

4 **ANSWER:**

9 RESPONSE TO INTERROGATORY 18:

10

11 Counter Plaintiff objects to Interrogatory No. 18, which elicits testimony rather than discoverable fact and asks respondent to explain to the judge or jury, neither of which are seeking discovery. Counter Plaintiff may, at the appropriate time and if questioned, explain to the judge, and jury such information. *Donna Gibson*

**Moving Party's Argument:**

Defendants allege "opts ins" from IP address 71.238.123.34 and 8.8.8.8 that both used the same first name, last name, and phone number.  This is a very relevant question to identify what person(s) "opted in" from what IP addresses.

**Responding Party's Statement:**

Xanadu stands by its response.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1   Respectfully submitted:

2   ___s/Nathen Barton_____          ___s/Donna Gibson_____
    Nathen Barton                            Donna Gibson WSBA 33583
3   Pro Se Plaintiff/Counter Defendant       Attorney for Defendants/Counterclaimants
    4618 NW 11th Cir                         DELFGAUW, XANADU and STARTER
4   Camas, Wa  98607                         Law Office of Donna Beasley Gibson
                                             1204 Cleveland Avenue
5                                            Mount Vernon, WA  98273
                                             (206) 242-5529
6                                            F:  (425) 332-7068
                                             donna@donnagibsonlaw.com
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24