Honorable J Richard Creatura

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHEN BARTON,<br><br>Plaintiff<br>v.<br><br>JOE DELFGAUW, XANADU MARKETING INC., EXPERIAN INFORMATION SOLUTIONS INC., STARTER HOME INVESTING INC, & JOHN DOE 1-10<br><br>Defendant(s). | CASE NO. **3:21-cv-05610-JRC**<br><br>MOTION FOR RULE 37 COSTS<br><br>NOTE ON MOTION CALENDAR:<br>JUNE 24, 2022 |

PLEASE TAKE NOTICE that Plaintiff Nathen Barton (hereinafter referred to as "Plaintiff") moves the Court for costs under Federal Rule of Civil Procedure 37.

## I. INTRODUCTION

At the heart of this case is consent – Did the Defendants telemarket Barton without consent or invitation, *or* did Barton fraudulently "opt in" with the hope that the Defendants would telemarket Barton and Barton could sue them.

## II.     FRCP 37(C)(2) FAILURE TO ADMIT

FRCP 37(c)(2) says in relevant part:

Failure to Admit. If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:

(A)     the request was held objectionable under Rule 36(a);

(B)     the admission sought was of no substantial importance;

(C)     the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or

(D)     there was other good reason for the failure to admit.

Plaintiff deposed Defendant Joe Delfgauw ("Delfgauw") on May 18, 2022. Delfgauw is president of Defendant Xanadu Marketing Inc. ("Xanadu"), and president of Defendant Starter Home Investing Inc ("Starter Home").

During the May 18, 2022 depositions of Delfgauw his testimony contradicted a key Admission denial.

Pursuant to FRCP 37(c)(2), Plaintiff asks the Defendant Xanadu to pay the reasonable costs of conducting the May 18, 2022 deposition of Mr. Delfgauw.

### CD Xanadu Admissions 3, Admission No. 102

The Defendants' have a counterclaim alleging Plaintiff "opted in" and caused them harm. They turned over documents containing Table A and Table B to Plaintiff in 2021.

Table B is the document of interest here.

*Table A*

| ID | Campaign | Day/Time | First | Last | Phone | Email | Actions |
|---|---|---|---|---|---|---|---|
| 367588486 | 12130 | 2021-04-30 15:50:09 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | View |
| 367588483 | 12130 | 2021-04-30 15:50:08 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | View |
| 362407192 | 12130 | 2021-04-13 17:58:07 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | View |
| 362407183 | 12130 | 2021-04-13 17:58:02 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | View |
| 361284364 | 13690 | 2021-04-09 18:29:38 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | View |
| 358819495 | 3824 | 2021-04-01 14:04:11 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | View |

*Table B*

| id | campaign_id | first | last | phone | email | ip | datetime |
|---|---|---|---|---|---|---|---|
| 358819495 | 3824 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | 71.238.123.34 | 4/1/2021 14:04 |
| 361284364 | 13690 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | 71.238.123.34 | 4/9/2021 18:29 |
| 362407183 | 12130 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | 8.8.8.8 | 4/13/2021 17:58 |
| 362407192 | 12130 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com |  | 4/13/2021 17:58 |
| 367588483 | 12130 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | 8.8.8.8 | 4/30/2021 15:50 |
| 367588486 | 12130 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com |  | 4/30/2021 15:50 |

They alleged Table B showed the IP addresses of the person who "opted in". For their counterclaim to work, that person would have to be Plaintiff.

Much time in this litigation has been spent on IP addresses 8.8.8.8 and 71.238.123.34. See Dkts. 49, 57, 96, 103, 119, 121, 122, 154, and 162.

From Table B, Plaintiff wanted to resolve if Defendants were alleging Plaintiff to only have "opted in" from IP address 71.238.132,34, or also from IP address 8.8.8.8.

Xanadu Marketing Inc. ("Xanadu") denied that the sole "opt in" IP address at issue was 71.238.123.34[1]. They made the denial on 1/11/2022.

**ADMISSION NO. 102:** Admit or deny that "opts in" that you allege caused you injury by Barton are all from IP address 71.238.123.34.

**ANSWER:**

Denied

---

[1] Xanadu Marketing Inc. admitted to owning the website Defendant's allege the "opt in" occurred on, *educationschoolmatching.com*. Defendants submitted the answer to Admission 102 in file 11.18.2021 CD Xanadu Admissions 3.pdf on 1/11/2022.

MOTION FOR RULE 37 RELIEF  - 3 / 7
CASE NO 3:21-CV-05610-JRC

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

During the 5/18 deposition, Delfgauw admitted the only IP address at issue is 71.238.123.43.  Exhibit A is Delfgauw's deposition testimony.  Delfgauw is the CEO of Xanadu. The Defendants have admitted Xanadu owned the website they allege the "opt in" occurred on during the times relevant to this litigation.

**Exhibit A, page 39, line 15**

Q.  Does this document [Table B] look familiar?

A.  It does. I mean similar, yes.

Q.  Do you know where this document came from?

A.  It probably would have come from our internal CRM that we call KP.

**Skipping ahead to Exhibit A, page 40, line 2**

Q.  Can you tell me what we're looking at [Table B]?

A.  We are looking at information on someone named Ivette Jimenez, with a phone number from Washington. Ivette -- I don't know what that is, and then the IP Address, the date. Okay. So from the far left to the right, it would be the lead ID generated in our system, the campaign ID would be what they opted it into, the first name, last name, phone number and e-mail, the person, the IP Address, and then the date and time that the alleged either opt-in or action took place.

**Skipping ahead to Exhibit A, page 40, line 20, emphasis added**

Q.  Would you agree -- okay. So there's two different IP Addresses listed [Table B], correct?

A.  *I see that there is one IP Address and 8.8.8.8 I believe is the default, if it's a repeat, of some -- of another -- of an IP Address and that's just an internal code. I don't think that IP Address actually exists.*

Q.  So there's the 8.8.8.8 and then there's the 71.238.123.34. You'd agree with that? There's two IP Addresses in this document?

A.  I see two IP Addresses on this document, yes.

Q.  Do you believe that the same person did all of these opt-ins?

A.  *I believe that, yes, because the 71 -- the 8.8.8.8 is just a default code for an IP Address we already have.*

Q.  Can you explain that? I don't understand that.

A.  *Instead of repeating the IP Address, it's to make sure that we don't have a blank screen and I was always told that 8.8.8.8 isn't even a real IP Address. It's just our code so when we see this, this is a -- we already have the IP Address. It basically is a code that says we already have the IP Address.*

Q.  So you're saying that the first opt-in was the 71 and then the second opt-in was the 71, and the third opt-in is really also the 71?

A.  That is to my knowledge, but I'll have to ask my developer to confirm it. Yes.

Q.  So your system actually overrides what some opt-ins really are?

A.  No, it just -- it doesn't override anything. It's just instead of -- yeah. It just copies 8.8.8.8 or whatever that number is.

Delfgauw testified in the 5/18/2022 deposition that the "opt ins" that they allege Barton committed that caused them injury were all from 71.238.123.34, which is contrary to Xanadu's denial in Admission 103. This point is substantial in the case as Plaintiff has pointed out in Dkts. 97 and 121.

The Defendants' new position prejudices Plaintiff. When Defendants alleged there were "opt ins" from Google's public DNS server IP address 8.8.8.8 (Dkts. 97 and 121) and 71.238.123.34 (using the same first and last name, email address and telephone number) all in the same 30 day period, that opened up a can of worms for them as shown in their answer to Interrogatory No. 9 below.

Plaintiff does not use VPN or proxy servers, he would not know how to "opt in" from 8.8.8.8 using any software, and Defendants have no evidence to the contrary.

Defendants now contradict their Admission 102 to claim there was only one "opt in" IP address.

MOTION FOR RULE 37 RELIEF  - 5 / 7
CASE NO 3:21-CV-05610-JRC

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

> Introduction to Interrogatory 9. The following information has been turned over to Plaintiff.
>
> | id | campaign_id | first | last | phone | email | ip | datetime |
> |---|---|---|---|---|---|---|---|
> | 358819495 | 3824 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | 71.238.123.34 | 4/1/2021 14:04 |
> | 361284364 | 13690 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | 71.238.123.34 | 4/9/2021 18:29 |
> | 362407183 | 12130 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | 8.8.8.8 | 4/13/2021 17:58 |
> | 362407192 | 12130 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | | 4/13/2021 17:58 |
> | 367588483 | 12130 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | 8.8.8.8 | 4/30/2021 15:50 |
> | 367588486 | 12130 | Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | | 4/30/2021 15:50 |
>
> **INTERROGATORY NO. 9:**
>
> Please explain to the judge or jury exactly how Barton was able to "opt in" from IP address 8.8.8.8.
>
> **ANSWER:**
>
> **AMENDED RESPONSE** The internet is loaded with VPN and proxy server solutions that can be used to hide a person's IP Address. Scammers use a proxy so that their identity remains hidden. A proxy Server is a server that acts as a middleman in the flow of your internet traffic so that your Internet activities appear to come from somewhere else. A proxy server hides your IP address. IP Address 8.8.8.8 is the address of a Goggle Proxy server, and it has been flagged for fraudulent activity. See attached

Defendants had no grounds under FRCP 37(c)(2) to fail to admit to Admission 102. This issue of substantial importance because IP addresses are the only evidence in the entire controversy as to who "opted in" (assuming the "opt in" was real).

### III. CONCLUSION

Defendant Xanadu Marketing Inc denied a request for admission on 1/11/2022 Plaintiff later proved was true during a deposition on 5/18/2022, and the issue proved is of substantial relevance to the controversy. Plaintiff spent $795 to depose Mr. Delfgauw to prove the issue, and Plaintiff should be compensated by this amount. The receipt for the expenditure is in Exhibit B.

    s/ Nathen Barton                          6/9/2022
       (signed)                                    (Dated)

Nathen Barton
(718) 710 5784
4618 NW 11th Cir
Camas WA 98607

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court using the Electronic Filing (CM/ECF) system, which will send notification of such filing to all counsel of record and all pro se parties registered to use the CM/ECF system.

    s/ Nathen Barton                          6/9/2022
     Nathen Barton                                  (Dated)