1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10 | NATHEN BARTON,

11 |                          Plaintiff,

12 |         v.

13 | JOE DELFGAUW, *et al.*

14 |                          Defendants.

CASE NO. 3:21-cv-05610-JRC

ORDER

15

16          This matter is before the Court on the parties' consent (Dkt. 38) and on plaintiff's

17 motions for Rule 37 relief. *See* Dkts. 165, 167, 168. The Court also addresses the parties'

18 motions for summary judgment. *See* Dkts. 173, 181, 187.

19                                   **DISCUSSION**

20     **I.     Rule 37 Motions**

21            **A.  Motion to Compel**

22          Plaintiff moves the Court to compel discovery responses. *See* Dkt. 165. A motion to

23 compel may be filed when a party disagrees with the objections interposed by the other party and

24

1    wants to compel more complete answers. *See* Fed. R. Civ. P. 37(b)(2). The Court has wide

2    discretion in controlling discovery. *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011).

3            On May 17, 2022, the Court conducted a hearing to address discovery disputes between

4    the parties and issued orders regarding the many discovery disputes that have arisen in this

5    action. *See* Dkt. 163. The Court overruled several objections raised by defendants and ordered

6    them to provide responses within 10 days of the Court's order. *See id.* Therefore, the deadline for

7    defendants to provide responses was May 27, 2022. In his motion to compel, plaintiff informs

8    the Court that defendants failed to provide any responses by that date. *See* Dkt. 165, at 2.

9    Plaintiff states that defendants provided some responses on June 1, 2022, but acknowledges that

10   otherwise defendants did not respond to eight ordered responses, which is in direct violation of

11   the the Court's order. *See id.*

12           On June 13, 2022, instead of filing a response to plaintiff's motion to compel,

13   defendants' attorney filed a declaration stating, under penalty of perjury, that she "provided

14   [plaintiff] with answers to all of the outstanding discovery that the court ruled needed to be

15   responded." Dkt. 172, at 2. The declaration does not mention the defendants' failure to file

16   responses in a timely manner or provide any justification for disobeying the Court's order that

17   responses were due within ten days. *See generally* Dkt. 172. Attached to the declaration is an

18   email from plaintiff to defendants' attorney telling her to "file a response that sets forth that you

19   have amended all other responses to mutual satisfaction, and we will resolve this last issue in

20   court." *Id.* at 1. In his reply brief, plaintiff informs the Court that this one discovery issue

21   remains unresolved. *See* Dkt. 177, at 1.

22           The remaining discovery dispute concerns Interrogatory No. 6 that plaintiff propounded

23   on defendant Starter Home. *See id.* at 2. Specifically, the interrogatory asks for "any and all

24

ORDER - 2

1   Federal Trade Commission Subscription Account Numbers that [defendant] used to download

2   the 360 area code of the Do Not Call Registry no more than 30 days before any day when

3   [defendant] texted phone number (360) 910 1019." Dkt. 165, at 6. During its discovery

4   conference, the Court overruled defendant's relevance objection to this interrogatory and ordered

5   defendant to provide an answer to plaintiff within 10 days. In its amended response, defendant

6   states that "Federal Commission Subscription Accounts are not required when responding to a

7   request for communication." *Id.*

8          Defendant's response is unclear and thus unresponsive. It is unclear whether defendant is

9   saying that it does not have an account number or whether it is again objecting based on

10  relevance, which would be directly disobeying the Court's order on this interrogatory.

11  Accordingly, the Court orders defendant to answer clearly whether they had an account number

12  when they contacted the phone number at issue and, if so, to list the account number. Defendants

13  shall respond within ten days of this order.

14         The circumstances of this case also require an extension of certain pretrial deadlines.

15  Specifically, the Court must extend the discovery and dispositive motion deadlines because the

16  Court is ordering further responses and because of late disclosures made by defendants, as

17  discussed below. Therefore, the Court extends the discovery deadline to September 23, 2022.

18  The dispositive motion deadline is also extended to October 21, 2022. All other deadlines remain

19  the same.

20         Finally, the Court finds the circumstances of defendants' unexplained late responses, and

21  failure to answer an interrogatory that had already been ordered by the Court, warrants sanctions.

22  "Belated compliance with discovery orders does not preclude the imposition of sanctions." *North*

23  *Am. Watch Corp. v. Princess Ermine Jewels,* 786 F.2d 1447, 1451 (9th Cir.1986). Although a

24

ORDER - 3

1    prerequisite for imposing sanctions under Rule 37(b) is the existence of an "order," the term

2    "order" is broadly construed for purposes of imposing sanctions. *Unigard Sec. Ins. Co. v.*

3    *Lakewood Eng'g & Mfg. Corp.,* 982 F.2d 363, 368 (9th Cir.1992). The "order" need not be in

4    writing. *Henry v. Sneiders,* 490 F.2d 315, 318 (9th Cir), *cert denied,* 419 U.S. 832 (1974) (court

5    had orally requested that certain documents be produced).

6          Accordingly, the Court orders that defendants or their attorney pay $500.00 directly to

7    plaintiff and $500.00 to the Clerk of Court for their failure to obey the Court's order. Such

8    payment must be made within ten days of this order. Further disobedience of the Court's orders

9    will result in additional sanctions, as appropriate.

10          **B.  Motion to Exclude**

11          Plaintiff moves the Court for an order preventing defendants "from using any person not

12    already identified in their FRCP 26 disclosure as a 'witness to supply evidence on a motion, at a

13    hearing, or at a trial' for any evidence related to Table A or Table B," which is a spreadsheet

14    produced by defendants that lists the IP addresses they claim plaintiff used when he consented to

15    be contacted. Dkt. 167, at 7. Plaintiff's motion was premature at the time it was filed because

16    defendants had not yet designated any other witnesses. However, six days after plaintiff filed his

17    motion—and nine days before the close of discovery—defendants filed supplements to their

18    initial disclosures that list witnesses not previously disclosed. *See* Dkts. 170, 171. Defendants

19    then filed a response a week later in which they ignore the timeliness of their supplemental

20    answers and argue that they have provided plaintiff what he asked for. *See* Dkt. 176. In his reply,

21    plaintiff claims that the new witnesses should be excluded because defendants deprived him of

22    the opportunity to conduct discovery regarding these witnesses. *See* DKt. 179, at 3.

23

24

1       Federal Rule of Civil Procedure 26(a) requires that a party provide "the name . . . of each

2  individual likely to have discoverable information--along with the subjects of that information--

3  that the disclosing party may use to support its claims or defenses, unless the use would be solely

4  for impeachment." Rule 26(e)(1)(A) requires that disclosures be supplemented "in a timely

5  manner." The purpose of these "disclosures is to identify those witnesses that a party intends to

6  use at trial." *Vieste, LLC v. Hill Redwood Dev.*, Case No. 09-cv-4024-JSW (DMR), 2011 WL

7  2181200, at *3 (N.D. Cal. June 3, 2011). Rule 37(c)(1), in turn, states that "[i]f a party fails to

8  provide information or identify a witness as required by Rule 26(a) or (e) the party is not allowed

9  to use that information or witness to supply evidence on a motion, at a hearing, or at a trial,

10  unless the failure was substantially justified or harmless." Thus, "Rule 37(c)(1) gives teeth to

11  [Rule 26's] requirements . . . ." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101,

12  1106 (9th Cir. 2001).

13       As the Ninth Circuit recently held, "Rule 37(c)(1) is an 'automatic' sanction that

14  prohibits the use of improperly disclosed evidence." *Merchant v. Corizon Health, Inc.*, 993 F.3d

15  733, 740 (9th Cir. 2021) (citing *Yeti by Molly*, 259 F.3d at 1106). However, the Ninth Circuit

16  clarified that it "is automatic in the sense that a district court *may* properly impose an exclusion

17  sanction where a noncompliant party has failed to show that the discovery violation was either

18  substantially justified or harmless." *Id.* (emphasis in original). Thus, the Court must determine

19  whether the late disclosure is either substantially justified or harmless, and if not substantially

20  justified, what sanction is appropriate.

21       Plaintiff points out that defendants do not provide any justification for the late disclosure

22  and he claims that the late disclosure is not harmless because it deprived him of the opportunity

23  to conduct discovery and because conducting further depositions will be costly. *See* DKt. 179, at

24

3. Indeed, in their response, defendants ignore the fact that their supplements come nine days before the close of discovery and do not explain why the witnesses were not disclosed earlier. *See generally* Dkt. 176. Defendants simply claim that plaintiff has received the information he requested and has not been "in any way prejudiced." *Id.* at 4.

The Court concludes that the late disclosure is not substantially justified, but because there is no trial date set and because the Court is extending the discovery deadline, the harms alleged by plaintiff can be cured. However, defendants' failure to follow the rules warrants additional sanctions.

Accordingly, the Court denies plaintiff's motion to exclude, but instead imposes an additional sanction of $500.00, which is to be paid to the Clerk of Court within ten days. Dkt. 167.

## C.  Motion for Costs

Plaintiff seeks to recover deposition costs pursuant to Federal Rule of Civil Procedure 37(c)(2), which provides that a party who fails to admit a fact under a request for admission that is later proved to be true may be assessed the costs and fees of establishing the truth of the fact. Plaintiff's motion is based on his argument that he "proved" true a denial made by defendant Xanadu Marketing Inc. that IP address 71.238.123.34 was the only address defendant claimed plaintiff opted in from. *See* Dkt. 168, at 3. Defendant's "response" to plaintiff's motion seems to address other motions filed by plaintiff and does not address his motion for costs. *See generally* Dkt. 175.

Despite defendant's deficient response, the Court denies plaintiff's motion as prematurely filed. Pursuant to the Advisory Committee Notes, "Rule 37(c) is intended to provide posttrial relief in the form of a requirement that the party improperly refusing the admission pay the

1   expenses of the other side in making the necessary proof at trial." Fed. R. Civ. P. 37 (Advisory

2   Committee Notes (1970 Amendment)); *see also* Wright, Miller & Marcus, Federal Practice and

3   Procedure Civil 2d § 2290 ("If a party has failed to admit a matter when requested to do so

4   under Rule 36, and the requesting party thereafter proves the truth of the matter, the requesting

5   party may move after trial for an order that the party refusing to admit pay the reasonable

6   expenses incurred in making that proof, including reasonable attorney's fees."); *Keithley v. The*

7   *Home Store.com, Inc.,* No. C–03–04447 SI (EDL), 2008 WL 2024977 at *2 (N.D. Cal. May 8,

8   2008) (quoting 7 James Wm. Moore, et al., Moore's Federal Practice ¶ 37.75 (3d ed. 1997)

9   ("However, the rule which provides for such sanctions is intended to provide post-trial relief and

10  in the vast majority of circumstances, it would be inappropriate for counsel to seek expense

11  shifting sanctions prior to completion of trial. As a practical matter, it generally is necessary to

12  complete a proceeding before a court would be able to conclude that the moving party had

13  proven the truth of the matter for which an admission was requested, because a court must

14  consider all rebuttal evidence before it may determine what has been proven.")).

15      Accordingly, the court denies plaintiff's motion without prejudice to raising it again after

16  trial or other disposition of this matter.

17      **II.    Motions for Summary Judgment**

18      On June 14, 2022, plaintiff filed a motion for summary judgment on defendants'

19  counterclaims. *See* Dkt. 173. Subsequently, on June 28, 2022, plaintiff filed a motion for partial

20  summary judgment. *See* Dkt. 181. On July 18, 2022, defendants filed a cross-motion for

21  summary judgment and response to plaintiff's motion for partial summary judgment. *See* Dkt.

22  187. The Court strikes these motions for summary judgment for the following reasons.

23

24

ORDER - 7

1    First, the Court ordered the parties not to submit motions for summary judgment until

2 after the close of discovery due to the parties' ongoing discovery disputes and inability to resolve

3 issues without the Court's involvement. *See* Dkt. 153, at 4. Despite the Court's order and despite

4 the fact that the parties were still engaged in discovery disputes, plaintiff filed a motion for

5 summary judgment before the close of discovery. *See* Dkts. 124 (setting discovery deadline on

6 June 22, 2022); 153 (plaintiff's motion for summary judgment filed on June 14, 2022). Second, a

7 party may not file contemporaneous dispositive motions directed toward a discrete claim or issue.

8 *See* Local Civil Rule ("LCR") 7(e)(3) ("Absent leave of the court, a party must not file

9 contemporaneous dispositive motions, each one directed toward a discrete issue or claim."). Plaintiff

10 filed two contemporaneous motions for summary judgment on discrete issues without leave of court.

11 *See* Dkts. 173, 181.

12    Finally, the reason for the Court's order preventing the parties from filing motions for

13 summary judgment until the close of discovery persists. *See* Dkt. 153. As discussed above,

14 defendants' late disclosure of several witnesses and failure to respond to other discovery requests

15 requires an extension of discovery, which may yield pertinent evidence to allow the Court to properly

16 decide any motion for summary judgment.

17    Based on the foregoing, and pursuant to Local Civil Rule 7(e)(3) and the Court's

18 discretion to manage its docket in an efficient manner, the Court strikes the pending summary

19 judgment motions (Dkts. 173, 181, 187) with leave to refile after the close of discovery.

20 However, because of the parties' disregard of the Court's previous orders regarding the filing of

21 dispositive motions, the Court orders the parties to file a proposed joint briefing schedule for

22 dispositive motions after they have completed discovery. They must do so no later than

23 September 30, 2022. Any motions for summary judgment filed before the Court approves a

24

briefing schedule will be stricken from the docket and the Court will consider additional sanctions.

Because the Court strikes the motions for summary judgment, plaintiff's motion for leave to file over-length brief in response to defendants' motion for summary judgment (Dkt. 190) is denied as moot.

**CONCLUSION**

The Court orders as follows:

- Plaintiff's motion to compel (Dkt. 165) is granted. Defendant shall respond in accordance with this Order within ten days. Defendants or their attorney shall pay $500.00 directly to plaintiff and $500.00 to the Clerk of Court for their failure to obey the Court's order. Such payment must be made within ten days of this Order.

- The Court extends the discovery deadline to September 23, 2022 and the dispositive motions deadline to October 21, 2022. All other deadlines remain unchanged.

- Plaintiff's motion to exclude (Dkt. 167) is denied. Defendants or their attorney shall pay $500.00 to the Clerk of Court for their failure to obey the Federal Rules of Civil Procedure. Such payment must be made within ten days of this Order.

- Plaintiff's motion for costs (Dkt. 168) is denied without prejudice to raising it again after trial or other disposition of this matter.

- The Court directs the Clerk to strike the parties' motions for summary judgment (Dkts. 173, 181, 187). The parties may refile after the close of discovery and according to a briefing schedule approved by the Court. The proposed briefing schedule must be filed by September 30, 2022.

- Plaintiff's motion for leave to file over-length brief (Dkt. 190) is denied as moot.

Dated this 20th day of July, 2022.

J. Richard Creatura
Chief United States Magistrate Judge