1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10   NATHEN BARTON,

11                      Plaintiff,

12           v.

13   JOE DELFGAUW, *et al.*,

14                      Defendants.

CASE NO. 3:21-cv-05610-JRC

ORDER ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT

15

16          This matter is before the Court on the parties' consent and on their cross-motions for

17   summary judgment. *See* Dkts. 247, 249, 251, 253. The Court denies the request for oral

18   argument, which is not necessary to resolve the issues presented in the motions.

19          Plaintiff is a *pro se* litigant who has brought over a dozen actions in this district, and

20   many more in other courts, seeking to recover damages for violations of the Telephone

21   Consumer Protection Act ("TCPA") and similar state laws. In this action, he mainly seeks to

22   hold defendants liable for sending solicitations to his phone number, which he alleges he

23

24

1  purchased for his son, while the number was registered on the National Do Not Call ("DNC")

2  registry.

3      Defendants do not contest that they called and texted plaintiff's phone number while it

4  was registered on the DNC registry. However, defendants contend that plaintiff files TCPA

5  claims as a business and this action is part of a fraudulent scheme to abuse the judicial system

6  and the TCPA. As such, defendants counterclaim for fraud.

7      Both sides move for summary judgment on plaintiff's TCPA claims and defendants'

8  counterclaims for fraud. They both argue that there are no disputed issues of material fact for this

9  case to proceed to trial. The Court disagrees. The success of the parties' motions depends on

10  evidence that plaintiff consented to be contacted by defendants so that he may bring a TCPA

11  claim. Both sides have presented evidence as to that issue, and that evidence is disputed.

12  Therefore, this issue needs to be weighed by a jury. Accordingly, the Court denies the parties'

13  motions for summary judgment.

14                                    **BACKGROUND**

15      Plaintiff, proceeding *pro se*, initiated this action on August 23, 2021, when he filed a

16  complaint seeking to hold several defendants liable for a series of text messages and calls they

17  made to his son's phone beginning on April 1, 2021. *See* Dkts. 1, 83. Plaintiff claims that

18  defendants violated the TCPA and Washington state law because he had registered the phone

19  number on the National Do Not Call registry "more than 31 days before April 1, 2021" and

20  claims not to have given defendants consent to contact the phone number with solicitations. Dkt.

21  83 at 2–4. Plaintiff seeks injunctive relief, statutory damages, and treble damages. *See id.* at 19.

22      Defendants claim that plaintiff manufactured this TCPA claim. They point to plaintiff's

23  involvement with TCPA University, an organization that offers consulting on TCPA claims, and

24

1   the fact that plaintiff has filed over a dozen TCPA claims since 2021. *See*, *e.g.*, *Barton v.*

2   *LeadPoint Inc., et al.*, No. 3:21- cv-05372-BHS (W.D. Wash.); *Barton v. DirecTV LLC*, No.

3   3:21-cv-05423-BHS (W.D. Wash.); *Barton v. Asset Realty LLC, et al.*, No. 3:21-cv-05462-RJB

4   (W.D. Wash.); *Barton v. The Rian Group Inc.*, et al., No. 3:21-cv-05485-BHS (W.D. Wash.);

5   *Barton v. JMS Associate Marketing LLC, et al.*, No. 3:21-cv-05509-RJB (W.D. Wash.); *Barton*

6   *v. Serve All Help All Inc.* No. 3:21-cv-05338-RJB (W.D. Wash.); *Barton v. LendingPoint LLC, et*

7   *al.*, No. 3:21-cv-05635-BHS (W.D. Wash.); *Barton v. American Protection Plans LLC*, No.

8   3:21-cv-05669-BHS (W.D. Wash.); *Barton v. SelectQuote Insurance Services*, No. 3:21-cv-

9   05817-BHS (W.D. Wash.); *Barton v. America's Lift Chairs LLC et al.*, No. 3:21-cv-05850-BHS

10  (W.D. Wash.); *Barton v. Sopi Financial LLC, et al.*, No. 3:21-cv-05934-RJB (W.D. Wash.);

11  *Barton v. Allstate Insurance Company, et. al.*, No. 3:22-cv-5260-JRC; and *Barton v. Litigation*

12  *Practice Group PC, et al.*, 3:22-cv-05483-TLF. Defendants allege that, as part of a scheme to

13  manufacture TCPA claims, plaintiff caused his number to be submitted on one of defendants'

14  websites on April 1, 2021. Thus, as part of their answer, defendants filed counterclaims for fraud.

15  *See* Dkts. 20, 105.

16       Both parties moved for summary judgment on plaintiff's claims and on defendants'

17  counterclaims. *See* Dkts. 247, 249, 251, 253. In responses to defendants' motions, plaintiff

18  moved to strike portions of defendants' motions. *See* Dkts. 257, 259. Defendants did not file

19  reply briefs.

20                          **DISCUSSION**

21  **I.    Motions to Strike**

22       Plaintiff moves the Court to strike several "portions" of "Dkt 247" and "Dkt 253," which

23  are defendants' motions for summary judgment. Dkt. 257, 259. Defendants did not file replies to

24

1    plaintiff's response, thus, by extension, they did not reply to his motions to strike. *See* Dkt. After

2    considering plaintiff's motions, the Court grants them in part and denies them in part as follows.

3         The Court grants plaintiff's motions as to allegations that he opted in via

4    renttoownhomefinder.com. *See* Dkts. 257 at 2; 259 at 2. Plaintiff provides an admission from

5    defendants that plaintiff *only* opted in from educationschoolmatching.com. *See* Dkt. 258-7 at 28.

6    There is no evidence that defendants ever amended their answer.

7         The Court grants plaintiff's motion regarding defendants' affirmative defense of a failure

8    to mitigate damages. *See* Dkts. 257 at 4; 259 at 3. There is no need for a plaintiff to mitigate

9    damages in a TCPA case. *See N.L. v. Credit One Bank, N.A.,* Case No. 2:17-cv-01512-JAM-DB,

10   2018 WL 5880796, at *4 (E.D. Cal. Nov. 8, 2018) (rejecting argument that plaintiff who

11   "allowed the calls to continue after consulting with legal counsel" lacked standing to

12   bring TCPA claim); *see also Ahmed v. HSBC Bank USA, Nat'l Assoc.*, Case No. ED CV 15-2057

13   FMO (SPx), 2017 WL 5720548, at *2 (C.D. Cal. Nov. 6, 2017) (noting "weight of available

14   authority indicates there is no duty to mitigate statutory damages in . . . TCPA cases") (collecting

15   cases).

16        The Court also grants plaintiff's motion to strike Exhibit G (Dkt. 248-7 at 2) in

17   defendants' motion for summary judgment. Whether plaintiff bought new or used cell phones is

18   not relevant to this action.

19        The Court otherwise denies plaintiff's motions. The rest of plaintiff's requests are aimed

20   at defendants' arguments that plaintiff has fraudulently manufactured a TCPA claim. Plaintiff

21   mainly argues that defendants have not presented any evidence that he had a scheme to

22   manufacture a TCPA claim. However, as explained below, defendants have presented significant

23   circumstantial evidence of such a scheme.

24

1

## II.        Motions for Summary Judgment

2          Summary judgment is appropriate if a moving party shows that "there is no genuine

3    dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

4    Civ. P. 56(a). The materiality of a given fact is determined by the required elements of the

5    substantive law under which the claims are brought. *See Anderson v. Liberty Lobby, Inc.*, 477

6    U.S. 242, 248 (1986). Factual disputes that do not affect the outcome of the suit under the

7    governing law will not be considered. *Id.*

8          Where there is a complete failure of proof concerning an essential element of the non-

9    moving party's case on which the nonmoving party has the burden of proof, all other facts are

10   rendered immaterial, and the moving party is entitled to judgment as a matter of law. *See Celotex*

11   *Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson*, 477 U.S. at 254. Once the moving party

12   has carried its burden under Fed. R. Civ. P. 56, the party opposing the motion must do more than

13   simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec.*

14   *Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The opposing party cannot rest solely on

15   its pleadings but must produce significant, probative evidence in the form of affidavits, and/or

16   admissible discovery material that would allow a reasonable jury to find in his favor. *Id.* at n.11;

17   *Anderson*, 477 U.S. at 249–50. However, weighing of evidence and drawing legitimate

18   inferences from facts are jury functions, and not the function of the court. *See United Steel*

19   *Workers of Am. v. Phelps Dodge Corps.*, 865 F.2d 1539, 1542 (9th Cir. 1989).

20         When parties file cross-motions for summary judgment, as the parties have done here,

21   each motion "must be considered on its own merits." *Fair Hous. Council of Riverside Cty., Inc.*

22   *v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). The court must review the evidence

23   submitted in support of each cross-motion. *Id.*

24

1          **a.  TCPA Claims**

2          Both parties move for summary judgment on plaintiff's TCPA claims. *See* Dkts. 247,

3    251. The TCPA creates a cause of action for a person who receives more than one telephone call

4    within a 12-month period in violation of the corresponding regulations. *See* 47 U.S.C. § 227(c).

5    For purposes of the TCPA, the term "call" includes text messages. *Campbell-Ewald Co. v.*

6    *Gomez*, 577 U.S. 153, 156 (2016), *as revised* (Feb. 9, 2016). The regulation at issue here

7    prohibits telephone solicitations to residential telephone subscribers who have registered their

8    phone numbers on the DNC registry. *See* 47 C.F.R. § 64.1200(c)(2). However, even if a

9    telephone subscriber has registered his telephone number on the DNC registry, the caller will not

10   be subject to liability if it first obtained "the subscriber's prior express invitation or

11   permission" that is "evidenced by a signed, written agreement between the consumer and seller

12   which states that the consumer agrees to be contacted by this seller and includes the telephone

13   number to which the calls may be placed." 47 C.F.R. § 64.1200(c)(2)(ii).

14         The arguments the parties present in their motions are less than clear and scattered over

15   four motions. However, from what the Court is able to discern, the parties do not dispute that

16   defendants called (or texted) plaintiff more than once within a 12-month period to a phone

17   number registered on the DNC. Rather, the parties focus their motions on whether plaintiff

18   consented to the solicitations.

19         **1.  Consent**

20         Courts have found that a person can provide prior express permission by submitting a

21   web form with personal information when the web form includes a notice that the person agrees

22   to be contacted. *See*, *e.g., Morris v. Modernize, Inc.*, No. AU-17-CA-00963-SS, 2018 WL

23   7076744, at *6–8 (W.D. Tex. Sept. 27, 2018). "[P]rior express consent is an affirmative defense,

24

1    not an element of a TCPA claim." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037,

2    1044 n.3 (9th Cir. 2017). Thus, defendants bear the burden of proof. *Id.*

### A.  Defendants' Evidence

4           Defendants provide significant circumstantial evidence that plaintiff consented to be

5    contacted by submitting a web form containing his cell phone number. Specifically, defendants

6    provide evidence that the opt in occurred after plaintiff had possession of the phone number at

7    issue. *See* Dkt. 248-4 at 2. They also provide deposition testimony from Ivette Jimenez, the

8    previous owner of the phone number, who claims she has not listed the phone number on any

9    form after she changed her number. *See* Dkt. 248-3 at 4–5.

10          Defendants point to the fact that plaintiff has filed numerous TCPA cases in this district

11   and in state courts. *See* Dkt. 248-8 at 2. Defendants provide evidence that plaintiff has used the

12   number at issue in other cases. *See* Dkt. 247 at 10 (citing Cause No. 3:21-cv-05850-RJB); *see*

13   *also* Cause No. 3:21-cv-05338-RJB. Defendants provide evidence that plaintiff founded, or is at

14   least involved in some significant capacity with, TCPA University, which is an organization that

15   offers consultations regarding TCPA rights and teaches "a few tricks of the trade" so that people

16   can collect "tens of thousands of dollars" in TCPA claims. Dkt. 248-6 at 7. Defendants provide

17   evidence that a court in this district dismissed a TCPA action brought by plaintiff because it was

18   frivolous and concluded that plaintiff manufactured the claim. *See* Dkt. 247 at 8 (citing Cause

19   No. 3:21-cv-05372-BHS); *Barton v. Leadpoint, Inc.*, No. C21-05372-BHS, 2022 WL 1746664,

20   at *3 (W.D. Wash. May 31, 2022) ("The Court has little trouble concluding both that the claims

21   based on the calls Barton invited were frivolous, and that they were intended to harass Leadpoint

22   in the name of making telemarketers 'compensate' him.")

23   ///

24

### B.  Plaintiff's Evidence

Plaintiff provides a declaration stating that he did not consent to any of the defendants' solicitation calls. *See* Dkt. 252 at 2.

### C.  Analysis

Based on the evidence provided by the parties, the Court disagrees that there are no genuine issues of fact as to plaintiff's consent. In support of his motion, plaintiff argues that defendants have no admissible evidence that he consented. But circumstantial evidence is admissible, and defendants have submitted enough of it to survive summary judgment when viewed in the light most favorable to them. *See Toscano v. Pro. Golfers Ass'n*, 258 F.3d 978, 983 (9th Cir. 2001) ("[C]ircumstantial evidence can defeat a summary judgment motion only if inferences are drawn in the nonmovant's favor."). A reasonable inference can be made that plaintiff consented to be contacted so that he may bring a TCPA claim as business. *See Booth v. Appstack, Inc.*, No. C13-1533-JLR, 2016 WL 3030256, at *13 (W.D. Wash. May 25, 2016) (denying summary judgment because there was "sufficient circumstantial evidence before the court to reasonably conclude that some members of the TCPA Class consented").

As for defendants' motion, they simply ignore plaintiff's evidence that he did not consent. Plaintiff submitted a declaration that he did not complete a form online in which he consented for defendants to contact him. Dkt. 252 at 2. The presence of this declaration presents an issue of fact that must be determined by a jury. In a motion for summary judgment, the Court cannot weigh the evidence or make findings as to credibility. *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir.2009). That is a function for the jury to determine at trial.

Accordingly, the parties' motions are both denied as to plaintiff's TCPA claims.

///

2. **Standing**

Defendants also argue that plaintiff lacks Article III standing to bring this TCPA action. *See* Dkt. 247 at 18–20. To establish standing, a plaintiff must have suffered an (1) "injury in fact," (2) that is "fairly traceable" to a defendant's challenged conduct, and (3) that is "likely to be redressed" by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 589–90 (1992). The Ninth Circuit held that "[a] plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 342 (2016)) (emphasis in original).

Defendants argue that plaintiff has not been injured because he has conducted himself in a manner inconsistent with the TCPA's purpose. *See* Dkt. 247 at 19–20 (arguing that plaintiff's conduct does not show that he had an actual expectation of privacy). Although not explicitly framed as such, defendants appear to argue that plaintiff does not fall within the "zone of interests" protected by the TCPA. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Indeed, certain courts have found that plaintiffs lack statutory standing under the TCPA when they seek to receive or attract solicitations to bring TCPA claims. For example, a plaintiff was found to lack statutory standing because she purchased at least 35 cell phones and cell phone numbers for the express purpose of filing TCPA suits "as a business." *Stoops v. Wells Fargo Bank, N.A.* 197 F. Supp. 3d 782 (W.D. Pa. 2016). Another plaintiff was found to not have standing because he "kept re-purchasing pre-paid phone minutes, apparently in order to keep receiving unwanted calls" on a phone the plaintiff claimed to have purchased for his father. *Garcia v. Credit One Bank, N.A.*, No. 218CV191JCMEJY, 2020 WL 4431679, at *1, 3 (D. Nev. July 31, 2020).

1    However, the above cases are the exception. *See Perrong v. Victory Phones LLC*, Case

2    No. 20-5317, 2021 WL 3007258, at *6, n.5 (E.D. Penn. July 15, 2021) (noting that *Stoops* and

3    *Garcia* are "the narrow exception to TCPA statutory standing"). "Courts have declined to

4    find TCPA plaintiffs lack standing where the phone number [at issue] was not procured for the

5    express purpose of receiving calls on which to base future TCPA litigation." *Id.* at 5 (collecting

6    cases). In a recent decision from the Northern District of California, the court held that the

7    plaintiff's status as a "professional TCPA plaintiff" did not strip her of standing because there

8    was "no evidence that [the plaintiff] 'seeks to receive' or 'attract' telemarketing calls, or that any

9    of her other TCPA actions are frivolous." *Trim v. Mayvenn, Inc.*, No. 20-CV-03917-MMC, 2022

10   WL 1016663, at *3 (N.D. Cal. Apr. 5, 2022).

11   Here, defendants submit evidence that plaintiff has used at least five different numbers in

12   plaintiff's numerous TCPA lawsuits and that he is involved with TCPA University, which

13   suggests he is in the business of filing TCPA lawsuits like the plaintiff in *Stoops*. *See* Dkt. 248-6

14   at 7. Defendants have also submitted evidence that, unlike the plaintiff in *Trim*, plaintiff has been

15   found to have manufactured frivolous TCPA claims. *See* Dkt. 247 at 8 (citing Cause No. 21-

16   5372-BHS). However, the Court declines to grant summary judgment on this issue because

17   plaintiff claims that he bought the phone number at issue for his son to use, not for TCPA

18   litigation, and the Court must view evidence in the light most favorable to the nonmoving party.

19   *See* Dkt. 257 at 18–19. Whether plaintiff's claims regarding the phone number's purpose are

20   credible will have to be determined at trial.

21   Accordingly, defendants' motion for summary judgment on the issue of plaintiff's

22   standing is denied.

23   ///

24

### b.  State Law Claims

Plaintiff does not mention his state law claims until the conclusion of his motion for summary judgment—in which he asks the Court to award damages for violations of RCW 19.190.060(1) and 80.36.390(2). *See* Dkt. 251 at 24. Defendants do not address plaintiff's state law claims at all. *See generally* Dkt. 247 (defendants' motion for summary judgment), 255 (defendants' response to plaintiff's motion for summary judgment). Nevertheless, what plaintiff has submitted is not enough to warrant summary judgment on his state law claims.

Despite the parties' failure to provide the Court with the relevant law concerning plaintiff's state law claims, the Court notes that Washington prohibits businesses from sending commercial text messages to its residents:

> No person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service.

RCW 19.190.060(1). But a business does not violate this statute if it transmits a text message to a person who has "clearly and affirmatively consented in advance to receive these text messages." RCW 19.190.070(1)(b). Thus, the success of these claims—as with the TCPA claims—depend on whether plaintiff consented.

Further, on an issue of first impression, a Washington Court of Appeals recently held that, as it relates to RCW 19.190.070(1)(b), "whether a person provides express or implied consent is a question of fact to be determined from the totality of the circumstances." *Budke v. Dan's Herbs, LLC*, No. 82970-0-I, 2022 WL 17959245, at *3 (Wash. Ct. App. Dec. 27, 2022) (collecting cases). Accordingly, whether or not plaintiff consented is an issue of fact to be determined by a jury.

*///*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

### c.   Counterclaims for Fraud

Both parties move for summary judgment on defendants' counterclaims for fraud. *See* Dkts. 253, 249. However, the success of defendants' counterclaims based on fraud depend on whether plaintiff consented to be contacted so that he may bring a frivolous TCPA claim. The Court also denies these motions because, as explained above, issues of fact exist as to whether plaintiff provided consent to manufacture a TCPA claim.

### d.   Other Issues

Plaintiff moved the Court to pierce the corporate veil so that defendant Delfgauw may be found personally liable for the TCPA violations. The Court declines to reach this issue at this time because plaintiff has not shown that defendants violated the TCPA and defendants did not move for summary judgment as to defendant Delfgauw's personal liability. *See generally* Dkt. 247.

### CONCLUSION

Based on the foregoing, the Court denies the parties' motions for summary judgment. Dkts. 247, 249, 251, 253. Plaintiff's motion to strike is granted, in part, and denied, in part as explained in this Order. Dkts. 257, 259. The Court will hold a Status Conference in the coming weeks to determine the parties' readiness for trial.

Dated this 7th day of February, 2023.


J. Richard Creatura
United States Magistrate Judge

ORDER ON CROSS-MOTIONS FOR SUMMARY
JUDGMENT - 12