UNITED STATES DISTRICT COURT

IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHEN BARTON, <br><br> Plaintiff, <br><br> vs. <br><br> JOE DELFGAUW, XANADU MARKETING INC., STARTER HOME INVESTING INC., & JOHN DOE 1-10 <br><br> Defendants. <br> _____ <br><br> AND RELATED COUNTERCLAIM <br> _____ | Case No. 3:21-cv-05610-DGE <br><br> RESPONSE TO PLAINTIFF BARTON'S MOTION FOR CONTEMPT <br><br> NOTED FOR March 1, 2024 |

COMES NOW Defendants/Counterclaimants JOE DELFGAUW, XANADU MARKETING INC., STARTER HOME INVESTING INC., and respond to Plaintiff/Counter defendant's Motion for Contempt as follows. This motions is based on the following brief and the records and files herein.

Dated: February 26, 2024   s/Donna Gibson_____
Donna Gibson, WSBA #33583
Attorney for Defendants/Counterclaimants
JOE DELFGAUW, STARTER HOME
INVESTING, INC. and ZANADU MARKETING INC
103 E Holly St, Suite 313
Bellingham, WA  98225
(206) 242-5529
donna@donnagibsonlaw.com

**RESPONSE**

**ISSUE ONE – TIMELY PAYMENT OF SANCTIONS**

RESPONSE TO MOTION FOR CONTEMPT- 1 -

LAW OFFICE OF DONNA BEASLEY GIBSON
103 E Holly St Suite 313
Bellingham, WA  98225

**A. Counsel and Defendants/Counterclaimants should not be found in contempt regarding payment of sanctions.**

1. **Facts**

Sanctions were ordered on January 29, 2024. Counsel stated on the record that she would need a bit that she did not have that much money in her account. *See declaration of Counsel.* The following day was the first of the month and Ms. Gibson had rent, office rent and other bills due. She had a balance of less than $200 on January 29, 2024. There was a deposit that was made on February 1, 2024 or $400 and on the 1st of $550.00, small deposits trickled in through out the month. It was not until February 9 that a deposit in an amount to cover the sanctions was made. *See ExBA* to declaration of Donna Gibson. Ms. Gibson obtained a cashiers check and sent the payment to Mr. Barton via UPS next day air. That had to be done on Feb 10th because a hold was placed on the deposit. Ms. Gibson sent that information to Mr. Barton via email. *See Ex C* to Decl. of Donna Gibson. Ms. Gibson was under the impression based on a text message with her clients that they were going to advance the sanctions to the court directly to the court, however, that was not the case. They advanced those funds to her. *See Declaration of Donna Gibson* When that was discovered, she then obtained money order for the court and had it driven from Bellingham to Tacoma on February 20, 2024 (February 19 was a holiday and the court was closed). *See docket 338.*

2. **Argument**

Defense counsel paid sanctions as soon as she was financially able. She cannot be expected to magically have funds to pay $5000. The ability of a party to pay is one factor a court should consider when imposing sanctions. *In re Yagman*, 796 F.2d 1165, 1185 (9th Cir.), amended, 803 F.2d 1085 (9th Cir.1986). Circuits that have addressed this issue have held the sanctioned party has

RESPONSE TO MOTION FOR CONTEMPT- 2 -

LAW OFFICE OF DONNA BEASLEY GIBSON
103 E Holly St Suite 313
Bellingham, WA  98225

the burden to produce evidence of inability to pay. *In re Kunstler*, 914 F.2d 505, 524 (4th Cir.1990), cert. denied, 499 U.S. 969, 111 S.Ct. 1607, 113 L.Ed.2d 669 (1991); *Dodd Ins. Services, Inc. v. Royal Ins. Co. of America*, 935 F.2d 1152, 1160 (10th Cir.1991).

Ms. Gibson did not have the ability to immediately pay the sanctions order.  Nor did she have the ability to pay anytime before she sent funds to Barton on the 10th of February.

Ms. Gibson has attached a copy of her bank statement with the daily balance included.   At no time until she paid Mr. Barton did she have enough funds to do so.  The court ordered "immediate" payment on the record and counsel responded " I' m going to need some time."   She thought the defendants were paying the sanctions directly to the court as an advance on their fee payment, but later found out that the payment went directly to her and that was remedied as soon as practical.

B. **The Defendants should not be found in contempt for a statement about where they were on the 19th of January**.

As to the allegations, that defendant, his attorney and his corporal counsel somehow committed fraud of the Court. Defendant responds as follows.

1. **Facts:**

Defendant Joe Delfgauw was born, raised, and has lived in the state of Michigan his entire life.  *See Declaration of Edd Winkler*.  He has recently claimed residence in Florida, despite living half the year in Michigan. Defendant owns a home in Michigan as well as a home in Florida.*Id.* Defendant's home in Michigan is roughly twenty- three miles west of Grand Rapids Michigan,  *Id.* likewise, the business Defendants in this case are also located in Grand Rapids Michigan. *Id.*

RESPONSE TO MOTION FOR CONTEMPT- 3 -

LAW OFFICE OF DONNA BEASLEY GIBSON
103 E Holly St Suite 313
Bellingham, WA  98225

Therefore, for Mr. Winkler to state that the Defendant lived in the Grand Rapids area was not a fraud, but rather a reference to location and the largest city in that location. *Id.*

The majority of Defendants family (son and grandchildren as well as stepson) live in Michigan, Defendant owns real property in Michigan, maintains business locations in Michigan, maintains bank accounts in Michigan, and pays taxes and utility in Michigan. Defendant does have a Florida driver license and as stated above and now claims residence in Florida, this is due in part to the fact that he lost his father a few years ago and his elderly mother now lives alone in Florida which has prompted him to want to spend more time there. Defendant frequently travels between Michigan and Florida and regularly lives at both residences. *Id.*

**2.  Argument**

"A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). (citing Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986)). To determine a person's domicile, the Court may consider numerous factors, none of them controlling, including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." Lew, 797 F.2d at 750; see also Kyung Park v. Holder, 572 F.3d 619, 625 (9th Cir. 2009) and Choudhury v. Needham, No. CIV. 12-00008 ACK, 2012 WL 2526926, at *3 (D. Haw. June 28, 2012) (quoting same). *Armstrong v. Coghill*, Civ. No. 20-00275-ACK-RT (D. Haw. Nov 06, 2020)

Plaintiff sees his case crumbling around him and in his desperation attempts to distract this court from the issues once again. No fraud has been committed by Defendants.  Further any

RESPONSE TO MOTION FOR CONTEMPT- 4 -

LAW OFFICE OF DONNA BEASLEY GIBSON
103 E Holly St Suite 313
Bellingham, WA  98225

misdoing that the court may have found was likely addressed in its original sanction order which was hefty.

## CONCLUSION

Based on the above, Defendants respectfully requests that the Court deny Barton's motion for contempt. There is simply no basis for it.

Respectfully submitted this 26th day of February, 2024

                                               s/Donna Gibson_____
                                               Donna Gibson, WSBA #33583
                                               Attorney for Defendants/Counterclaimants
                                               JOE DELFGAUW, STARTER HOME
                                               INVESTING, INC. and ZANADU MARKETING INC
                                               103 E Holly St, Suite 313
                                               Bellingham, WA  98225
                                               (206) 242-5529
                                               donna@donnagibsonlaw.com