1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

NATHEN W. BARTON,

CASE NO. 3:21-cv-05610-DGE

12

Plaintiff,

v.

ORDER ON MOTION FOR
CONTEMPT (DKT. NO. 341)

13

JOE DELFGAUW et al.,

14

Defendants.

15

16      This matter comes before the Court on Plaintiff's motion for contempt.  (Dkt. No. 341.)

17   For the reasons discussed herein, Plaintiff's motion is DENIED.

18          **I.      FACTUAL AND PROCEDURAL BACKGROUND**

19      On January 8, 2024, Defendants' counsel, Donna Gibson, filed a motion for a

20   continuance or alternatively to withdraw as counsel.  (Dkt. No. 316.)  Ms. Gibson explained she

21   is a sole practitioner and that personal and professional difficulties were making it difficult for

22   her to fully engage in this case.  (*Id.*)  On January 9, 2024, the Court issued a minute order

23   concerning the pretrial conference in this case, which was scheduled for January 19, 2024.  (Dkt.

24

ORDER ON MOTION FOR CONTEMPT (DKT. NO. 341) - 1

1  No. 326.)  The Court ordered the parties to appear in person at the pretrial conference with their

2  attorney of record.  (*Id.*)  The Court emphasized that this meant "Defendant Joe Delfgauw and

3  the representatives of Xanadu Marketing Inc. (if different then Joe Delfgauw) and Starter Home

4  Investing Inc., SHALL appear in person at the Pretrial Conference on January 19, 2024."  (*Id.*)

5         On January 19, 2024, the Court held the pretrial conference.  Defendants did not appear.

6  Defendants' counsel told the Court that her clients, who live in Michigan, were unable to attend

7  the conference due to inclement weather.  (Dkt. No. 340 at 3.)  After hearing from the parties

8  concerning Defendants' lack of readiness for trial and the motion to withdraw filed by

9  Defendants' counsel, the Court ordered the parties to appear at a show cause hearing on January

10  29, 2024.  (*Id.* at 14.)  The Court also ordered Defendants' counsel to show cause, no later than

11  January 24, 2024, why Defendants should not be found in default.  (*Id.* at 14.)  The Court

12  advised Defendants' counsel that if they were not found in default, Defendants could expect the

13  Court to impose sanctions in excess of $1,000.  (*Id.*)

14         Defendants responded to the order to show cause on January 24, 2024.  (Dkt. No. 331.)

15  Defendants asked the Court to continue the trial date so they could find new counsel.  (*Id.* at 1.)

16  Defendants requested the Court not to find them in default for failing to appear, arguing there

17  was nothing in the text of the docket entry indicating Defendants needed to appear in person at

18  the pretrial conference.  (*Id.* at 2.)  Ms. Gibson argues she did not click on the attachment to the

19  January 9, 2024 minute order, which contained the Court's order directing Defendants to appear

20  at the pretrial conference.  (*Id.*)  Defendants also asked the Court not to sanction Defendants'

21  counsel or, alternatively, to impose a minimal sanction, taking into consideration Plaintiff's

22  behavior and challenges in the personal and professional life of Defendants' counsel that have

23  made it difficult for her to participate in this case.  (*Id.* at 5–10.)

24

1    On January 29, 2024, the Court held a show cause hearing.  During the hearing, Ms.

2    Gibson again claimed she was unaware her clients needed to attend the pretrial conference

3    because she did not click on the attachment to the January 9, 2024 minute order.  (Dkt. No. 346

4    at 28–29.)  Ms. Gibson also re-stated her claim that her clients were unable to attend the

5    conference due to bad weather in Michigan.  (*Id.*)

6    The Court declined to find Defendants in default, but imposed sanctions of $5,000, with

7    $2,500 going to Plaintiff and $2,500 going to the clerk of the Court.  (*Id.* at 29–30.)  Ms. Gibson

8    stated it would be "a while" before she would be able to pay the sanctions.  (*Id.* at 30.)  The

9    Court informed Defendants that while the sanctions should be paid immediately, Plaintiff should

10   be "reasonable" in his expectations concerning when he would receive the funds.  (*Id.* at 37.)

11   However, the Court cautioned Defendants that a delay of more than a few weeks would be

12   unacceptable and could lead to additional sanctions.  (*Id.*)  Ms. Gibson told the Court she hoped

13   to pay the sanctions within seven days.  (*Id.*)

14   On February 9, 2024, Plaintiff filed the instant motion for contempt.  (Dkt. No. 341.)  In

15   the motion, Plaintiff asserts Defendants failed to pay him despite the Court "order[ing] the

16   Defendants to pay a sanction of $2,500 to [Plaintiff] within 7 days."  (*Id.* at 1.)  Plaintiff further

17   alleges that Defendants "tried to pull a fraud" on the Court by claiming one of the defendants

18   resides in Michigan when he in fact lives in Florida.  (*Id.* at 1–2.)

19   On February 20, 2024, the Court received a $2,500 sanction payment from Defendants.

20                                    **II.        LEGAL STANDARD**

21   "[C]ourts have inherent power to enforce compliance with their lawful orders through

22   civil contempt."  *Spallone v. United States*, 493 U.S. 265, 276 (1990).  Civil contempt "consists

23   of a party's disobedience to a specific and definite court order by failure to take all reasonable

24

ORDER ON MOTION FOR CONTEMPT (DKT. NO. 341) - 3

1    steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust*

2    *Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).  The contempt need not be willful, and a person should

3    not be held in contempt if his or her action "appears to be based on a good faith and reasonable

4    interpretation of the court's order." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130

5    (9th Cir. 2006) (internal citation omitted).  Substantial compliance with a court order is also a

6    defense to civil contempt, as long as every reasonable effort has been made to comply.  *Dual-*

7    *Deck Video*, 10 F.3d at 695.

8         "The standard for finding a party in civil contempt is well settled: The moving party has

9    the burden of showing by clear and convincing evidence that the [nonmoving party] violated a

10   specific and definite order of the court." *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239

11   (9th Cir. 1999) (internal citation omitted).

12                            **III.    DISCUSSION**

13        **A.  Sanctions Payments**

14        In response to Plaintiff's motion, Ms. Gibson claims she did not have funds available to

15   make the sanctions payment until February 9, 2024.  (Dkt. No. 343 at 2.)  Ms. Gibson says she

16   sent Plaintiff a payment of $2,500 the next day and sent a $2,500 payment to the Court on

17   February 20, 2024.  (*Id.*)  Ms. Gibson asserts the delay in sending the payment to the Court was

18   due to a misunderstanding between her and her clients concerning whether her clients would

19   send the funds directly to the Court or whether they would forward the funds to her first.  (*Id.*)

20        "A party's inability to comply with a judicial order constitutes a defense to a charge of

21   civil contempt." *Affordable Media*, 179 F.3d at 1239.  "[I]n cases of civil contempt for failure to

22   comply with an order to pay money, the defendant may show in defense that [s]he is financially

23   unable to comply." *Cutting v. Van Fleet*, 252 F. 100, 102 (9th Cir. 1918).  However, Defendants,

24

ORDER ON MOTION FOR CONTEMPT (DKT. NO. 341) - 4

1    as the sanctioned party, have the burden to produce probative evidence of their inability to pay

2    the sanctions.  *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993).

3           Here, Ms. Gibson submitted bank statements and other financial information to support

4    her contention that she did not have funds to pay the sanctions assessed by the Court until

5    February 9, 2024.  (Dkt. Nos. 345-1; 345-2.)  Ms. Gibson also submitted documentation

6    indicating that she sent Plaintiff a check for $2,500 on February 12, 2024.  (Dkt. No. 345-3.)

7           Despite Plaintiff's contention, the Court did not specifically and definitively order

8    Defendants to submit their sanctions payments within seven days.  While the two-week interval

9    between the Court's order and Plaintiff's receipt of payment was not ideal, the Court accepts Ms.

10   Gibson's contention that the delay was due to her inability to pay and declines to find Defendants

11   in contempt.

12          **B.  Representation Concerning Defendant Delfgauw**

13          Ms. Gibson claims she did not mislead the Court concerning the residence of Defendant

14   Joe Delfgauw.  (Dkt. No. 343 at 3.)  Gibson contends Delfgauw has resided in Michigan his

15   entire life, but also owns a home in Florida.  (*Id.*)  Gibson claims Delfgauw frequently travels

16   between the two states, in part because his elderly mother resides in Florida.  (*Id.* at 4.)

17          A difference of opinion concerning whether Mr. Delfgauw resides primarily in Michigan

18   or Florida is not a valid basis for a civil contempt motion.  However, Plaintiff also argues Ms.

19   Gibson misled the Court concerning the reason her clients were absent from the pretrial

20   conference.  Plaintiff contends that on the day of the pretrial conference, Delfgauw was not in

21   Michigan and was not prevented from leaving the state due to bad weather.  (Dkt. No. 347 at 5.)

22   Plaintiff presents no evidence that Delfgauw was somewhere other than Michigan on the day of

23   the pretrial conference.  As for the weather, Plaintiff cites evidence from an online weather

24

1  monitoring website which purportedly establishes that the weather in Grand Rapids, Michigan

2  for the week of January 15, 2024 was mild and would not have prevented Delfgauw from

3  traveling to Washington State for the pretrial conference.  (*Id.* at 2.)  Ms. Gibson claims this is

4  incorrect, noting that she grew up in Michigan, has family there, and is "very familiar with the

5  weather cycles in that area."  (Dkt. No. 345 at 3.)

6       The Court will not engage in meteorological analysis and will not issue a finding of

7  contempt based on a difference of opinion about the weather.

8  **IV.    ORDER**

9       Plaintiff's motion for contempt (Dkt. No. 341) is DENIED.

10

11       Dated this 8th day of April, 2024.

12

13

                David G. Estudillo

14                  United States District Judge

15

16

17

18

19

20

21

22

23

24

ORDER ON MOTION FOR CONTEMPT (DKT. NO. 341) - 6