Honorable David G. Estudillo

# UNITED STATES DISTRICT COURT
# IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHEN BARTON, | Case No. 3:21-cv-05610-DGE |
| Plaintiff, | |
| vs. | MOTION TO (1) STRIKE PLAINTIFF'S "MOTION TO DISMISS COUNTERCLAIMS FILED IN WASHNGTION STATE COURT" (DKT 456) AND (2) FOR SANCTIONS AND (3) GENERAL RESPONSE TO PLAINTIFF'S MOTION TO DISMISS |
| JOE DELFGAUW, XANADU MARKETING INC., STARTER HOME INVESTING INC., & JOHN DOE 1-10 | |
| Defendants. | NOTED FOR FEB 27, 2025 |

COME NOW THE defendant s JOE DELFGAUW, XANADU MARKETING INC., STARTER HOME INVESTING INC., by and through their undersigned attorney of record and move this court for an order striking the Motion filed at Dkt 456 and for sanctions for filing a frivolous motion. This motion is based on the concurrently filed declaration of Donna Gibson and the records and files herein.

Dated: February 6, 2025

                                        s/Donna_Gibson_____
                                        Donna Gibson, WSBA #33583
                                        Attorney for Defendants/Counterclaimants
                                        JOE DELFGAUW, STARTER HOME
                                        INVESTING, INC. and XANADU MARKETING INC
                                        Law Office of Donna Beasley Gibson
                                        314 Pine Street, Suite 206

MOTION TO STRIKE, FOR SANCTIONS AND GENERAL RESPONSE 1
3:21-cv-05610-DGE -1

LAW OFFICE OF DONNA BEASLEY GIBSON
314 Pine St Suite 206
Mount Vernon, WA  98274

Mount Vernon, WA  98274
(206) 242-5529
donna@donnagibsonlaw.com

**MOTION TO STRIKE PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS FILED IN STATE COURT AND FOR SANCTIONS**

**This Motion is Noted Untimely and in Violation of the Civil Rule 7(d)**

Plaintiff Barton noted this and titled this as a motion to dismiss.  He has filed numerous motions to dismiss in this case and other cases he has filed in federal court.   Civil Rule 7(d) clearly states that motions to dismiss are to be noted as 28 day motions.   He filed this motion on January 16, 2025 and noted it for February 7, 2025 (which is 22 days from the date it was filed). According to the docket, it is noted for February 7, 2025.  According to the face of the motion, it is noted for 10/21/2024.  *See Dkt. 456.*  Neither the court nor Mr. Barton changed the noting date of this motion, despite it being a motion to dismiss.  Regardless, it is not noted properly and should be stricken for that reason.

Barton has field motions to dismiss in this court before and knows what the deadlines are.  For example, On 10/8/21 at Dkt  24, Barton wrongfully noted a motion to dismiss.   On 11/09/21 at Dkt 44 he filed a motion to dismiss.  On 11/22/21 he field a motion to dismiss at Dkt 47.

**This Court Lacks Jurisdiction to Hear this Motion**

Barton has noted in federal court a motion to dismiss claims filed in State Court.   Mr. Barton brought a lawsuit against Mr. Delfgauw for the same conduct and actions sued for in the instant case pending in federal court.   HE now files a motion in federal court to dismiss claims brought in state court – for an action filed against Delfgauw in state court in which Delfgauw brought claims in state court.  The merit and / or dismissal of any claims in state court should be addressed in state court and not federal court.

MOTION TO STRIKE, FOR SANCTIONS AND GENERAL RESPONSE   2
3:21-cv-05610-DGE  – 2

LAW OFFICE OF DONNA BEASLEY GIBSON
314 Pine St Suite 206
Mount Vernon, WA  98274

Once again Barton is not only grasping at straws, he is conflagrating the law and the issues. If counsel is reading his motion correctly, he is asking the federal court to dismiss claims in a state court matter. Federal court has no jurisdiction over the claims in state court. Federal courts have limited jurisdiction[1]. They can only hear cases involving disputes between residents of different states, questions of federal law, or federal crimes. U.S. Const. art. III, § 2, cl. 1.If Barton is asking federal court to dismiss federal claims because they were brought in state court, the claims in federal court were brought first (if any of them still remain)  and Barton filed his state court case knowing the claims were the same as federal court – or similar, or connected—and though the undersigned counsel does not represent the defendants in the state court case, the state court case should be dismissed. But that issue is not before this court.  Thus, the confusion and waste of time and resources once again faces defendants and this court.  At some point, this court need to put a stop to Barton and his legal smoke and mirrors.

If Barton's response is that he was confused – then strike the motion.  If Barton's response is that he is a mere pro se and didn't know any better, the court should not buy that argument either   He has filed over 50 lawsuits in state and federal court and should know what he is doing by now. Further, "While a pro se litigant is to be spared 'the harsh application of technical rules' he has no greater rights than any other litigant, and is not excused from the procedural requirements impose on all civil litigants. *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980 (1993).  Even further, Barton has had motions dismissed for being frivolous before, and had them stricken before for not being noted properly,

Again, as this motion was not noted properly and the court has no jurisdiction to hear it, defendants do not believe the motion merits any further response.

MOTION TO STRIKE, FOR SANCTIONS AND GENERAL RESPONSE   3
3:21-cv-05610-DGE  - 3

LAW OFFICE OF DONNA BEASLEY GIBSON
314 Pine St Suite 206
Mount Vernon, WA  98274

**The Court Should Impose Sanctions For Filing A Frivolous Motion**

Defendants request that this court impose sanctions on Mr. Barton.  Not only did he not file the rules on noting the motion, he filed it the wrong court and has wasted time and resources.  *See* Declaration of Donna Gibson.

s/Donna  Gibson_____
Donna Gibson, WSBA #33583
Attorney for Defendants/Counterclaimants
JOE DELFGAUW, STARTER HOME
INVESTING, INC. and XANADU MARKETING INC
Law Office of Donna Beasley Gibson
314 Pine Street, Suite 206
Mount Vernon, WA  98274
(206) 242-5529
donna@donnagibsonlaw.com
