Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHEN BARTON,<br><br>Plaintiff<br>v.<br><br>JOE DELFGAUW, XANADU MARKETING INC., STARTER HOME INVESTING INC, &<br>JOHN DOE 1-10<br><br>Defendant(s). | CASE NO. **3:21-cv-05610-DGE**<br><br>RESPONSE TO DKT 479 addressing<br><br>the FRCP 30(b)(1) deposition of<br><br>Joeseph Delfgauw |

## Introduction

In Dkt. 462, the Court discussed late disclosed phone calls *which call into question the veracity of Plaintiff's claim . . . and finds that limited additional discovery is needed* before going on to say *the Court finds that it is premature to rule on whether the calls were consensual, and that issue may be explored in limited discovery* because on the Court's listening to the calls but not understanding the context of the calls, it believed *they provide strong evidence to support the claim that Plaintiff Barton was (mis)using the identity of Ivette Martinez or Jimenez*. The

Court went on to say *[t]he telemarketers state that they are calling in response to Plaintiff's request for information, suggesting his consent to the call*.

It was with this background the Court allowed *both* parties to conduct depositions on topics. *Plaintiff must have the opportunity to depose . . . these topics, while Defendants must have the opportunity . . . regarding the same*:

1. Whether recordings of any other calls exist; how Defendants determined these recordings exist—and what knowledge they did or did not have of them earlier in this litigation

2. Defendants' practices regarding recording calls, informing call recipients that calls are being recorded, and storage and retention policies for those recordings;

3. Plaintiff's use of Ivette Jimenez/Martinez's identity, other pseudonyms, and any steps he took to initiate/opt-in to calls or texts under those names.

All of Mr. Barton's deposition questions were on these topics, although like any deposition there will be foundational questions building to the ultimate questions.

## Ms Dusen's misunderstanding is the genesis of the dispute

This deposition was immediately after Xanadu Marketing's 30(b)(6) deposition and Ms. Van Dusen carried over her misunderstanding in that deposition into this deposition.

Q.  Will you please answer the question about the IP address on this click?
A.  No, because it has nothing to do with the recorded phone calls.

Q.  I keep going back to the judge's order: "Any steps he took to initiate, slash, opt in to calls or texts under those names."
A.  That was for you.
A.  Right, Dawn?

MS. VAN DUSEN: **It's for you, Mr. Barton**.

## Ms. Van Dusen Frustrated the 30(b)(1) Deposition

1  Ms. Van Dusen did not like questions related to topic #3 and so repeatedly instructed Mr.
2  Delfgauw not to answer.

3  **#1 – Exhibit A Pages 24-26**

4  It is an admitted fact that the Defendants paid for at least one opt in in the case.

> **ADMISSION NO. 87:** Admit that an entity under your control paid an Affiliate Marketer for at least one "opt in" shown on Dkt. 188-7.
>
> **ANSWER:**
>
> RESPONSE TO ADMISSION 87
> Admitted

10  In an earlier deposition Mr. Delfgauw testified that if he wanted, he could have traced the
11  person who opted in "all the way back to a Facebook ad or an e-mail or something".

> "So I guess I don't understand the, yeah, could I have traced it all the
> way back to a Facebook ad or an e-mail or something? If I have to, I
> probably can" NB045 Page 36:22-25.

14  Whether or not this Facebook account or email address or something is tied to a opt in
15  pseudonym is directly related to Topic #3, and Mr. Delfgauw was asked:

> Q. (By Mr. Barton) So the question that I have is did you ever go back
> and follow up to see what that Facebook ad was or what that email was
> or what that something was that led the affiliate marketer to this person
> that opted in?

19  Ms. Van Dusen directed Mr. Delfgauw not to answer. Exhibit A at 25:5-6. And he didn't.
20  *Id* at 26:19-24.

21  **#1 – XXX Page 29-31**

22  Xanadu Marketing was previously asked if they had any information a form spammer or
23  spam bot was used to create an opt in in this case, and Xanadu had said "Defendant has
24  purposely not sought such information". Mr. Barton followed up to see if Mr. Delfgauw knew

1  about any subsequent investigation of Mr Barton using a form spammer/spam bot to opt with a

2  pseudonym. Mr. Delfgauw refused to answer. *Id* at 29:19-21, 30:9-11, 30:12-14, 30:24-25, and

3  31:6-8, because *[d]oes that have to do with call recordings?*

### #1 – XXX Pages 63-83

The third allowed deposition topic was *[p]laintiff's use of Ivette Jimenez/Martinez's identity, other pseudonyms, and any steps he took to initiate/opt-in to calls or texts under those names.* Mr. Delfguaw gave testimony related to this topic. First in Dkt 404 ¶5:

> It is my belief after research and through the information learned through the course of this litigation that Nathan Barton used Ivette's information to opt-in. Once the opt-in was made, a text message was sent to the phone number entered. Mr. Barton would not have been able to access that text message without having possession of the actual phone that received the phone number as such a response requires clicking on a link.

And then in Dkt 444 ¶7:

> I found validation that the text message was sent and clicked on, and prior to that the person with the same IP address that responded to the text message opted-in to receive these messages.

Questions on Mr. Delfgauw's link clicking testimony were fair game under Topic #3, yet Ms. Dusen and Mr. Delfgauw fought them off in 20 pages of the deposition transcript, pages 63-83, and these questions were what caused Ms. Van Dusen to flee the deposition.

### Ms Van Dusen frustrated the fair examination of the deponent

Ms. Van Dusen interrupted Mr. Barton before he could even get the question out. Exhibit A 5:20-6:5. 35:7. 36:13-16. 36:22-23. 46:2-4. 50:20-22. 52:19. 58:11. 61:8-9. 61:12. 61:19-25. 64:1-2. 65:23-24. 71:3-7. She objected because *she* didn't understand the question. *Id* at 14:23-15:6 18:22-24. 25:23-23. 81:9-17. She interrupted during the deponent's answering. *It* at 19:18-24. 37:16-18. 40:8-14. 45:14-18. 52:21-22. 60:13-14. 63:18-21. 70:5-7. 73:2. 79:6. 80:19. 80:21-

22. She gave speaking objections.  *Id* at 23:8-14. 24:15-23. 40:4-6.45:22-25. 51:9-52:3. 43:23-54:12. 65:1-17. 66:1-12. 67:1-68:15. 70:24-71:1. 72:19-73:2. 73:6-14. 73:17-74:9. 74:13-75:15. 80:24-81:2. 81:19-24. 82:5-21.

### Relief Requested

Mr. Barton answered their questions for over an hour with just one objection and in return Ms. Van Dusen frustrated this one.  Mr. Delfguaw's deposition needs to continue, and Ms. Van Van Dusen should pay for it.

April 28, 2025


  (Nathen Barton)

Nathen Barton
(360) 241 7255
4618 NW 11th Cir
Camas WA 98607
FarmersBranch2014@gmail.com

### I.   CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2025, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF System, which will automatically generate a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF System, which includes the Defendant.  The said Notice of Electronic Filing specifically identifies recipients of electronic notice.

  /s/ Nathen Barton
   Nathen Barton