Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHEN BARTON, | CASE NO. **3:21-cv-05610-DGE** |
| Plaintiff | JOINT DISCOVERY STATEMENT |
| v. | |
| JOE DELFGAUW, XANADU MARKETING INC., STARTER HOME INVESTING INC, & JOHN DOE 1-10 | |
| Defendant(s). | |

In Dkt. 486, the Court said

Defendants put the issue of text message opt-ins at issue in the present dispute by discussing it in their declarations accompanying their production of phone call recordings . . . Plaintiff may send no more than five (5) interrogatories . . . to Defendant about his statement in Paragraph 7 of his declaration at Docket 444 that "I found validation that the text message was sent and clicked on, and prior to that the person with the same IP address that responded to the text message opted-in to receive these messages"

Mr. Barton propounded five interrogatories to Mr. Delfgauw on May 19, and Mr. Delfgauw responded on June 10 without a single objection. The responses, attached to this joint submission, are deficient.

**Generally**: FRCP 33(b)(3) says each interrogatory must be answered "fully" and under oath. The interrogatories are not answered under oath.

> 21  I declare that I answered the above question to the best of my knowledge, information and belief.
> 22  *Joseph Delfgauw*
>     Joseph Delfgauw

**Mr. Delfgauw's response:**

**Interrogatory #26**: Mr. Delfgauw put at issue what text message [hyperlinks] were clicked on, and the IP address(es) associated with the clicks. This interrogatory asked Mr. Delfgaw to list the full text of the text messages [so that we could see the full context and any instructions or contract language in the texts, as well as the full hyperlink(s)], and then asked Mr. Delfgauw to "explain what methodology was used to ascertain it was not clicked on, or ascertain it was clicked on and the corresponding IP address".

Mr. Delfgauw's response to Interrogatory #26 again says "I found validation that the text message was sent and clicked on, and prior to that the person with the same IP address that responded to the text message opted-in to receive these messages" but fails to list the full text of each text message, and then "explain what methodology was used to ascertain it was not clicked on, or ascertain it was clicked on and the corresponding IP address".

1   **Mr. Delfgauw's response:** [Mr. Delfgauw chose not to respond here]

2   **Interrogatory #27**: An opt in is consent to receive phone calls from specific entities. Mr.
3   Barton asked Mr. Delfgauw to identify the entity on whose behalf a clicked on [hyperlink] text
4   message was initiated to understand who else might have opt in records. Mr. Delfgauw did not
5   provide an understandable answer.

6   **Mr. Delfgauw's response:** [Mr. Delfgauw chose not to respond here]

7   **Interrogatory #28**: Mr. Barton asked Mr. Delfgauw to explain the relationship between
8   each text message [hyperlink] click and any subsequent phone calls to the 1019 phone number.
9   Mr. Delfgaow's response was non-responsive.

10  **Mr. Delfgauw's response:** [Mr. Delfgauw chose not to respond here]

11  **Interrogatory #29**: Again exploring the relationship between alleged consent for specific
12  entities to call the 1019 phone number, and who actually called the 1019 phone number in
13  response to [hyperlink] clicking, Mr. Barton asked on whose behalf was each subsequent phone
14  call initiated. Mr. Delfgauw's answer was non-responsive.

15  **Mr. Delfgauw's response:** [Mr. Delfgauw chose not to respond here]

16  **Interrogatory #30**: Mr. Delfgauw has stated multiple times "I found validation that the
17  text message was sent and clicked on, and prior to that the person with the same IP address that
18  responded to the text message opted-in to receive these messages". Most recently he said this in
19  his response to Interrogatory #26.  Mr. Delfgauw's answer to Interrogatory #27 is deficient and
20  his response to Interrogatory #30 is also deficient.

21  **Mr. Delfgauw's response:** [Mr. Delfgauw chose not to respond here]

22

23

24

June 17, 2025

_____
  (Nathen Barton)

Nathen Barton
(360) 241 7255
4618 NW 11th Cir
Camas WA 98607
FarmersBranch2014@gmail.com

**Defendant response to joint discovery dispute:**

Defendant has answered the interrogatories to the best of his information. It is either Mr. Delfgauw does not understand his question, does not have the information or Mr. Barton just don't like the answer. This is the full interrogatory questions with Mr. Delfgauw Answers:

In Dkt. 444 ¶7 you said: "I found validation that the text message was sent and clicked on, and prior to that the person with the same IP address that responded to the text message opted-in to receive these messages."
**INTERROGATORY NO. 26:**
For each **text message** that was sent to the 1019 phone number by a defendant in this lawsuit or on behalf of a defendant in this lawsuit between 3/25/2021 and 12/31/2021, give the full content of the text message and then explain what methodology was used to ascertain it was not clicked on, or ascertain it was clicked on and the corresponding IP address. Number your response for each text message sent starting at number one and counting up by one (1, 2, 3, 4, . . . .) because later interrogatories will refer to this list of text messages.
**ANSWER:**

As showed in Docket 444 Exhibit C:

| first | last | phone | email | ip | datetime |
|---|---|---|---|---|---|
| Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | 71.238.123.34 | 4/1/2021 14:04 |
| Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | 71.238.123.34 | 4/9/2021 18:29 |
| Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | 8.8.8.8 | 4/13/2021 17:58 |
| Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com |  | 4/13/2021 17:58 |
| Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com | 8.8.8.8 | 4/30/2021 15:50 |
| Ivette | Jimenez | 3609101019 | ivettealfredomartinez@gmail.com |  | 4/30/2021 15:50 |

DKT 444 Exhibit C was obtained from the server company, software company and SMS provider, which is not owned or operated by Mr. Delfgauw or his entities. I found validation that the text message was sent and clicked on, and prior to that the person with the same IP address that responded to the text message opted-in to receive these messages.
1. I believe on April 1, 2021 at 14:04 EST, Nathan Barton filled out the form in DKT 444-4 (Rent to Own), which prompted Mr. Barton to receive a text message from Rent to Own at 14:04 EST. I believe Mr. Barton used the name Ivette Jimenez when he filled out the forms to opt in to receive text messages and phone calls. DKT 444 Exhibit C shows that a person from the same IP address 71.238.123.234 filled out a form from Defendants webpage on the date and time listed. Additionally, Mr. Barton admits he

received a text message on April 1, 2021 at the same time and he continued to click on the text message link that finally opened up the webpage that used the domain name Xanadutracking.com.  (DKT 83 at 4:11-24 – 5:1-8).

Mr. Barton admits that when he received a text message, he would click on it to investigate who it was coming from.  Because Mr. Barton continued to fill out forms, then click on the text message instead of opting out he continued to receive text messages and phone calls.

2.  On April 9, 2021 at 18:29 EST DKT 444 Exhibit C shows that Mr. Barton filled out a form from the IP address 71.238.123.34, using his number 360-910-1019, and Ivette Jimenez name.  Mr. Barton admits to receiving a text message on this date and did not opt out after receiving it. (DKT 83 at 8:15-18).

3.  On April 13, 2021 at 17:58 EST, DKT 444 Exhibit C shows that Mr. Barton filled out a form from Defendant owned webpage.   The form was filled out from IP address 71.238.123.234 (8.8.8.8 indicates a duplicate of 71.238.123.234).  DKT 444 Exhibit C provides that IP address opted in twice, it is believed that Mr. Barton double clicked due to a slow web connection.  Plaintiff stated he received a phone call on this date from Rent to Own (DKT 83 at 9:15-18).  Defendant has evidence of the phone call from April 13, 2021, that provides Mr. Barton's voice allowing the call to last 7 minutes and states his name is Mr. Ivette. Again, Mr. Barton does not use his real name or request the agent to stop calling him.

4.  On April 30, 2021 at 15:50 EST DKT 444 Exhibit C shows that Mr. Barton clicked and filled out a form from Defendants webpage.  The form was filled out from IP address 71.238.123.234 (8.8.8.8 indicates a duplicate of 71.238.123.234).   Even though DKT 444 Exhibit C provides that the IP address opted in twice, it is believed that Mr. Barton double clicked due to a slow web connection. Mr. Barton does not admit that he received a text on this date but does admit to receiving a phone call on this date from Rent to Own (DKT 83 at 9:15-18).  Defendant has evidence of the phone call on April 30, 2021, that provides Mr, Barton's voice furthering the call for 3 minutes and states his name is James Martinez.

**INTERROGATORY NO. 27:**
For each text message in <u>INTERROGATORY NO. 26</u> you claim was clicked on, identify the entity on whose behalf the text message was initiated.  Use the numerical designators from <u>INTERROGATORY NO. 26</u>, meaning that if there were 10 text messages sent, and if you claim text messages #2, #6, and #9 in your answer to <u>INTERROGATORY NO. 26</u> were clicked on, your response should be of the form:
#2 – ABC Inc, 123 main street, Seattle WA 98001
#6 - DEF Inc, 456 main street, Seattle WA 98002
#9 – HIG Inc, 789 main street, Seattle WA 98003

**ANSWER:**
Unknown as DKT 444 Exhibit C does not provide this information.  Defendant speculates the following:
1.  Rent to Own- Plaintiff admits to receiving this text and continuing to investigate that Defendant owned the text message.
2.  Unknown as Plaintiff does not state who the text message was from.
3.   Rent to Own- Voice recording of Plaintiff talking to a Rent to Own agent.
4.  Rent to Own- Voice recording of Plaintiff talking to Rent to Own agent

The Court ordered in Dkt. 486, 13:5-8: to immediately produce any report or record showing a relationship between text-message opt-ins and phone calls to Plaintiff's number as it relates to the Ivette Jimenez/Martinez calls currently in dispute.

**INTERROGATORY NO. 28:**
What is the relationship between each text message click and any subsequent phone calls to the 1019 number?

For each explanation, identify the clicked text message from the numbered list in <u>INTERROGATORY NO. 27</u> and include the date and pacific standard time each phone call caused by the click was initiated to the 1019 phone number. Using the example answer in <u>INTERROGATORY NO. 27</u>, it should be of the form:

#2 –
    This click initiated a call on 10/12/2021 at 2:45pm
    This click initiated a call on 10/15/2021 at 4:12pm
    This click initiated a call on 11/2/2021 at 11:30am

#6 –
    This click initiated a call on 11/21/2021 at 10:37am

#9 –
    This click initiated a call on 12/21/2021 at 9:31am

**ANSWER:**
I believe Mr. Barton filled out forms from Defendants' webpage, which was the click that initiated the text messages and phone calls.   When Mr. Barton received text messages he admits "in every case, the links in the text messages redirected to intermediate links before finally opening a last webpage. . . . " DKT 83 at 5:6-8.  Mr. Barton never typed "stop" or opted out.  He encouraged the continued text messages to initiate a lawsuit.
When Mr. Barton receives phone calls from opting in, he states his name is Ivette Jimenez or James Martinez.   Mr. Barton admits that he encourages every call he receives for investigative purposes.  Again, this is another example of Mr. Barton not opting out and allowing these phone calls to "annoy him".

**INTERROGATORY NO. 29:**
For each click and related subsequent phone call you identify in **INTERROGATORY NO. 28**, on whose behalf was each subsequent phone call initiated?  Give each entity's full legal name and their address such that they could be served with a subpoena.

In your answer, build on your answer to INTERROGATORY NO. 28. For example:
#2 –
    The call on 10/12/2021 at 2:45pm was initiated on behalf of Entity 1 Inc, 135 Main Street Seattle WA 98600

    The call on 10/15/2021 at 4:12pm was initiated on behalf of Entity 1 Inc, 135 Main Street Seattle WA 98600

    The call on 11/2/2021 at 11:30am was initiated on behalf of Entity 2 Inc, 246 Main Street Seattle WA 98600

#6 –
    The call on 11/21/2021 at 10:37am was initiated on behalf of Entity 2 Inc, 246 Main Street Seattle WA 98600

#9 –
    The call on 12/21/2021 at 9:31am was initiated on behalf of Entity 3 Inc, 579 Main Street Seattle WA 98600

**ANSWER:**
 The recorded calls are attached.  I believe you have received this information numerous times.   You can listen to each one so you can refresh your memory of who you were talking to.  Just copy and paste the addresses below into the web browser.
1. 4/2/2021   https://cloud.dial-fusion.com/s/gMYYWgomRg5HWJr

JOINT DISCOVERY STATEMENT      - 6 / 4      NATHEN BARTON
CASE NO 3:21-CV-05610-DGE      4618 NW 11TH CIR
     CAMAS WA 98607

2. 4/13/2021  https://cloud.dial-fusion.com/s/YqE2BbxQjweZRws
3. 4/20/2021  https://cloud.dial-fusion.com/s/LT2GM4CtWbbJ9d3
4. 4/26/2021  https://cloud.dial-fusion.com/s/rYa4aywXWm9sfc7
5. 4/29/2021  https://cloud.dial-fusion.com/s/QmTPXMXQqzK4iXj
6. 4/30/2021  https://cloud.dial-fusion.com/s/Sye87cSbqkbBazZ
7. 11/17/2021  https://archive.dial-fusion.com/archive/2021-11-17/20211117-123417_103_INGROUP_3609101019_10209-all.mp3
8. 12/8/2021  https://archive.dial-fusion.com/archive/2021-12-08/20211208-145551_101_INGROUP_3609101019_10583-all.mp3
9. 12/8/2021  https://archive.dial-fusion.com/archive/2021-12-08/20211208-150516_101__3609101019_10583-all.mp3
10. 12/8/2021  https://archive.dial-fusion.com/archive/2021-12-08/20211208-150520_101_INGROUP_3609101019_10577-all.mp3
11. 12/8/2021  https://archive.dial-fusion.com/archive/2021-12-08/20211208-151024_101_INGROUP_3609101019_10239-all.mp3
12. 12/8/2021  https://archive.dial-fusion.com/archive/2021-12-08/20211208-151352_105_105Coaching_3609101019_6005-all.mp3
13. 12/10/2021  https://archive.dial-fusion.com/archive/2021-12-10/20211210-111826_101_INGROUP_3609101019_10583-all.mp3
14. 12/10/2021  https://archive.dial-fusion.com/archive/2021-12-10/20211210-112213_105_105Trans_3609101019_11683-all.mp3
15. 12/10/2021  https://archive.dial-fusion.com/archive/2021-12-10/20211210-112952_101__3609101019_10583-all.mp3
16. 12/10//22021  https://archive.dial-fusion.com/archive/2021-12-10/20211210-113116_105_105Trans_3609101019_4055-all.mp3
17. 01/06/2022  https://archive.dial-fusion.com/archive/2022-01-06/20220106-154731_101_INGROUP_3609101019_12106-all.mp3

**INTERROGATORY NO. 30:**
For each text message you list in your answer to INTERROGATORY NO. 27, what facts show that the person who responded to the text message is the person who opted-in to receive that text message on behalf of the entity you identified in INTERROGATORY NO. 27.
**ANSWER:**
It's the same IP address, phone number and name, Yvette Jimenez. The only way to click and opt in is to fill out the form as shown in DKT 444-4.  Mr. Barton claims that he did not fill out the form, but shows no evidence of requesting to opt-out when a text message or phone call came in. The deposition of Ms. Jimenez has been taken, and she testified that she does not have any information to support that she was the person that opted in under her information.  In fact, Ms. Jimenez feels harassed by Mr. Barton as this is the second lawsuit that she had to deal with Mr. Barton's false accusations.    Defendants' have a

protocol that if Mr. Barton would have texted stop or verbally told the agent to stop the calls, they would put his name on their "DNT" (do not call list). This would have immediately stopped any communication to Mr. Barton.

21  I declare that I answered the above question to the best of my knowledge, information and belief.

22  __*Joseph Delfgauw*_____ Joseph Delfgauw

*Dawn R. Van Dusen*
Dawn R. Van Dusen MSBA-P69647
Attorney for Defendants
2715 Airport Road
Adrian, MI  49221
517-270-2193