UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON, | CASE NO. 3:21-cv-05610-DGE |
| Plaintiff, | |
| v. | ORDER ON SANCTIONS AND REFERRAL UNDER LCR 83.3 |
| JOE DELFGAUW et al., | |
| Defendant. | |

## I    INTRODUCTION

This Court previously ordered Counsel Donna Gibson and Defendant Joe Delfgauw, on its own motion, to show cause why they should not be sanctioned under Rule 11, 28 U.S.C. § 1927, or the Court's inherent authority, for filing a stipulation in which they admitted to purposefully destroying evidence, a statement they now claim was false and was erroneously filed due to a lack of diligence. Specifically, Gibson says she failed to strike that sentence, as Deflgauw directed, from a draft of the stipulation prepared by Plaintiff. The Court accepts that representation as true. The Court finds that Gibson did not have ill-intent, but her lack of

diligence is consistent with her substandard quality of work throughout this litigation, which has already led to sanctions and contributed to this litigation being greatly protracted. Defendants have since hired new counsel from out of state, though Gibson formally remains on the case as local counsel.

The Court will not impose a sanction under Rule 11—even though it believes one is warranted—because Gibson's conduct does not satisfy the very high bar the Ninth Circuit has imposed on *sua sponte* Rule 11 sanctions. The Court finds that § 1927's criteria is satisfied, but will not impose a monetary penalty, because previous financial sanctions in this case have proven ineffective. The Court will not impose a sanction under its inherent authority because Gibson did not act in bad faith. Likewise, the Court will not impose a sanction on Delfgauw, as he does not have any apparent culpability. However, because of the Court's serious concern regarding Gibson's professional competency and past bar discipline, the Court will refer this matter to another judge to consider imposition of discipline under Local Civil Rule 83.3.

## II    BACKGROUND

The facts surrounding this matter, and the incredibly prolonged history of this Telephone Consumer Protection Act ("TCPA") case, were recounted in the Court's Order at Docket No. 462. To summarize: in their (so-far unsuccessful) efforts to prepare for trial, the Parties submitted a Joint Stipulated Facts for trial, Docket No. 378, which has since become the source of numerous problems. Defendants stipulated that they "did not have the invitation or consent from [Plaintiff]" to contact him, essentially stipulating away the main theory of their case, which contributed to the Court granting summary judgment to Plaintiff on Defendants' state law fraud counterclaim. (*See* Dkt. Nos. 462 at 3; 378 at 2; 416.)

1    At issue here, the stipulation also stated that "[t]he Dialer data was deleted to deprive

2    Barton of the evidence." (Dkt. No. 378 at 3, ¶ 30.)  The stipulation is signed by Plaintiff and by

3    counsel for Defendants, Donna Gibson. (*Id.* at 4.)  Defendants have since tried to walk away

4    from that stipulation.  They stated that they did not intentionally destroy any data, but

5    acknowledge data was lost due to a systems change. (Dkt. No. 429 at 2–3.)  Defendants state

6    that Plaintiff wrote ¶ 30 of the stipulation, and Mr. Delfgauw directed counsel to remove it from

7    the final stipulation, but it was not removed. (*Id.* at 2.)

8    The Court has already imposed a Rule 37 sanction as a result of this stipulation, in the

9    form of an adverse jury instruction, should this matter ever get to trial. (Dkt. No. 462 at 7.)  The

10   Court reasoned that Defendants should not be allowed to "simply disregard their own

11   unambiguous stipulation by arguing they should be relieved of the consequences of their

12   stipulation because they failed to diligently review it." (*Id.*)  In that same Order, the Court

13   ordered Counsel Donna Gibson and Defendant Joe Delfgauw to show cause why they should not

14   be further sanctioned under Rule 11, 28 § U.S.C. 1927, or the Court's inherent authority, for

15   making false representations. (*Id.* at 8.)  The Court noted:

16       Regardless of how it occurred, the Court is incredulous how any member of the bar could
         sign and submit a *stipulation* that their client *purposefully destroyed evidence* to deprive
17       an adversary of it, absent actual knowledge that such an extraordinary event had
         occurred. By stating that no such purposeful destruction occurred, Defendants and their
18       Counsel effectively admit making a false representation to the Court. Even assuming that
         the misrepresentation is the result of carelessness rather than malicious intent, as
19       Defendants claim, the carelessness falls far below the threshold of minimum professional
         competency and is part of a pattern of insufficient attention to truth or accuracy in
20       Defendants' papers.

21   (*Id.* at 7–8.)  In doing so, the Court recounted a sordid history of carelessness and sanctions that

22   have already been imposed or threatened in this case, including:

23

24

- Defendants were ordered to pay $1,000 in sanctions for failing to respond to a sanctions motion, and both Parties were sanctioned for needlessly involving the Court in discovery disputes. (Dkt. Nos. 163; 244 at 5.)

- Defendants were ordered to pay $1,000 in sanctions for failure to respond to dispositive motions and failure to provide discovery that had been ordered by the Court. (Dkt. No. 194 at 3–4.) When Defendants still failed to respond to the interrogatory that had been compelled, the Court sanctioned them in the form of establishing that a fact had been proven. (Dkt. No. 244 at 5–6.)

- Counsel Gibson moved to continue trial or withdraw from the case, citing car accidents in which she and her husband were injured, domestic disputes and sale of her home, illness including COVID, and the obligations of a criminal trial. (*See* Dkt. Nos. 316, 317.) The Court held a show cause hearing, in which Counsel Gibson discussed these struggles and the Court observed that she was "close to a personal breakdown" and that she did "not [have] the ability to proceed with this case." (*See* Dkt. No. 340 at 4–9, 15.) However, Defendant Delfgauw failed to appear for the hearing, which Counsel Gibson blamed on bad weather; this failure to appear significantly impeded the Court's ability to consider the motion to withdraw. (*See* Dkt. No. 340 at 3–4, 7–8.) During the hearing, the Court noted Counsel Gibson's history of sanctions in this case and past bar discipline. (*Id.* at 7.) The Court further noted that the motion to withdraw came just three weeks before trial, and that Counsel Gibson had filed a motion to withdraw admissions due to her failure to timely respond to requests for admission. (*Id.* at 8–9; *see also* Dkt. No. 312.) The Court granted the motion to continue trial and set a deadline by which Defendants would need to inform the Court if they decided to change counsel. (*See* Dkt. No. 338.) The Court also sanctioned Ms. Gibson and Mr. Delfgauw $2,500 each for the latter's failure to appear. (*See id.*) Ultimately, Defendants did not change counsel and Counsel Gibson remained on the case.

- The Court issued an Order to Show Cause why Counsel Gibson should not be sanctioned for false or misleading case citations (Dkt. No. 416 at 11–12), but ultimately declined to order sanctions. (Dkt. No. 462 at 8.)

In response to the Court's most recent Order to Show Cause, Counsel Gibson takes responsibility for the erroneous stipulation. She states that Plaintiff created an initial draft of the stipulation, she sent the draft to Defendant Delfgauw and his in-house counsel Ed Winkler, someone gave the direction to remove ¶ 30 concerning destruction of evidence but it remained in the final draft, and Gibson acknowledges this "may have been due to her oversight in reviewing the stipulation." (Dkt. Nos. 472 at 2.) In relation to a prior motion, Gibson filed a declaration

that included notes that indicated ¶ 30 should be stricken (Dkt. No. 427-1 at 2), and a subsequent red-line draft of the stipulation where the equivalent text (renumbered as paragraph No. 64) was not removed (Dkt. No. 427-2 at 6); but this work product does not fully explain what occurred. In any event, Gibson states that she "never directed anyone to withhold or destroy evidence." (Dkt. No. 472 at 2.)  She argues that Rule 11 sanctions are inappropriate because she had no "improper purpose" in presenting the stipulation.  (*Id.* at 4.)  She "acknowledges she should have been more attentive when agreeing to finalize the stipulation, but this oversight does not rise to the level of FRCP 11 sanctions."  (*Id.*)  Likewise, she argues that § 1927 sanctions are inappropriate because she "has not engaged in conduct that unreasonably and vexatiously multiplies proceedings."  (*Id.* at 5.)  Finally, she argues that inherent authority sanctions are inappropriate because she did not act in bad faith.  (*Id.*)  Mr. Delfgauw puts the blame for any error on Ms. Gibson, stating that she "breached her duty toward [Defendants] by being negligent and making false representations to this Court" and requesting that "any sanctions this court deems fit, be ordered on Donna Gibson alone."  (Dkt. No. 469 at 1.)

### III       DISCUSSION

### I. Legal Standards

The Court reviews the applicable legal standard for each of the categories of sanctions contemplated in this Order:

1.    <u>Rule 11 Sanctions</u>

Generally, Rule 11 sanctions may be imposed when "a pleading is '*both* baseless *and* made without a reasonable and competent inquiry.'"  *Lake v. Gates*, 130 F.4th 1064, 1068 (9th Cir. 2025) (quoting *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996)).  The standard is one of objective reasonableness and does not consider the attorney's subjective good

1   faith.  *Id.*  "A reasonable inquiry is 'an inquiry reasonable under all of the circumstances of a

2   case.'"  *Id.* at 1069 (quoting *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1364 (9th

3   Cir. 1990)).

4        However, the Ninth Circuit has imposed additional hurdles to ordering Rule 11 sanctions

5   when a court acts *sua sponte*.  In such a circumstance, sanctions "will ordinarily be imposed only

6   in situations that are *akin to a contempt of court.*"  *United Nat. Ins. Co. v. R&D Latex Corp.*, 242

7   F.3d 1102, 1116 (9th Cir. 2001) (quoting *Barber v. Miller,* 146 F.3d 707, 711 (9th Cir.1998)).[1]

8   This is so because the "safe harbor" provision, Rule 11(c), does not apply when a court orders

9   sanctions on its own motion, so alternative protections are warranted.  *See id.*  Imposing *sua*

10  *sponte* Rule 11 sanctions without making a finding of contempt may be reversible error.  *See*

11  *Gonzales v. Texaco Inc.*, 344 F. App'x 304, 309 (9th Cir. 2009).

12            2.        Sanctions Under § 1927

13       28 U.S.C. § 1927 provides that:

14       > Any attorney or other person admitted to conduct cases in any court of the United
         > States or any Territory thereof who so multiplies the proceedings in any case
15       > unreasonably and vexatiously may be required by the court to satisfy personally
         > the excess costs, expenses, and attorneys' fees reasonably incurred because of
16       > such conduct.

17       To impose sanctions under this section, the Ninth Circuit requires "a finding of subjective

18  bad faith."  *In re Keegan*, 78 F.3d at 436.  "Bad faith is present when an attorney knowingly or

19  recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing

20  an opponent.  For sanctions to apply, if a filing is submitted recklessly, it must be frivolous,

21

22  _____

23  [1] As to the standard for contempt itself, contempt may be civil or criminal, where "[t]he purpose
    of civil contempt is coercive or compensatory, whereas the purpose of criminal contempt is
    punitive."  *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (quoting
24  *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.,* 539 F.3d 1039, 1042 (9th Cir.2008)).

while if it is not frivolous, it must be intended to harass." *Id.* (citations omitted). The statute, by its terms, only authorizes monetary sanctions.

### 3.    Inherent Authority Sanctions

To impose sanctions under a court's inherent authority, the court must make a finding of bad faith, but unlike sanctions under § 1927, recklessness alone is not sufficient. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). Rather, the test is more akin to recklessness-plus, i.e. "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.* at 994. "[A]n attorney's reckless misstatements of law and fact, when coupled with an improper purpose, such as an attempt to influence or manipulate proceedings in one case in order to gain tactical advantage in another case, are sanctionable under a court's inherent power." *Id.* A court can award fees under its inherent authority when "a party 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (quoting *Hutto v. Finney,* 437 U.S. 678, 689 n.14 (1978)). Likewise, a court can assess expenses "against counsel who willfully abuse judicial processes." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980). Nonetheless, inherent authority sanctions cannot be justified by "'inadvertent' conduct" alone. *Fink*, 239 F.3d at 993.

## II.    Analysis

The Court begins its analysis with Rule 11. The Court ordered Gibson and Delfgauw to show cause *sua sponte* why sanctions should not be imposed. (Dkt. No. 462 at 8.) Plaintiff did move for Rule 37 sanctions related to the stipulation and invoked the Court's inherent authority (*see* Dkt. No. 412 at 7–8, 418), but did not specifically invoke Rule 11, and Defendants did not have an opportunity to withdraw the stipulation under the safe harbor provision.

1    The Court would easily find that Defendants' false statement that they purposefully

2    destroyed evidence, followed by their attempted retraction of that admission and explanation that

3    it was included in the stipulation through carelessness, satisfies the Rule 11 standard for a

4    pleading that is "*both* baseless *and* made without a reasonable and competent inquiry." *Lake*,

5    130 F.4th at 1068.  Nonetheless, because the *sua sponte* standard applies here, the Court is

6    additionally required to find that the conduct was "akin to contempt," and the Court cannot make

7    that finding.  The conduct, while extremely careless, did not violate any order of this Court, and

8    was not contemptuous.  Thus, no Rule 11 sanction may issue.

9    As to sanctions under § 1927, the Court finds that the standard is satisfied, but declines to

10   issue a sanction.  Counsel's failure to diligently check the stipulation to ensure its accuracy was

11   reckless, which counsel has acknowledged, and the claim that Defendants purposefully destroyed

12   evidence was frivolous—as demonstrated by Defendants' now-insistence that it was a false

13   statement.  The false stipulation has unreasonably multiplied proceedings in this case, resulting

14   in: a motion for Rule 37 sanctions (Dkt. No. 412), initial denial of that motion (Dkt. No. 417), a

15   motion for reconsideration (Dkt. No. 418), response to that reconsideration motion (Dkt. No.

16   429), the Court's ultimate decision to grant that motion and issue an order to show cause (Dkt.

17   No. 462), the responses to that order (Dkt. Nos. 469, 472), and more.  The impact of the careless

18   stipulation was not even limited to this one discrete issue but had ripple effects throughout the

19   case.  *See supra* at Section II (discussing the Court's order granting summary judgment on

20   Defendants' counterclaim).  Moreover, Defendants' response to the Rule 37 sanctions motion

21   attempted to introduce new evidence in the form of previously-undisclosed call recordings (Dkt.

22   Nos. 430, 431) which forced the Court to re-open discovery, further elongating the proceedings.

23   (*See* Dkt. No. 462 at 8–13.)  As the Court previously observed, "this case has gone off the rails in

24

terms of how civil litigation is supposed to proceed in federal court" (*Id.* at 1)—and Counsel's reckless lack of diligence has everything to do with it. Nonetheless, previous monetary sanctions in this case have failed to deter this reckless conduct, and the Court does not believe that a monetary penalty here would serve any purpose. Therefore, the Court will not impose a sanction under § 1927.

As to inherent authority sanctions, the Court finds that Gibson had no improper purpose, and her recklessness alone cannot justify an inherent authority sanction, so none will issue. Likewise, as to Defendant Delfgauw, the record does not support a finding that he has any individual culpability in the false stipulation, and so the Court will not issue any sanction running against him.

## IV.    REFERRAL UNDER LCR 83.3

Although the Court declines to impose a sanction under the above authorities, the Court believes that consideration of professional discipline is warranted here. There is a strong possibility that Counsel's conduct violated Washington Rule of Professional Conduct 1.3, which states, "[a] lawyer shall act with reasonable diligence and promptness in representing a client."[2] As the Court previously observed, "[e]ven assuming that the misrepresentation is the result of carelessness rather than malicious intent, as Defendants claim, the carelessness falls far below the threshold of minimum professional competency and is part of a pattern of insufficient attention to truth or accuracy in Defendants' papers." (Dkt. No. 462 at 7–8.) Were this the first such instance of unprofessional conduct, the Court may have chosen to let it go, particularly with Counsel Gibson no longer acting as primary counsel in this matter, but that is unfortunately not

---

[2] Washington Rule of Professional Conduct 1.13 (last visited June 5, 2025), https://www.courts.wa.gov/courtrules/rulesofProfessionalConduct.cfm.

1  the case.  As detailed *supra* at Section II, there is a long history of sanctions in this case, which

2  are also related to failures of diligence, including missed deadlines and failures to comply with

3  discovery orders, prejudicing her client, costing Counsel and her client financial penalties, and

4  preventing this case from proceeding in an effective manner.  Over a year ago this Court

5  observed that Counsel was not fit to continue on this case and gave Counsel and Defendants the

6  opportunity to change representation, which they did not take.  (*See* Dkt. Nos. 338, 340.)

7  Likewise, the Court notes that Counsel Gibson has previously been subject to discipline from the

8  Washington State Bar Association.  In 2020, Counsel Gibson stipulated to a reprimand for lack

9  of diligence under RPC 1.3 when her failure to timely file appeals caused her client to lose

10  multiple cases.[3]  Before that, Counsel Gibson was admonished by the WSBA in 2017 for

11  violations of RPCs 1.4 and 5.3.[4]  These sanctions have so far been ineffective at deterring

12  Counsel's unprofessional conduct, calling for progressive discipline.

13       Under Local Civil Rule 83.3(a), lawyers practicing in this Court are obligated to comply

14  with the Rules of Professional Conduct.  Discipline for violations of the RPCs can include

15  suspension from the practice of law in this Court, reprimand or admonition, financial penalties,

16  or referral to other disciplinary authorities, and can include supervision conditions including

17  continuing legal education.  LCR 83.3(c)(4).  Under Local Civil Rule 83.3(c)(5), a judge of this

18  Court may initiate discipline on its own motion, which is referred to the Chief Judge.  When the

19  Chief Judge is the initiating judge, "he or she must refer it to another judge."  *Id.*  The reviewing

20  judge may determine that the matter is best handled by the WSBA and make a referral to that or

21

22  [3] Washington State Bar Association – Discipline Notice – Donna Marie Gibson, License #33583, https://www.mywsba.org/WebFiles/CusDocs/000000033583-0/004.pdf.  Note that Counsel

23  Gibson has appeared in this matter as "Donna Beasley Gibson," but under the same WSBA license number.  *See e.g.*, Dkt. No. 472 at 7.

24  [4] *See id.*

another authority. *Id.* The respondent attorney must be given notice and the opportunity to respond. LCR 83.3(c)(5)(C).

Because of the history of sanctions in this case, counsel's WSBA disciplinary history for similar failures of diligence, and the evidence adduced of an RPC violation(s), this Court will make a referral to the next most senior active judge in this District, Judge Tana Lin, to determine if discipline should be imposed under Local Civil Rule 83.3 and/or whether this matter should be referred to the WSBA for their consideration.

## IV     CONCLUSION

Consistent with this opinion, the Court does not impose a sanction against Counsel Donna Gibson or Defendant Joe Delfgauw under Rule 11, 28 U.S.C. § 1927, or the Court's inherent authority, but the Court does make a referral to Judge Tana Lin under Local Civil Rule 83.3 to consider if professional discipline against Counsel Gibson is warranted.

Dated this 18th day of June, 2025.

David G. Estudillo
United States District Judge