Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHEN BARTON, <br><br> Plaintiff <br><br> v. <br><br> JOE DELFGAUW, XANADU MARKETING INC., STARTER HOME INVESTING INC, & JOHN DOE 1-10 <br><br> Defendant(s). | CASE NO. **3:21-cv-05610-DGE** <br><br> MOTION FOR CONTEMPT AND MOTION FOR RELIEF FROM A DEADLINE <br><br> Noted for: July 21, 2025 |

In Dkt. 489 I raised the issue of Mr. Delfgauw's interrogatory answers (Dkt 489-1) not signed under oath. On 6/24/2025, the Court ordered:

> Defendant shall promptly re-produce his interrogatory responses with an attestation under oath that complies with Rule 33.

On Friday, June 27, Ms. VanDusen emailed me with subject line *Joe Delfgauw signature* (Exhibit A) a file called *Answer Delfgauw Interrogatories 7 word version (1)(2).pdf* (Exhibit B). I saw Mr. VanDusen's email and responded "Thank you" in Exhibit C. Later I ran a difference tool between the initial version (Dkt 489-1) and this later version (*Answer Delfgauw Interrogatories 7 word version (1)(2).pdf*) and found they surreptitiously changed Mr. Delfgauw's answers to Interrogatory #26.

MOTION FOR CONTEMPT - 1 / 5   NATHEN BARTON
CASE NO 3:21-CV-05610-DGE       4618 NW 11TH CIR
                                 CAMAS WA 98607

[Side-by-side comparison images labeled "Original" and "Surreptitiously changed" showing Defendant's Answer to Plaintiff's 7th Request for Interrogatories, with differences circled in red: "DKT 444 Exhibit C" vs "NB0004", "DKT 444-4" vs "NB 214-217", "DKT 444 Exhibit C" vs "NB 0004", and "(DKT 83 at 8:15-" vs "(see Complaint)".]

The differences report is in Exhibit D. I promptly notified Ms. VanDusen of this surreptitiously changed Interrogatory #26 answer in Exhibit E, also shown in the first image on the next page. She replied, accusing me of changing the document and dared me to do something about it.

[Email screenshot:]

**Joe Delfgauw signature**

dawnv@apello.net <dawnv@apello.net>                    Mon, Jun 30, 2025 at 11:08 AM
To: Nathen Barton <farmersbranch2014@gmail.com>

Nathen-

First off- I went back through the Answers that were sent to you. I never us NB000?. You have changed the document. Why would I refer to NB000? as there were no attachments. If you still plan on filing a motion for contempt, I will also proceed to do the same.

I created a video screenshot of my opening the file *Answer Delfgauw Interrogatories 7 word version (1)(2).pdf* attached to Ms. VanDusen's email and it can be viewed at

https://youtu.be/RFhRH0K9SAw. I am happy to come to Tacoma and let the Court open Ms.

1  VanDusen's email and look at the original *Answer Delfgauw Interrogatories 7 word version*

2  *(1)(2).pdf* file for itself.



Mr. Delfgauw and/or his attorney Ms. VanDusen changed:

DKT 444 Exhibit C → NB0004

DKT 444-4 → NB214-217

DKT 444 Exhibit C → NB004

DKT 444 Exhibit C → NB004

DKT 83 at 8:15 → see Complaint

MOTION FOR CONTEMPT                 - 3 / 5                 NATHEN BARTON
CASE NO 3:21-CV-05610-DGE                                   4618 NW 11ᵀᴴ CIR
                                                            CAMAS WA 98607

**These "NB" codes don't match up with my exhibits (see Dkt. 374 starting on page 10) where there is no NB0004, NB214, NB215, NB216, or NB217.** Even if these documents existed in some reality,

> "Rule 33(b)(3) requires each interrogatory to be answered separately and fully, without reference to other interrogatories or documents. *Mulero-Abreu v. P.R. Police Dep't*, 675 F.3d 88, 93 (1st Cir. 2012)("answering interrogatories simply by directing the proponent to rummage through other discovery materials falls short of the obligations imposed by Rule 33")" *McClellan v. Kern Cty. Sheriff's Office*, 2015 U.S. Dist. LEXIS 98524, 2015 WL 4598871

I didn't mind when they pointed to documents in the Court's docket, but I object to them pointing to documents that don't even exist as my exhibits in this court case. They don't like the answer Mr. Delfgauw gave to Interrogatory #26 and they surreptitiously tried to slip in an amended answer with significant differences, hoping it would slide by unnoticed.

And then instead of owning up to it and fixing it as I asked, Ms. VanDusen accuses me of changing the document. Mr. Delfgauw and/or Ms. VanDusen did not comply with the Court's order:

> Defendant shall promptly re-produce his interrogatory responses with an attestation under oath that complies with Rule 33.

Instead, they produced a different interrogatory response and tried to pass it off as unchanged.

## MOTION FOR CONTEMPT

Mr. Delfgauw and/or Ms. VanDusen used deception to willfully not comply with the Court's Order. They should be held in contempt, and they should be motivated to comply with the Court's Order. They should pay something for the time and cost of bringing this motion.

## MOTION FOR RELIEF FROM A DEADLINE

MOTION FOR CONTEMPT  
CASE NO 3:21-CV-05610-DGE  
- 4 / 5  
NATHEN BARTON  
4618 NW 11TH CIR  
CAMAS WA 98607

1    I need Mr. Delfgauw to re-produce his interrogatory responses with an attestation under oath that complies with Rule 33 so that I can prepare for the upcoming summary judgement submissions.  I can't be prepared for the upcoming summary judgement submissions until this issue is resolved and I know what Mr. Delfgauw's testimony is.  I ask the Court to move my deadline for filing a dispositive motion until three weeks after Mr. Delfgauw re-produces his interrogatory responses with an attestation under oath that complies with Rule 33, and to move my deadline for a response to two weeks after that deadline.

Finally, I ask that the Court order an *in camara* inspection of the emails and documents and expose the liar publicly, along with the appropriate sanctions.

June 30, 2025



(Nathen Barton)

Nathen Barton
(360) 241 7255
4618 NW 11th Cir
Camas WA 98607
FarmersBranch2014@gmail.com

## I. CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2025, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF System, which will automatically generate a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF System, which includes the Defendant.  The said Notice of Electronic Filing specifically identifies recipients of electronic notice.

/s/ Nathen Barton
Nathen Barton