Honorable David G. Estudillo

# UNITED STATES DISTRICT COURT
# IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHEN BARTON, | Case No. 3:21-cv-05610-DGE |
| Plaintiff, | DEFENDANTS JOE DELFGAUW, XANADU MARKETING INC., AND STARTER HOME INVESTING INC. MOTION FOR SUMMARY DISPOSITION |
| vs. | |
| JOE DELFGAUW, XANADU MARKETING INC., STARTER HOME INVESTING INC., & JOHN DOE 1-10 | ORAL ARGUMENT REQUESTED |
| Defendants. | NOTE ON MOTION CALENDAR: August 11, 2025 |

Defendants Motion for Summary Disposition  1
3:21-cv-05610-DGE  −

LAW OFFICE OF DAWN R. VAN DUSEN
2715 AIRPORT ROAD
ADRIAN, MI  49221

**TABLE OF CONTENTS**

| | Page(s) |
|---|---|
| INTRODUCTION …………………………………………………………. | 6 |
| STATEMENT OF MATERIAL FACTS …………………………………………….. | 7 |
|    I.   Barton and the 1019 Number ……………………………………………………. | 7 |
|    II.   Communication ……………………………………………………………. | 9 |
| LEGAL STANDARD ……………………………………………………………….. | 10 |
| ARGUMENT ………………………………………………………………………... | 11 |
|    I.   Defendants Have Never Used or Had the Capacity to Utilize an ATDS ….. | 13 |
|    II.   Barton Provided Express Consent and Never Revoked It …………………. | 14 |
| WASHINGTON STATE CLAIMS ………………………………………………….. | 16 |
|    I.   Barton's Claim Under RCW 19.158.150 Fails ……………………………. | 16 |
|    II.   Barton's Claim Under RCW 19.158.040 Fails ……………………………. | 16 |
|    III.   Barton's Claim Under RCW 80.36.390(2) Fails ………………………….. | 17 |
|    IV.   Barton's Claim Under RCW 19.190 Fails ……………………………………… | 17 |
|    V.   The Court Should Strike the Treble Damages, Punitive Damages, and Attorney Fee Request ……………………………………………………… | 18 |
| CONCLUSION ……………………………………………………………………… | 18 |

Defendants Motion for Summary Disposition  2
3:21-cv-05610-DGE  –

LAW OFFICE OF DAWN R. VAN DUSEN
2715 AIRPORT ROAD
ADRIAN, MI  49221

**TABLE OF AUTHORITIES**

**CASES**                                                                                                                 Page(s)

*Advantage Healthcare, Ltd. v. DNA Diagnostics Ctr., Inc.*,
   2019 U.S. Dist. LEXIS 119162, at *3 (N.D. Ill. July 17, 2019) …………..          14, 15

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ………………………………………………………………          10, 11

*Barton v. Leadpoint, Inc.*,
   2023 U.S. App LEXIS 18471, at *1 (9th Cir. July 20, 2023) ……………..          8

*Blow v. Bijora, Inc.*,
   855 F.3d 793 (7th Cir. 2017) ………………………………………………………..          14

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ………………………………………………………………          10, 11

*Dolemba v. Kelly Servs., Inc.*,
   2017 U.S. Dist. LEXIS 13508, at *3 (N.D. Ill. Jan. 31, 2017) ……………          15

*Everett 4 Corners, LLC v. Kmart Corp.*,
   2012 U.S. Dist. LEXIS 170597 (W.D. Wash. 2012) ……………………..          11

*Facebook, Inc. v. Duguid*,
   592 U.S. 395, 141 S. Ct. 1163 (2021) ………………………………………          13

*Fosselman v. Gibbs*,
   2010 U.S. Dist. LEXIS 47137 (N.D. Cal. 2010) …………………………          18

*Gadelhak v. AT&T Servs.*,
   950 F.3d 458 (7th Cir. 2020) ……………………………………………………..          12, 13

*Gager v. Dell Fin. Servs., LLC*,
   727 F.3d 265 (3d Cir. 2013) ……………………………………………………..          14

*Hagood v. Portfolio Recovery Assocs., LLC*,
   2020 U.S. Dist. LEXIS 47507 (S.D. Ill. 2020) ……………………………          13

*Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*,
   778 F.3d 593 (7th Cir. 2015) ……………………………………………………          12

*Husain v. Bank of Am., N.A.*,
   2020 U.S. Dist. LEXIS 27349, at *7 (N.D. Ill. Feb. 18, 2020) …………..          14

*Johansen v. Nat'l Gas & Elec. LLC*,
   2017 U.S. Dist. LEXIS 208878 (S.D. Ohio 2017) ………………………..   7

*Kantor v. BigTip, Inc.*,
   2018 U.S. Dist. LEXIS 57265 (W.D. Wash. 2018) ……………………….   10, 11

*Leisek v. Brightwood Corp.*,
   278 F.3d 895 (9th Cir. 2002) ……………………………………………   11

*Leyse v. Bank of Am. Nat. Ass'n*,
   804 F.3d 316, 325 (3d Cir. 2015) ……………………………………….   14

*Nat'l City Bank, N.A .v. Prime Lending Inc.*
   2010 U.S. Dist. LEXIS 85888 (E.D. Wash. July 19, 2010) ……………….   18

*Nolan v. Heald College*,
   551 F.3d 1148 (9th Cir. 2009) ……………………………………………..   11

*Michel v. Credit Prot. Ass'n L.P.*,
   2017 U.S. Dist. LEXIS 134767 (N.D. Ill. 2017) ……………………………   15

*Moore v. CHW Grp., Inc.*,
   2019 U.S. Dist. LEXIS 119161 (N.D. Ill. 2019) …………………………….   12

*Parente v. Fay Servicing, LLC*,
   2020 U.S. Dist. LEXIS 42871 (N.D. Ill. 2020) ……………………………….   11

*Patriotic Veterans, Inc. v. Indiana*,
   736 F.3d 1041 (7th Cir. 2013) …………………………………………………   12

*Payton v. Kale Realty, LLC*,
   164 F. Supp. 3d 1050 (N.D. Ill. 2016) ………………………………………   15

*Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*,
   950 F.3d 959 (7th Cir. 2020) ……………………………………………..   12

*Ryabyshchuk v. Citibank*
(S. Dakota) N.A., 2012 WL 5379143 (S.D. Cal. 2012) …………………………   14

*Shannon v. State Collection Serv.*,
   2021 U.S. Dist. LEXIS 25358 (W.D. Wis. 2021) …………………………..   14

*True Health Chiropractic, Inc. v. McKesson Corp.*,
   896 F.3d 923 (9th Cir. 2018) ……………………………………………..   12

Defendants Motion for Summary Disposition   4
3:21-cv-05610-DGE   –

LAW OFFICE OF DAWN R. VAN DUSEN
2715 AIRPORT ROAD
ADRIAN, MI  49221

*Watts v. Emergency Twenty Four, Inc.*,
   2021 U.S. Dist. LEXIS 115053 (N.D. Ill. 2021) …………………………….. 13

**STATUTES**

RCW 80.36.390 ……………………………………………………………….. 17

RCW 19.86.020 ……………………………………………………………….. 16, 18

RCW 19.86.920 ……………………………………………………………... 18

RCW 19.158.040 ……………………………………………………………. 16

RCW 19.158.150 ……………………………………………………………. 16, 17

RCW 19.190.060 ……………………………………………………………. 17

**OTHER AUTHORITIES**

47 C.F.R. § 64.1200(a)(3) …………………………………………………… 11, 12

47 U.S.C. § 227(b)(1)(A)(iii) ………………………………………………... 11, 12

47 U.S.C. § 227 (c)(5) ……………………………………………………….. 10

Fed. R. Civ. P. 56(a) ………………………………………………………… 11

*In re Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991,* 27 FCC
   Rcd. 3787 (April 6, 2006)……………………………………………………… 15

**INTRODUCTION**

JOE DELFGAUW, XANADU MARKETING INC., STARTER HOME INVESTING INC. ("Defendants), pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully moves for judgment on the claims of NATHEN BARTON ("Barton") First Amended Complaint ("FAC")[1] in its entirety and with prejudice.

Based on Barton's Affirmative allegations, it is clear that Barton has used the Court system both Federal and State level maliciously and deliberately in issuing Telephone Consumer Protection Act ("TCPA") civil complaints that are not justified and meritless.

This is a classic "manufactured" lawsuit brought against Defendants by a serial litigator who concurrently filed virtually identical cookie-cutter lawsuits in this District Court and whose own express allegations destroy any possibility of maintaining a cognizable claim.

Barton affirmatively alleges in his Complaint consent and creation of an Established Business Relationship. Barton concedes having been able to identify Defendants on the websites he alleges visiting when he clicked on the link in the first text message. Barton admits that he uses the telephone and number at issue for "investigative means"[2] (*i.e.* making lawsuits), visiting xanadutracking.com to increase his statutory damages and drag other parties into a manufactured lawsuit. Once Barton visited the website, he answered questions (including submitting an address, zip code and name, therefore receiving a text message and phone call from the site.) [3] Barton continued to do this after filing the original complaint to increase his statutory damages into this manufactured lawsuit. Faced with near identical facts by an enterprising Plaintiff, one Court stated (before order the plaintiff to show cause "why the complaint should not be dismissed is meritless"):

---

[1] DKT 83: Plaintiff's First Amended Complaint
[2] Delfgauw Decl. at Ex A: Deposition of Nathen Barton
[3] Delfgauw Decl. at Ex B: Defendants' Webform

Defendants Motion for Summary Disposition   6
3:21-cv-05610-DGE   –

LAW OFFICE OF DAWN R. VAN DUSEN
2715 AIRPORT ROAD
ADRIAN, MI  49221

"The Court now turns to a troubling issue that the parties' briefing on the motion to compel arbitration brought to light. The statements of [plaintiff] in his affidavit and the representation of his legal counsel . . . reveal that this lawsuit is based on a ruse." *Johansen v. Nat'l Gas & Elec. LLC,* No 17-cv-587, 2017 U.S. Dist. LEXIS 208878, *8-*12 (S.D. Ohio Dec. 20, 2017) (where plaintiff claimed that he "played along 'as typically does,'" after receiving a call from the defendant, and alleged a TCPA claim after receiving more calls).

The same is true here and the Court should dismiss this case with prejudice. The Barton has already filed an initial complaint, and a First Amended Complaint. Barton has had two opportunities to allege a claim and, critically, has never denied pressing "see results" or "join" when presented with TCPA-complaint consent language on Xanadutracking.com or engaging with Defendants Telemarketer by (mis)using the identity of other individual to further the call for investigative purposes.[4] For these reasons, and those discussed below, the Court should end this case.

## STATEMENT OF MATERIAL FACTS

### I.   BARTON AND THE 1019 NUMBER

Nathen Barton is a professional plaintiff who earns money by suing companies who text-message him, claiming they've violated the TCPA. Professional plaintiffs often operate by registering their cell phone numbers on the national do not call database but then signing up online to receive marketing messages, often using an assumed name and contact information.[5] They then claim to be mystified at receiving messages and demand tens of thousands of dollars in damages. Barton knows that while he is *pro-se* and incurs no legal costs to threaten litigation, the other side

---

[4] Delfgauw Decl. at Ex C: Call Log
[5] Delfgauw Decl. at Ex D: Dates and Information Used To Opt In

Defendants Motion for Summary Disposition  7
3:21-cv-05610-DGE   –

LAW OFFICE OF DAWN R. VAN DUSEN
2715 AIRPORT ROAD
ADRIAN, MI  49221

must pay attorneys to defend.  Barton demands more settlement than he could gain at trial, hoping to extort a windfall for receiving a text message that he consented to.

Barton was sanctioned by Judge Settle in *Barton v. Leadpoint, Inc.,* No. 22-35130 22-35691, 2023 U.S. App LEXIS 18471, at *1 (9th Cir. July 20, 2023); aff'd in part, rev'd in part by *Barton v. Leadpoint, Inc.,* No. 22-35130 22-35691, 2023 U.S. App. LEIS 18471, at *1 (9th Cir July 20, 2023). Judge Settle found that Barton had manufactured a TCPA claim by purchasing a phone specifically for the purpose of receiving TCPA calls, consenting to receive them, and then suing.  Judge Settle further noted that Barton "holds himself out to the world as an expert in TCPA litigation" and ran a website called "TCPA University" that bragged Barton had received "enormous compensation for the damages.  I'm talking several tens of thousands of U.S. Dollars . . . and it keeps on coming." *Id.*

In July 2020, Barton purchased a cell phone with a phone number that ends in 1019 (the "1019 phone" or "1019 number").[6] FAC at 4:3-4.   On February 16, 2021, Barton registered the 1019 number on the National Do-Not-Call Registry. [7]  Sixteen days later, Barton started his investigation to file at least five lawsuits using the 1019 number. [8]

One of the prior owners of the 1019 number a woman with the initials "I.J-M". [9] According to Ms. Jiminez-Martinez, she has not had access to that number since early 2020, when she and her former husband divorced.  Ms. Jiminez-Martinez statement coincides with Barton's claim that, "On July 9, 2020, Counter Defendant (Barton) paid and registered for a Washington State (360)

---

[6] Although Barton claims he purchased the phone for use by his son J.B., a minor, the record evidence indicates that J.B. did not use the 1019 number as his personal line during the relevant time period, and in fact that number was used for any residential purpose.
[7] Delfgauw Decl. at Ex E: Do Not Call Registry
[8] Barton v. JMS Associate Marketing, 3:21-cv-05509; Barton v. Delfgauw, 3:21-cv-05610; Barton v. America's Lift Chairs, LLC, 3:21-cv-05850; Barton v. Walmart, 3:23-cv-05063; Barton v. Serve All Help All.
[9] Defendants refer to I.J-M. by her initials to protect her privacy.

Defendants Motion for Summary Disposition   8
3:21-cv-05610-DGE   –

LAW OFFICE OF DAWN R. VAN DUSEN
2715 AIRPORT ROAD
ADRIAN, MI  49221

telephone area code cellular number". *Id.* Barton has admitted to the ownership and registration of the phone number at question in this case and has established a timeline that coincides with that of the previous owner that Barton opted into Defendants online campaign on April 1, 2021.[10] It is undisputed that statements by both Ms. Martinez and Barton place exclusive ownership and possession of phone number 1019, with Barton at the time of the opt-in; and although Barton, by his own admission, had placed the phone number on the do not call prior to April 1, 2021. *Id.* It is undisputed that exclusive ownership and position of phone number 1019 was that of Bartons.

## II.   COMMUNICATION

Defendants are in the business of finding rent to own homes for individuals with third party providers. As relevant here, an individual can submit their name and contact information in an online form on the Defendants' website to indicate interest.[11] The form on Defendants' website informs the individual they will receive phone calls and texts pursuant to TCPA consent disclosure. Defendants only contacts individuals that have expressed interest in receiving rent to own information. Even though Barton denies having filled out the form in question to opt into Defendants online campaign and giving consent to be contacted,[12] Barton himself has provided evidence of his opt-in and grant of consent in his FAC.

Barton alleges receiving seven messages on April 1, 2021, from short code 33959. FAC at 4:15-22 – 5:1-5. Instead of responding "STOP" or ignoring the messages, Barton alleges that he "clicked on different website links . . . . *Id.* at 5:6-8. Barton stated that "In every case, the links in the text messages redirected to intermediate links before finally opening a last webpage or directly linked to xanaduetracking.com." *Id.* Remarkably, Barton acknowledges that he clicked on the text

---

[10] Delfgauw Decl. at Ex F: Deposition of I.J-M
[11] Delfgauw Decl. at Ex B: Defendant's Webform
[12] Delfgauw Decl. at Ex D: Dates and Information Used To Opt In

Defendants Motion for Summary Disposition   9
3:21-cv-05610-DGE    –

LAW OFFICE OF DAWN R. VAN DUSEN
2715 AIRPORT ROAD
ADRIAN, MI  49221

message- and on that basis had to answer questions of name, phone number, and email to find out the entity behind the solicitation after increasing his claimed statutory damages. Barton's consented by his actions and agreed to more texts messages and calls in order to generate statutory damages.

Barton alleges on April 2, 2021, the same date as his first text message, at 10:10 a.m. he received an unconsented call from Defendants, initiated for the purpose of encouraging Barton to purchase goods or services. *Id.* at 11:4-5. This phone call was made by a real person to Barton. Defendants recording from April 2, 2021, is the start of Barton's tactic to exploit the TCPA to file this frivolous lawsuit and aiming to extract hefty compensation.[13]

Barton states that he received unconsented calls and text messages between April 1, 2021, through August 4, 2021 (for which now claims he is entitled to damages). *Id.* at 4:3-22 – 13:6-9. Instead of texting "stop" Barton clicked on the link in the text message, which he alleges took him to a website that identified Defendants. Had Barton stopped there, he would not have "more than one telephone call." *See* 47 U.S.C. § 227 (c)(5). Those calls and text messages now form the basis of Barton's frivolous lawsuit. Notably, Barton does not allege that he [mis]used the identity of a prior owner, does not allege asking anyone on a telephone call to stop calling, and does not allege responding to any text message with "STOP."

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute. as to any material fact and the movant is entitled to judgment as a matter of law." 47 U.S.C. § 227 (c)(5). *see also Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party." *Kantor v. BigTip,*

---

[13] Delfgauw Decl. at Ex C: Call Log

*Inc.*, No. C15-1871 MJP, 2018 U.S. Dist. LEXIS 57265, at *20 (W.D. Wash. Apr. 3, 2018). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–48 (emphases in original). "A fact is 'material' if it might affect the outcome of the case." *Everett 4 Corners, LLC v. Kmart Corp.*, No. C11-1638JLR, 2012 U.S. Dist. LEXIS 170597, at *5 (W.D. Wash. Nov. 29, 2012) (quoting Anderson, 477 U.S. at 248).

The moving party bears the initial responsibility for informing the Court of the basis for its motion and identifying those portions of the pleadings, depositions, interrogatory answers, admissions and affidavits, if any, that it contends demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317. 323 (1986). Summary judgment is appropriate only when "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "[T]he determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial. *See id.* at 254-255.

Summary judgment must be denied if, "viewing the evidence in the light most favorable to the non-moving party," there are genuine issues of material fact. *Leisek v. Brightwood Corp.,* 278 F. 3d 895, 898 (9th Cir. 2018); *Nolan v. Heald College,* 551 F.3d 1148 (9th Cir. 2009).

**ARGUMENT**

The elements of a TCPA claim are straightforward. TCPA prohibits calls made with an artificial or pre-recorded voice without the recipient's consent. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(3); *Parente v. Fay Servicing, LLC*, 2020 U.S. Dist. LEXIS 42871 (N.D. Ill.

Mar. 12, 2020); *Moore v. CHW Grp., Inc.*, 2019 U.S. Dist. LEXIS 119161 (N.D. Ill. Jul. 17, 2019). The TCPA prohibits making "any call" without the prior, express consent of the recipient "using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a paging service [or] cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii); *see also Patriotic Veterans, Inc. v. Indiana*, 736 F.3d 1041, 1045 (7th Cir. 2013).

Defendants seeks summary judgment in its favor on Barton's TCPA claim on two bases: (1) Defendants do not utilize an automatic telephone dialing system or "ATDS", as that term was defined by the Seventh Circuit in *Gadelhak v. AT&T Servs.*, 950 F.3d 458, 464 (7th Cir. 2020); and (2) Barton provided the required consent to Defendants texts and calls and there is no evidence of revocation. It is Defendant's burden to prove consent under the TCPA. *Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*, 950 F.3d 959, 964 (7th Cir. 2020) (citing *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 931 (9th Cir. 2018), cert. denied 139 S. Ct. 2743, 204 L. Ed. 2d 1133 (2019)). As such, to obtain summary judgment, Defendants "must lay out the elements of the [defense], cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the [defense]." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015). There is no genuine dispute of material fact that Defendants called Barton. There is no evidence that Defendants' system is an ATDS. And finally, there is no genuine issue of material fact as to whether Barton consented to the receipt of such calls, without ever properly or reasonably revoking consent.[14] Therefore, Barton's claim under the TCPA must be dismissed.

---

[14] Delfgauw Decl. at Ex C: Recordings of Barton

I.  **DEFENDANTS HAVE NEVER USED OR HAD THE CAPACITY TO UTILIZE AN ATDS**

"To qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399, 141 S. Ct. 1163, 209 L. Ed. 2d 272 (2021). "[E]ven though a plaintiff will rarely, if ever, know the specific functionality of a system used by a defendant before discovery, the plaintiff must still allege sufficient facts to nudge his claim across the line from conceivable to plausible." *Watts v. Emergency Twenty Four, Inc.,* No. 20 C 1820, 2021 U.S. Dist. LEXIS 115053, 2021 WL 2529613, at *4 (N.D. Ill. June 21, 2021) (internal quotations omitted). In *Gadelhak*, the Seventh Circuit examined the statutory language of the TCPA as to an ATDS and held that the phrase "using a random or sequential number generator" modifies both "store" and "produce," which "mean[s] that a device must be capable of performing at least one of those functions using a random or sequential number generator to qualify as an [ATDS]." *Gadelhak v. AT&T Servs.*, 950 F.3d 458, 460, 463 (7th Cir. 2020). Thus, equipment that "exclusively dials numbers stored in a customer database" is not an ATDS. *Id*. at 460. "[T]he capacity to generate random or sequential numbers is necessary to the statutory definition." *Id*. at 469. "The TCPA does not prohibit all calls, only those made without consent and using an ATDS or an artificial or pre-recorded voice." *Hagood v. Portfolio Recovery Assocs., LLC*, No. 3:18-CV-1510-NJR, 2020 U.S. Dist. LEXIS 47507, at *12 (S.D. Ill. Mar. 19, 2020).

Here, the evidence is clear that Defendants do not use an ATDS.  Defendants created its own propriety system that only dials numbers from its customer database.  Defendants operate an SMS program hosted on a cloud-based software platform.  The software notifies opt-in and members of new offers and new programs. Defendants have never utilized a system, software or code base

capable of producing or generating a random or sequential phone number to be called or texted. Consumer can only opt-in (subscribe) to Defendant's mobile messaging or phone calls program by manually submitting their mobile number to the database via an online webform- or by proactively texting the word "JOIN" to subscribe.

In each instance, after Barton manually adds his mobile phone number to the database, the consumer receives a wireless carrier-required text message and/or phone call. Therefore, the TCPA claim must be dismissed.

## II. BARTON PROVIDED EXPRESS CONSENT AND NEVER REVOKED IT

"Express Consent is an affirmative defense on which the Defendant bears the burden of proof." *Blow v. Bijora, Inc.*, 855 F.3d 793, 803 (7th Cir. 2017) (citation omitted). Here, Barton is a "called party" because he was the current subscriber of the 1019 number. *Leyse v. Bank of Am. Nat. Ass'n,* 804 F.3d 316, 325 (3d Cir. 2015). Express consent is easily demonstrated under the TCPA. *See, e.g. Ryabyshchuk v. Citibank* (S. Dakota) NA., No. 11-CV-1236-IEG WVG, 2012 WL 5379143 at *3 (S.D Cal October 30, 2012) (providing cellular phone number to Defendant was evidence of prior express consent under the TCPA. As the Third Circuit has recognized in the context of interpreting the TCPA, consent is nothing more than **"a willingness in fact for conduct to occur."** *Gager v. Dell Fin Servs , LLC,* 727 F.3d 5, 270-271 (3d Cir. 2013), (Emphasis added). Quoting Restatement (Second) of Torts § 892.

Additionally, consent is deemed given and effective until it is revoked with a clear expression of a desire not to receive further communications. *Shannon v. State Collection Serv.*, No. 19-cv-983-wmc, 2021 U.S. Dist. LEXIS 25358, at *7 (W.D. Wis. Feb. 10, 2021); *Husain v. Bank of Am., N.A.*, 2020 U.S. Dist. LEXIS 27349, 2020 WL 777293, at *7 (N.D. Ill. Feb. 18, 2020)("In the TCPA context, once consent is given, it is effective until revoked."); *Advantage Healthcare, Ltd. v.*

Defendants Motion for Summary Disposition  14
3:21-cv-05610-DGE   -

LAW OFFICE OF DAWN R. VAN DUSEN
2715 AIRPORT ROAD
ADRIAN, MI  49221

*DNA Diagnostics Ctr., Inc.*, 2019 U.S. Dist. LEXIS 119162, 2019 WL 3216026, at *3 (N.D. Ill. July 17, 2019)("Consumers may revoke consent at any time as long as the revocation clearly expresses a desire not to receive further [communication]." (cleaned up).); *Payton v. Kale Realty, LLC*, 164 F. Supp. 3d 1050, 1065 (N.D. Ill. 2016) ("[C]onsent under the TCPA does not have an expiration date and is considered effective until revoked."). The cases and rules are clear that Barton "may revoke consent at any time and through any reasonable means," as long as the revocation "clearly expresses a desire not to receive further messages." *In re Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991 ("2015 FCC Order")*, at 7965, ¶ 2, 7996, ¶ 63; *see also Dolemba v. Kelly Servs., Inc.*, 2017 U.S. Dist. LEXIS 13508, 2017 WL 429572, at *3 (N.D. Ill. Jan. 31, 2017); *Michel v. Credit Prot. Ass'n L.P.,* 2017 U.S. Dist. LEXIS 134767, 2017 WL 3620809, at *3 (N.D. Ill. Aug. 23, 2017) ("Once consent is given, it is effective until it is revoked.").

Barton's own allegations are that he affirmatively consented to receiving text messages and telephone calls from Defendants. He admits when he receives the text message from Defendants, he would click on the message so it would redirect him to the owner of the message. FAC at 5:6-8. He also admits when he received telephone calls on his mobile device, from Defendants agents he would engage with them by [mis]using an identity.[15] The plain language of the TCPA, FCC regulations and case law make clear, Barton's concession vitiates any violation of the statute. The TCPA was enacted to address uninvited and random encroachment of privacy; here, Barton admits – and the call logs [16] verify – that he consented to receive text messages and phone calls on his mobile phone from Defendants.

---

[15] Delfgauw Decl. at Ex A: Deposition of Nathen Barton
    Delfgauw Decl. at Ex C: Call Log
[16] Delfgauw Decl. at Ex C: Call Log

Defendants Motion for Summary Disposition   15
3:21-cv-05610-DGE   -

LAW OFFICE OF DAWN R. VAN DUSEN
2715 AIRPORT ROAD
ADRIAN, MI  49221

Barton's request for contact came from the Defendants' website, which clearly and expressly states that by submitting a request, the person agrees to be called by Defendants.[17] Moreover, Defendants only accept requests for contact when the person submitting the request has provided consent to be called or texted. Thus, Defendants had every reason to believe that Barton, like every other customer who submits a request, agrees to be called. Dismissal with prejudice is warranted because Barton consented and created an established business relationship.

## WASHINGTON STATE LAW CLAIM

### I.    BARTON'S CLAIMS UNDER RCW 19.158.150 FAILS

Barton claims Defendants violated RCW 19.158.150 which provides: "No salesperson shall solicit purchasers on behalf of a commercial telephone solicitor who is not currently registered with the department of licensing pursuant to this chapter. A salesperson who violates this section is guilty of a misdemeanor." There is no "solicitation" at issue. Barton, by his own admissions, made an inquiry to Defendants when clicking "Let's get you approved. FAC at 4:17-18". By clicking the message and answering the questions Barton expressed an interest in obtaining information.

### II.    BARTON'S CLAIM UNDER RCW 19.158.40 FAILS

Barton under RCW 19.158.040 alleges that Defendants violated this statute by soliciting unwanted calls to his Washington telephone. Under the statute, "Solicitation" means to initiate contact with a purchaser for the purpose of attempting to sell property, goods or services, where such purchaser **has expressed no previous interest** in purchasing, investing in, or obtaining information regarding the property, goods or services attempted to be sold." RCW 19.158.020(10). By answering the questions, after clicking on the message Barton expressed an interest in obtaining information. Therefore, solicitation is not an issue.

---

[17] Delfgauw Decl. at Ex B: Defendants' Webform

Defendants Motion for Summary Disposition    16
3:21-cv-05610-DGE    -

LAW OFFICE OF DAWN R. VAN DUSEN
2715 AIRPORT ROAD
ADRIAN, MI  49221

Furthermore, there is no private right of action under RCW 19.158.150. The statute provides for a misdemeanor offense, which can only be prosecuted by a state actor, Barton is not. Nor is there a single case attaching civil liability under this section.

### III.    BARTON'S CLAIM UNDER RCW 80.36.390(2) FAILS

Barton alleges that Defendants violated RCW 80.36.390(2). RCW 80.36.390(2) does not exist. RCW 80.36.390(2)(a) states: For purposes of this section, each individual real estate agent or insurance agency who maintains a separate list from other individual real estate or insurance agents shall be treated as a company or organization. Defendants are neither individual real estate nor insurance agents for this statute to apply.

Additionally, because Section 80.36.390 applies only to "telephone solicitation(s)": that term, as defined in the statute, "does not include: (a) Calls made in response to request or inquiry by the called party." 80.36.390(1). As discussed above, and in Barton's FAC, Barton received the calls at issue because he submitted his information and consented on Defendants webpage by clicking on the text messages.

### IV.    BARTON'S CLAIM UNDER RCW 19.190 FAILS

Barton's claim under RCW 19.190 fails for reasons already set forth above. First, Barton does not enter "STOP" request when he received the text message. Second, Barton received the text messages because he submitted his information and consent on Defendants webpage. The statute only applies to an "unsolicited commercial text message" sent to cellular telephone. RCW 19.190.060[18]

---

[18] Intent-2003 c 137: ". . . The legislature intents [intend] to limit the practice of sending unsolicited commercial text messages to cellular telephone or pager numbers in Washington."

Defendants Motion for Summary Disposition   17
3:21-cv-05610-DGE   -

LAW OFFICE OF DAWN R. VAN DUSEN
2715 AIRPORT ROAD
ADRIAN, MI  49221

## V. THE COURT SHOULD STRIKE THE TREBLE DAMAGES, PUNITIVE DAMAGES AND ATTORNEY FEE REQUEST

The Court should strike Barton's request for treble damages. The Consumer Protection Act declares that "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful." RCW 19.86.020. The CPA "shall be liberally construed that its beneficial purposes may be served. RCW 19.86.920. Barton has failed to show that the alleged conduct occurred and that it had the capacity to deceive or injure him to grant him treble damages.

The Court should strike Barton's request for punitive damages. "Washington law prohibits punitive damage awards absent express statutory authorization." *Nat'l City Bank, N.A .v. Prime Lending Inc*. 10-cv-034-KKS, 2010 U.S. Dist. LEXIS 85888 (E.D. Wash. July 19, 2010). Because Barton cites no statute authorizing damages for his claims, the Court should strike Barton's request for punitive damages.

Barton asks this Court for "attorney fees" in his prayer for relief. FAC at 20:2-3. However, Barton cannot obtain attorney fees because he is proceeding pro se. *Fosselman v. Gibbs,* No. 06-cv-00375 PJH (NJV), 2010 U.S. Dist. LEXIS 47137, at *3 (N.D. Cal. Apr. 7, 2021). Therefore, Barton's request for attorney fees is improper and should be stricken.

## CONCLUSION

Defendants respectfully urge the Court to dismiss this lawsuit with prejudice.

Dated: July 11, 2025
       *Dawn R. Van Dusen*
       Dawn R. Van Dusen, MSBA #P69647
       Attorney for Defendants
       JOE DELFGAUW, STARTER HOME
       INVESTING, INC. and XANADU MARKETING INC
       2715 Airport Road
       Adrian, MI 49221
       dawnv@apello.net

Defendants Motion for Summary Disposition   18
3:21-cv-05610-DGE   –

LAW OFFICE OF DAWN R. VAN DUSEN
2715 AIRPORT ROAD
ADRIAN, MI  49221

# CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system and sent a copy to Nathan Barton as follows:

Nathan Barton by email at farmersbranch2014@gmail.com

Executed on July 14, 2025 at Adrian, Michigan.

      *Dawn R. Van Dusen*
      Dawn R. Van Dusen, MSBA #P69647