Honorable David G. Estudillo

# UNITED STATES DISTRICT COURT
## IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

NATHEN BARTON,

      Plaintiff,

    vs.

JOE DELFGAUW, XANADU
MARKETING INC., STARTER HOME
INVESTING INC., & JOHN DOE 1-10
      Defendants.

Case No. 3:21-cv-05610-DGE

DEFENDANTS JOE DELFGAUW, XANADU
MARKETING INC., REPLY TO
PLAINTIFF'S MOTION FOR SUMMARY
DKT 518.

NOTE ON MOTION CALENDAR:

    PLEASE TAKE NOTICE that Defendant Joe Delfgauw, Xanadu Marketing, Inc., and Starter Home Investing., (hereafter referred collectively as "Defendants") files this Reply to Nathen Barton (referred "Barton) Motion for Reconsideration DKT. 518.

Defendants Reply to Plaintiff's Motion for Reconsideration
DKT 518.                              1
3:21-cv-05610-DGE   –

LAW OFFICE OF DAWN R. VAN DUSEN
2715 AIRPORT ROAD
ADRIAN, MI  49221

# I.    INTRODUCTION

In the eleventh-hour attempt to resuscitate his damages, Barton has filed a motion asking this Court to reconsider the portion of its August 15, 2025, Memorandum and Order (DKT 514) deciding Plaintiff's potential damage recovery limited only to those calls or texts listed in the First Amended Complaint.

Barton's motion for reconsideration should be denied because it fails to identify any manifest error that undermines the Court's findings.

# II.    LEGAL STANDARDS

"The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Am. Home Assurance Co. v. Glenn Estess & Assocs. Inc.,* 763 F.2d 1237, 1238-39 (11th Cir. 1985).   The Federal Rules of Civil Procedure do not expressly provide for motion for reconsideration but is a common filings for Mr. Barton when he does not like a judge's decision.

Under Washington CR 59(a), a trial court may grant reconsideration based on nine grounds. The Ninth Circuit has called reconsideration an extraordinary remedy to be used sparingly in the interest of finality and conservation of judicial resources.  *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).  "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Orange Street Partners,* 179 F.3d 656, 665 (9th Cir. 1999).

"[A] motion for reconsideration is not a chance at a second bite." *Golden Bridge Tech., Inc. v. Apple Inc.,* 758 F. 3d 1362, 1369 (Fed. Cir. 2014) (quoting *Senza-Gel Corp. v. Seiffhart,* 803 F.2d 661, 663-64 (Fed. Cir. 1986)).  Motions for reconsiderations are appropriate only in rare circumstances to correct manifest errors of law or fact or to present newly discovered evidence. *School Dist. No. 1J, Multnomah Cnty., Oregon v. ACandS Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).   A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through-rightly or wrongly. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va 1983).

LAW OFFICE OF DAWN R. VAN DUSEN
2715 AIRPORT ROAD
ADRIAN, MI  49221

Barton's motion for reconsideration sends a strong signal that, in his opinion, the judge got something flat wrong. Not just arguably wrong, or subtly wrong, but glaringly wrong. As such, it makes an implicit statement – hard to avoid – that the judge should be ashamed of his decision.

### III.    ARGUMENT

### 1.    JUDGE CREATURA RULING ON A MOTION TO COMPEL DISCOVERY

Barton moved for reconsideration, arguing that "Judge Creatura already decided that the allegations in the complaint sufficiently alleged calls through December of 2021, and are the law of the case." (DKT 518-1:21-22)  Judge Creature stated at the motion to compel hearing, the defendants were on notice about their pattern of unwanted calls through the filing date of First Amended Complaint dated 12/31/2021. (see DKT 109). A motion to compel order is a legal directive from the court requiring a party to comply with discovery requests. Fed. R. Civ. P. 37.  Judge Creatura directive order is a temporary measure issued during a legal proceeding, designed to manage procedural aspects, resolve specific issues, or enforce obligations. It is limited in scope and can be subject to modification.  In contrast, a judgment is the final decision of a court that determines the rights and liabilities of the parties.

Barton has not demonstrated that a manifest error of law or fact has occurred to grant his motion for reconsideration.

### 2.    FEDERAL CIVIL PROCEDURE 8

Under Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2), "gives [each] defendant fair notice of what the . . .  claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).  To be sure, "the requirements of Rule 8(a)(2) are minimal- but 'minimal requirements are not tantamount to nonexistent requirements.'" *Gooley v. Mobil Oil Corp.* 851 F.2d 513, 514 (1st Cr. 1988).  Accordingly, a complaint should at least set forth the minimal facts and relief demand. *Id.*

Complaints that violate Rule 8(2)(a) are often disparagingly referred to as a 'shotgun pleadings.' *Weiland v. Palm Beach County Sheriff's Office,* 793 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusionary, vague, and immaterial facts not

Defendants Reply to Plaintiff's Motion for Reconsideration
DKT 518.
3:21-cv-05610-DGE   –

3

LAW OFFICE OF DAWN R. VAN DUSEN
2715 AIRPORT ROAD
ADRIAN, MI  49221

obviously connected to any particular cause of action"; (3) a complaint that does "not separate[e] into different counts for each cause of action or claim for relief"; (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1322-23. "The unifying characteristic of all shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Id.* at 1323.

Here, Barton's First Amended Complaint is a shotgun pleading that is disorganized and ambiguous.   A reader of the First Amended Complaint must speculate as to which factual allegations pertain to which count.  Further, it fails to give Defendants notice of the claims showing entitlement to relief, the factual allegations that support those claims, and the demand for relief for each claim. Barton has failed to connect the facts alleged at the beginning of his complaint with the specific TCPA violations he asserts.  This Court is left to guess not only which facts support Plaintiff's TCPA claims but also which aspects of each Defendants' conduct Plaintiff asserts violated the TCPA.

Fed. R. Civ. P 8(a)(3) requires that Plaintiff's pleadings contain a prayer for relief.  The prayer for relief is part of the complaint where a plaintiff states the damages or other remedies it is seeking from the court in a lawsuit.

Barton's asserts a prayer for relief at the end of his complaint but fails to associate with any claim.

### 3.   2024

It's interesting to note that Barton states in DKT 518 "I now see the 2024 date goes back to the stipulation in DKT 378 ¶ 1, so I do not contest it."  In reviewing NB 412 it clearly is the second page following the texts in NB 410.  NB 410 shows a date of November 17, 2021, again another false representation by Barton.  Since the court used DKT 378, (joint stipulation) to grant Plaintiff's Motion for Summary against Plaintiff, Defendant has no objection and believes it's fair for the court to use DKT 378 ¶ 1 in determining damages.  DKT 378 ¶ 1 states "The Defendants sent the content of the following text messages to telephone number (360) 910-**1029** . . .."  Plaintiff's phone number in the complaint for damages is (360) 910-**1019**, not 1029.

Defendants Reply to Plaintiff's Motion for Reconsideration
DKT 518.                                    4
3:21-cv-05610-DGE   –

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Reconsideration.


Dated: September 15, 2025              /s/Dawn R. Van Dusen
                                       Dawn R. Van Dusen, MSBA #P69647
                                       Attorney for Defendants
                                       JOE DELFGAUW, STARTER HOME
                                       INVESTING, INC. and XANADU MARKETING INC
                                       2715 Airport Road
                                       Adrian, MI 49221
                                       dawnv@apello.net


## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system and sent a copy to Nathan Plaintiff as follows:

Nathan Plaintiff by email at farmersbranch2014@gmail.com

Executed on September 15, 2025, at Adrian, Michigan.

                    Dawn R. Van Dusen
                    Dawn R. Van Dusen, MSBA #P69647

LAW OFFICE OF DAWN R. VAN DUSEN
2715 AIRPORT ROAD
ADRIAN, MI  49221