UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON,<br><br>                Plaintiff,<br>    v.<br><br>JOE DELFGAUW et al.,<br><br>                Defendant. | CASE NO. 3:21-cv-05610-DGE<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION (DKT. NO. 518) |

Presently before the Court is Plaintiff's Motion for Reconsideration. (Dkt. No. 518.) For the reasons discussed below, the motion is GRANTED.

## I    FACTUAL AND PROCEDURAL BACKGROUND

The Court extensively detailed the long procedural history of this case in three previous orders, (Dkt. Nos. 416, 462, 514) but will recite the recent developments here. Defendants moved for summary judgment on Plaintiff's case in its entirety (Dkt. No. 495) and Plaintiff moved for partial summary judgment (Dkt. No. 497). The Court granted Plaintiff's motion for partial summary judgment (Dkt. No. 497) as to Plaintiff's TCPA claims under 47 U.S.C.

§ 227(c)(5) and 47 C.F.R. § 64.1200(c)(2), and violation of the Washington Commercial Electronic Mail Act, Washington Revised Code § 19.190.060.  (Dkt. No. 514 at 15-16.)  In granting summary judgment in favor of Plaintiff as to the TCPA claims, the Court ruled that "Plaintiff's potential recovery is limited only to those calls or texts listed in the Amended Complaint." (*Id.* at 9.)  In the same order, except as to one state law claim, the Court denied Defendant's motion for summary judgment.  (Dkt. No. 495.)  Plaintiff filed for reconsideration (Dkt. No. 518), arguing that the Court incorrectly limited Plaintiff's potential recovery to only calls or texts listed in the amended complaint.  (*Id.* at 1.)  Defendant filed a response (Dkt. No. 522).

## II    LEGAL STANDARD

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence.  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

### III   DISCUSSION

Plaintiff argues the Court committed manifest error by limiting Plaintiff's recovery to those calls or texts listed in the amended complaint. (Dkt. No. 518 at 1.) Plaintiff contends that the Court (Creatura, J.) previously ruled that the allegations in the complaint sufficiently alleged calls through December 2021 and this ruling constitutes the law of the case. (Dkt. No. 518 at 1.) In support of the motion, Plaintiff provides a transcript of a May 17, 2022 hearing before Judge Creatura. (Dkt. No. 519-1.)

> Delfgauw Interrogatory No. 9. The amended interrogatory is for each and every phone call or text message you have initiated to this phone number between 9/20/21 and 12/10/21. Please list the IP address or the IP addresses associated with every opt-in that would enable you to initiate that phone call or text message.
> Defendant has objected to this interrogatory as irrelevant. It does not—because plaintiff does not allege that he received any calls or text messages during this period of time.
> Well, in fact, as—as the plaintiff points out in the first amended complaint, he does say that these continued to be placed. And so I'm going to overrule the objection because it seems appropriate that the defendant should be answering.

(Dkt. No. 519-1 at 3–4.) On a similar interrogatory, in which Defendant Starter Home was requested to " 'List the date of every phone call or text message you or your entity under your control initiated . . . between 3/29/21 and 1/23/22,' " the Court overruled the defense objection and stated that "the first amended complaint, listed December 31, 2021, showed a pattern of practice that was continuing." (Dkt. No. 519-1 at 5–6.)

Under the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). A court may depart from the law of the case if " '(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial.' " *Gonzalez v. Arizona*, 677 F.3d 383, 390

1  n.4 (9th Cir. 2012) (en banc) (quoting *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc)).  Absent one of the above exceptions, failure to apply the law of the case is an abuse of discretion.  *Thomas*, 983 F.2d at 155.

Defendants argue Judge Creatura's previous order was "a temporary measure issued during a legal proceeding, designed to manage procedural aspects, resolve specific issues, or enforce obligations," was "limited in scope," and "subject to modification."  (Dkt. No. 522 at 3.)  However, Defendants agree that the issue in question was explicitly decided by the previous order, and do not argue any of the exceptions to the law of case doctrine apply.  (*Id.*)  Therefore, the Court will GRANT Plaintiff's motion for reconsideration (Dkt. No. 518) and allow Plaintiff to potentially recover for calls and texts through December 2021.

While this might have created a fact question regarding consent, the Court adheres to its previous ruling that Defendants' admissions and stipulations established the fact of Plaintiff's non-consent as the law of this case.  (Dkt. No. 514 at 6–11.)  In their response to Plaintiff's motion for reconsideration, Defendants cite no alternative argument about how the Court should treat the additional calls and texts.  (*See* Dkt. No. 522.)

Accordingly, Plaintiff's motion for reconsideration (Dkt. No. 518) is GRANTED.  On reconsideration, the Court orders that recovery can include damages for calls and texts made through December 31, 2021.  All other aspects of the Court's August 18, 2025 Order (Dkt. No. 514) remain intact.

Dated this 27th day of October, 2025.

David G. Estudillo
United States District Judge

ORDER GRANTING MOTION FOR RECONSIDERATION (DKT. NO. 518) - 4