UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON,<br><br>      Plaintiff,<br>  v.<br><br>JOE DELFGAUW et al.,<br><br>      Defendant. | CASE NO. 3:21-cv-05610-DGE<br><br>ORDER DENYING MOTION TO RESOLVE FORGED SIGNATURE ALLEGATIONS (DKT. NO. 523) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR SANCTIONS (DKT. NO. 529) |

  This matter comes before the Court on Plaintiff's Motion to Resolve Forged Signature Allegations and for Sanctions.[1] (Dkt. No. 523.) Plaintiff asserts Defendant Joe Delfgauw was deposed on September 4, 2025, during which he "disavowed the declaration in Dkt. 444 as not written by him," and disavowed "his signatures on discovery documents as rubber stamped (not by him) and those in wide pen which he claims he doesn't remember ever using." (*Id.* at 1.) Plaintiff seeks an order either declaring Defendant's signatures are accurate, requiring Defendant

---

[1] Plaintiff requests oral argument. (Dkt. No. 523 at 1.) The Court finds that oral argument would not be helpful to the Court's disposition of this motion and denies Plaintiff's request. *See* LCR 7(b)(4).

ORDER DENYING MOTION TO RESOLVE FORGED SIGNATURE ALLEGATIONS (DKT. NO. 523) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR SANCTIONS (DKT. NO. 529) - 1

1    to swear under oath for every signature he disavowed, or strike Defendant's answer and hold him
2    in default. (*Id.* at 12–14.) Plaintiff further requests the Court sanction Defendant "the cost of
3    learning about this fabricated document" i.e. the cost of taking Defendant's declaration. (*Id.* at
4    14.) Defendants responded that this deposition was taken pursuant to Plaintiff's state court case
5    against Defendant, and Plaintiff's current motion is being used "to reopen discovery and to
6    rehash all of the same allegations and arguments." (Dkt. No. 525.) Defendant further stated he
7    "understands that he cannot change any of his federal responses. Just like the joint stipulation,
8    they are all deemed true." (*Id.* at 2.) Plaintiff subsequently filed a motion for sanctions "if all
9    documents with alleged Mr. Delfgauw forged signatures are not immediately withdrawn." (Dkt.
10   No. 529.)

11       The Court finds no basis to grant the relief requested. All dispositive motions have been
12   decided and this matter is scheduled for trial on a date that is nearly five years after this litigation
13   was initiated. Plaintiff may use Defendants' prior discovery responses and any declarations
14   previously submitted at trial to the full extent allowed by the applicable Federal Rules of Civil
15   Procedure and Evidence. Put another way, Defendants may not modify their prior discovery
16   responses or declarations. Any attempts to cast doubt at trial as to the validity of any prior
17   statements previously submitted would lead to impeachment evidence for the trier of fact to
18   consider in their evaluation of this case; a result that would undermine Defendants' position.
19   Thus, there already are mechanisms Plaintiff may utilize at trial to address any attempts to walk
20   back any prior statements.

Accordingly, the Court DENIES Plaintiff's motion to resolve the alleged forged signatures (Dkt. No. 523) and DENIES as moot the motion for sanctions (Dkt. No. 529).

Dated this 27th day of October, 2025.

David G. Estudillo
United States District Judge