UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>JOE DELFGAUW et al.,<br><br>　　　　　　Defendant. | CASE NO. 3:21-cv-05610-DGE<br><br>ORDER ON DONNA GIBSON'S MOTION TO WITHDRAW PURUSANT TO LCR 83.2(b)(1) (DKT. NO. 540) |

　　　Presently before the Court is Donna Gibson's motion to withdraw as counsel of record for Defendants Joe Delfgauw, Xanadu Marketing, Inc., and Starter Home Investing, Inc. (Dkt. No. 540.)

　　　Local Civil Rule ("LCR") 83.2(b)(1) sets forth the conditions under which an attorney may withdraw from representation in a civil case:

> No attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court, unless the withdrawal complies with the requirements of subsections (b)(2) or (b)(3).  Leave shall be obtained by filing a motion or a stipulation and proposed order for withdrawal or, if appropriate in a criminal case, by complying with the requirement of CrR 5(g).  A motion for withdrawal shall be noted in accordance with LCR 7(d)(3) or CrR 12(b) (criminal cases) and shall include a

ORDER ON DONNA GIBSON'S MOTION TO WITHDRAW PURUSANT TO LCR 83.2(B)(1) (DKT. NO. 540) - 1

certification that the motion was served on the client and opposing counsel. A stipulation and proposed order for withdrawal must (1) be signed by all opposing counsel or pro se parties, and (2) be signed by the party's new counsel, if appropriate, or by the party. If a withdrawal will leave a party unrepresented, the motion to withdraw must include the party's address and telephone number. The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cutoff date in a civil case, and at the discretion of the court in a criminal case.

The Court previously struck Gibson's notice of withdrawal of counsel because her withdrawal did not comply with the requirements of LCR 83.2(b), and Gibson did not identify new local counsel who would take over the matter. (Dkt. No. 537 at 2.) Gibson has now filed a proper motion to withdraw pursuant to LCR 83.2(b)(1). (Dkt. No. 540.) She contends that she is ethically prohibited from continuing to represented Defendants in this action based on the Court's previous orders (*see* Dkt. Nos. 462, 490, 511),[1] and attorney-client confidences protected under Rule of Professional Conduct 1.6.[2] (Dkt. No. 542 at 1.)

Additionally, in a declaration in support of Gibson's motion for withdrawal, Dawn Van Dusen—who appears *pro hac vice* in this matter—attested that she received her license to practice in Washington on January 23, 2026, she received notification that her application for admission to practice in the Western District of Washington was complete, and she submitted her fee for admission on March 18, 2026. (Dkt. No. 541 at 1.)

---

[1] The Court previously referred this matter to the Honorable Judge Tana Lin to determine whether discipline should be imposed under Local Civil Rule 83.3 against Gibson for her representation of Defendants. (Dkt. No. 490 at 11.) Judge Lin determined Gibson's actions warranted review and referred the matter to the Washington State Bar Association. (Dkt. No. 511 at 4.)

[2] Rules of Professional Conduct 1.16(a)(1) states that "a lawyer shall not represent a client or, where representation has commenced, shall, notwithstanding [Washington Revised Code § 2.44.040], withdraw from the representation of a client if: (1) the representation will result in violation of the Rules of Professional Conduct or other law."

ORDER ON DONNA GIBSON'S MOTION TO WITHDRAW PURUSANT TO LCR 83.2(B)(1) (DKT. NO. 540) - 2

The Court finds Gibson has complied with the requirements set forth in LCR 83.2(b)(1) and is satisfied that Defendants meet the local counsel requirement of LCR 83.1(d). Accordingly, the Court, having considered Gibson's motion to withdraw as counsel of record for Defendants, hereby GRANTS leave for the requested withdrawal.  (Dkt. No. 540.)  Donna Gibson is relieved as counsel for Defendants.

Dated this 10th day of April, 2026.

David G. Estudillo
United States District Judge

ORDER ON DONNA GIBSON'S MOTION TO WITHDRAW PURUSANT TO LCR 83.2(B)(1) (DKT. NO. 540) - 3