Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHEN BARTON,<br><br>Plaintiff<br>v.<br><br>JOE DELFGAUW,  XANADU<br>MARKETING INC., STARTER HOME<br>INVESTING INC.<br><br>Defendant(s). | Case No.: **3:21-cv-05610-DGE**<br><br>PLAINTIFF'S TRIAL BRIEF<br><br>DUE BY 5/11/2026 |

## I.    Introduction

Mr. Barton brings claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S. Code § 227(c),[1] the regulations governing the TCPA, 47 CFR § 64.1200,[2] Washington State's RCW § 80.36.390(2), ,[3] Washington State's RCW § 19.158.110(1), and the Washington State RCW § 19.190 Commercial Electronic Mail Act (CEMA), against Joe Delfgauw and two companies he owns and is the chief executive officer of.

During all times relevant Mr. Barton was the subscriber of telephone number (360) 910-1019.  It is an agreed fact in the case that Mr. Barton himself registered this phone number on the

---

[1] https://www.law.cornell.edu/uscode/text/47/227

[2] https://www.law.cornell.edu/cfr/text/47/64.1200

[3] https://www.law.cornell.edu/cfr/text/47/64.1200

PLAINTIFF'S TRIAL BRIEF            - 1 / 6                    NATHEN BARTON
CASE NO 3:21-CV-05610-DGE                                    4618 NW 11TH CIR
                                                            CAMAS WA 98607

FTC's national do-not-call registry[4] on February 16, 2021.[5]  By law, most telemarketers should have ceased calling or texting this phone number by 31 days after the registration date.

Barton has standing to bring this suit under *Hall v. Smosh Dot Com*:[6]

> "the owner and subscriber of a phone with a number listed on the Do-Not-Call Registry has suffered an injury in fact when unsolicited telemarketing calls or texts are sent to the number in putative violation of the TCPA."

Mr. Barton received a total of sixty calls from the Defendants over about a nine-month time period.  Before figuring out who was calling, Mr. Barton had never heard of any defendant in this lawsuit.  He did not give them consent to call for any reason and after a lengthy court battle the only issues left for trial are:

- Damages as to 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) claims;

- Liability and damages as to failure to identify claims—47 C.F.R. § 64.1200(d)(4), Wash. Rev. Code § 80.36.390(3), and Wash. Rev. Code § 19.158.110(1); and

- Damages as to Wash. Rev. Code § 19.190.060.

### The number of calls at issue

There is little debate as to the number of calls at issue.  In Dkt 444 ¶5 Mr. Delfgauw testified that Starter Home and Xanadu Marketing were responsible for 44 unwanted text messages to the 1019 number:

> "I personally reviewed the chart of stipulated calls set forth in the Defendant's Response [Dkt 443] and agree and stipulate that those texts were sent from either Starter Home Investing or Xanadu Marketing on behalf of partner affiliates."

---

[4] https://donotcall.gov/

[5] Dkt. 362 page 22 line 14: "Barton put the 1019 number on the FTC's national do not call registry on February 16, 2021."

[6] *Hall v. Smosh Dot Com*, 72 F.4th 983, 985 (9th Cir. 2023)

In Dkt 431 and Dkt. 443 Mr. Deldgauw provides testimony and evidence of 11 voice calls. These calls were initiated by Xanadu Marketing Inc. See Xanadu Marketing Inc's deposition testimony from April 3, 2025, via Ryan Becker (Starting at page 19 line 24):

Q. Okay. How do you happen to be recording these phone calls, but you don't seem to know really anything about these phone agents?

A. Because my capacity is simply as the recordkeeper for the system. I maintain the system that was used to place these calls, but I'm not responsible for the daily management of the agents or who may actually be on the phone conducting these calls.

And on May 14, 2025, Ms. Van Dusen turned over the records of six more calls "pursuant to the minute order" in Dkt 486, bringing the total number of documented calls to 44+11+6=60.

### 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2)

The court sent *damages* [but not liability] as to 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) claims to trial. 47 C.F.R. § 64.1200(c)(2) was promulgated under U.S.C. § 227(c) and Mr. Barton may receive "up to $500 in damages for each such violation". As the jury was not tasked with liability the damages awarded by the jury must apply to Mr. Delfgauw.

### 47 C.F.R. § 64.1200(d)(4), Wash. Rev. Code § 80.36.390(3), Wash. Rev. Code § 19.158.110(1)

These are all failure to identify statutes. § 80.36.390(3) and Wash. Rev. Code § 19.158.110(1) only apply to voice calls, but 47 C.F.R. § 64.1200(d)(4) applies to all calls, voice or text.  The court sent damages and liability to trial.

These statutes all require disclosure of the entity initiating the call or on whose behalf the call was made. The defendants and Mr. Barton both agree that the Court should use the FCC's interpretation of 47 C.F.R. § 64.1200(d)(4).  Specifically, that while businesses are not prohibited from using *d/b/a*'s in telemarketing calls, they are insufficient to satisfy the identification requirements of 47 C.F.R. § 64.1200(d)(4). Compliance with 47 C.F.R. §

PLAINTIFF'S TRIAL BRIEF                                        - 3 / 6                                    NATHEN BARTON
CASE NO 3:21-CV-05610-DGE                                                                                 4618 NW 11TH CIR
                                                                                                         CAMAS WA 98607

64.1200(d)(4) requires disclosure of their *legal* name. Compliance with the state regulations should be the same as the TCPA, disclosure of the legal name so that consumers know who is actually calling.

**Wash. Rev. Code § 19.190.060**

Wash. Rev. Code § 19.190.060 applies to text messages. The damages per text message are $500 as per Wash. Rev. Code § 19.190.040. The Defendants have stipulated to a minimum of 44 text messages, so the minimum damages under CEMA are $22,000.

**Willful and Knowing**

The Defendants have a new story, that they intended to reach a previous subscriber of the 1019 number and had they known the number was reassigned they would have stopped calling. That's ironic for many reasons, not the least of which is they called more after they were served (September 7, 2021) the lawsuit than before.



The defendants answered and counterclaimed on 10/5/2021, and then initiated 37 calls to the 1010 number in November and December of 2021. How could they counterclaim Mr. Barton and not be aware Mr. Barton didn't want their calls?

PLAINTIFF'S TRIAL BRIEF                    - 4 / 6                    NATHEN BARTON
CASE NO 3:21-CV-05610-DGE                                           4618 NW 11TH CIR
                                                                    CAMAS WA 98607

**Calls vs Time**

Defendants answer & counterclaim

Created with Datawrapper

### Safe Harbor Defense

The defendants now raise the TCPA's safe harbor defense but this must be struck because it was not raised in their Amended Answer (Dkt. 105) or original answers (Dkt. 20 and 39).



_____

Nathen Barton

Nathen Barton
(360) 241 7255
4618 NW 11th Cir
Camas WA 98607
bluewind33@protonmail.com

## I.    CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2024, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF System, which will automatically generate a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF System, which includes the Defendant.  The said Notice of Electronic Filing specifically identifies recipients of electronic notice.

/s/ Nathen Barton

Nathen Barton