Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

NATHEN BARTON,

Plaintiff

v.

JOE DELFGAUW,  XANADU
MARKETING INC., & STARTER HOME
INVESTING INC.

Defendant(s).

Case No.: **3:21-cv-05610-DGE**

RESPONSE TO DKT. 549

RESPONSE TO DEFENDANTS'
AMENDED MOTIONS *IN LIMINE*

NOTED FOR: MAY 18, 2026.

**Motion #1**  The parties agree that Mr. Barton will not <u>testify</u> to his opinions of what the TCPA means, requires, or prohibits.

**Motion #2**  The parties agree that Mr. Barton will not present any records from a doctor stating that Mr. Barton incurred damages because of the calls or texts in this case.

**Motion #3**  The parties agree that Mr. Barton will not make any "golden rule" plea to the jury.

**Motion #4**  In 2018, Mr. Delfgauw pled guilty of 18 U.S.C. 1344 Financial Institution Fraud.[1] He admitted to knowingly executing a scheme to defraud and to obtain money by

---

[1] 2:18-cr-20030-DML-DPG, United States District Court, Eastern District of Michigan, Southern Division

RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE*      - 1 / 3
CASE NO 3:21-CV-05610-DGE

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

means of materially false and fraudulent pretenses and representations. See Dkt. 309 pp 8-10.

Mr. Delfgauw admitted that as part of the scheme he did the following:

a. Mr. Delfgauw recruited WL to be the buyer of a property located at 2458 Elliot, Lincoln Park, Michigan.

b. Mr. Delfgauw, with intent to defraud and without the knowledge of the mortgage lender, promised WL that although the property would be purchased in her name, she would not have to make the mortgage payments or fund the down payment.

c. **Mr. Delfgauw, with intent to defraud, arranged for his company to provide false proof of employment for WL**, which was provided to the mortgage lender the intent to influence its decision to approve the loan.

d. Also with intent to defraud, Delfgauw paid WL $3,000 after the closing once the property was purchased in her name.

This crime fits under FRE 609(a)(1)(B) and FRE 609(a)(2) because Mr. Delfgauw is the defendant, the conviction is inside the 10-year window of FRE 609(b), and Mr. Delfgauw is the witness for the Defendants.  This fraud conviction demonstrates Mr. Delfgauw will use companies under his control to fabricate documents and recruit others in furtherance of fraudulent schemes. This history is highly probative given that he was fined $1,000 for fabricating the document in Dkt. 154 and Mr. Delfgauw is sole witness testifying for Xanadu and Starter Home.  He put his own credibility in the spotlight.

**Motion #5**   The defendants ask for a broad prohibition of documents from "other litigation or settlements" involving any of the Defendants.  Mr. Barton would only use documents or evidence from other litigation that meets the hearsay rule, is exempt from the hearsay rule, or for impeachment.  Documents and facts obtained from other litigation should be treated the same as documents and facts obtained from

RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE*      - 2 / 3
CASE NO 3:21-CV-05610-DGE

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

any other source and a blanket prohibition of documents and facts from "other litigation or settlements" would be improper.

May 12, 2026

_____

Nathen Barton

Nathen Barton
(360) 241 7255
4618 NW 11th Cir
Camas WA 98607
bluewind33@protonmail.com

## II.    CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2026, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF System, which will automatically generate a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF System, which includes the Defendant.  The said Notice of Electronic Filing specifically identifies recipients of electronic notice.

/s/ Nathen Barton

Nathen Barton