UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON, Plaintiff, v. JOE DELFGAUW et al., Defendants. | CASE NO. 3:21-cv-05610-DGE<br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, United States District Judge David G. Estudillo:

Before the Court are the Parties' motions in limine. (Dkt. Nos. 545, 549.) The Court delivered oral rulings on the motions at the May 29, 2026 pretrial conference, and issues this written order to memorialize those rulings. The Court assumes familiarity with the facts of the case.

## I. UNOPPOSED MOTIONS

**No. 1: Defendants should be precluded from arguing that they are not bound by the stipulations in Dkt. No. 378, and precluded from mentioning the drama around them to the jury.**

The motion is GRANTED.

**No. 2: Plaintiff's current or past litigation is irrelevant and unduly prejudicial and should be excluded**

The motion is GRANTED.

**No. 3: Mr. Barton's current employment is irrelevant and could only distract the jury and should be excluded.**

The motion is GRANTED.

**No. 4: Evidence and arguments and opinions of any website other than EducationSchoolMatching.com should be precluded.**

The motion is GRANTED.

**No. 5: The defendant should be precluded from arguing or introducing evidence or implying that Mr. Barton consented to their calls.**

The motion is GRANTED.

**No. 6: The defendant should be precluded from disclosing to the jury Plaintiff's use of pseudonyms.**

The motion is GRANTED.

**No. 7: The fake signature issue**

The motion is GRANTED. The parties agree "unless the opposing party opens the door for testimonies that Defendant will not raise any fake signature argument. Any document that has Joseph Delfgauw's signature on it is deemed truthful in this civil case."

**No. 8: Argument or evidence attempting to justify or minimize the deletion of the dialer data should be precluded.**

The motion is GRANTED.

**No. 9: Evidence or argument related to compliance with unrelated regulations should be precluded.**

The motion is GRANTED.

**No. 10: The defendants should be precluded from introducing any evidence or opinion over any claimed evidence Mr. Barton requested during this lawsuit's discovery phase and they did not produce.**

The motion is GRANTED.

**No. 11: The defendants should be precluded from arguing or introducing evidence or opinion that contradicts any Dkt. 378 stipulation.**

The motion is GRANTED.

**No. 12: The defendants should be precluded from arguing that Mr. Barton did anything on any website.**

The motion is DENIED as vague. However, the Court concludes that any reference to the TCPAUniversity.com website is GRANTED as it is not relevant to the remaining issues set for trial.

**No. 13: The Court should use the FCC interpretation of 47 C.F.R. § 64.1200(d)(4).**

The motion is GRANTED with modification. The Court *may,* but is not required, to use the FCC interpretation of 47 C.F.R. § 64.1200(d)(4).

**No. 14: The defendants should be precluded from arguing that the damages per text message under Wash. Rev. Code § 19.190.060 is anything less than $500 each.**

The motion is GRANTED.

**No. 15: The Court should preclude the Defendants from using any witnesses or evidence not disclosed to Mr. Barton prior to the close of discovery.**

The motion is GRANTED.

**No. 16: Evidence or argument regarding claims already resolved by the Court should be excluded.**

The motion is GRANTED.

**No. 17: To exclude Plaintiff from offering his opinion of what the TCPA means, requires, or prohibits.**

The motion is GRANTED.

**No. 18: To exclude any alleged damages not previously disclosed, including physical, psychological/emotional and economic harm to Plaintiff.**

The motion is GRANTED. The parties stipulate "that Plaintiff will not present any records from a doctor stating that [he] incurred damages because of the calls or texts in this case."

**No. 19: To exclude Plaintiff from making any "golden rule" arguments.**

The motion is GRANTED.

## II. PLAINTIFF'S CONTESTED MOTIONS

**Letter D:[1] Mr. Barton's past employment is irrelevant and could only distract the jury and should be excluded.**

The motion is GRANTED. The Court concludes this evidence is not relevant to the remaining issues at trial. (Should Plaintiff seek to admit evidence on this subject, and if the Court allows it to be admitted, Defendant may be provided an opportunity to respond.)

**Letter E: The defendant should be precluded from arguing that they have been sued by professional scammers.**

The motion is GRANTED. The Court concludes this evidence is not relevant to the remaining issues at trial. (Should Plaintiff seek to admit evidence on this subject, and if the Court allows it to be admitted, Defendant may be provided an opportunity to respond.)

**Letter I: TCPAUniversity.com is hearsay, irrelevant and could only distract the jury.**

The motion is GRANTED. The Court concludes this evidence is not relevant to the remaining issues at trial.

**Letter K: The defendants should be precluded from using anecdotal evidence or their opinion of what "everybody" or anybody does in response to receiving unwanted phone calls/text messages.**

The motion is GRANTED. The Court concludes this evidence is not relevant to the remaining issues at trial.

**Letter L: The defendants should be precluded from arguing or introducing evidence of consent via embedded links in text messages.**

[1] The Court maintains the numbering of motions as listed in Plaintiff's brief.

The motion is GRANTED. The Court has already determined any opt-in from educationschoolmatching.com would not establish consent for Defendants Starter Home and Xanadu's text messages to Plaintiff. Though Defendants argue this evidence is relevant for the purposes of treble damages, whether damages should be trebled is an issue reserved for the court, not the jury.

**Letter Q: The defendants should be precluded from using Mr. Barton's April 1, 2025, deposition for any purpose.**

The motion is GRANTED. Local Civil Rule 32(e) requires a party intending to offer deposition testimony at trial to "prepare a single copy of the deposition transcript containing the parties' designations, highlighting all testimony, indicating any objections and all responses to objections in the margins, all in a single color." The deposition designation has not been provided to the Court. However, Defendants may use the deposition for impeachment purposes.

**Letter U: The defendants should be precluded from telling the jury or arguing to the jury that Mr. Barton could have or should have replied "stop" to end the defendants' calls or any other variation of a failure to mitigate argument.**

The motion is GRANTED. The Court (Creatura, J.) previously ruled that there is no need for a plaintiff to mitigate damages in a TCPA case.

**Letter AA: The Court should preclude the Defendants from bringing up other phone numbers.**

The motion is GRANTED. The only telephone number relevant to the issues set for trial is the number ending in -1019.

## III DEFENDANT'S CONTESTED MOTIONS

**No. 4:[2] To exclude a copy of sentencing memorandum, criminal judgment or mentioning any case involving Joseph Delfgauw as the defendant.**

The motion is DENIED as to impeachment purposes pursuant to Federal Rule of Evidence 609(a)(2), DENIED as to knowledge of fabricating process purposes; and RESERVED as to criminal character.

**No. 5: To preclude Plaintiff from presenting evidence of other litigations or settlements involving any of the Defendants.**

The motion is RESERVED.

Dated this 1st day of June, 2026.

The foregoing Minute Order authorized by THE HONORABLE DAVID G. ESTUDILLO, UNITED STATES DISTRICT JUDGE.

[2] The Court maintains the numbering of motions as listed in Defendants' brief.