UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON,<br><br>Plaintiff,<br>v.<br><br>JOE DELFGAUW et al.,<br><br>Defendants. | CASE NO. 3:21-cv-05610-DGE<br><br>PRETRIAL ORDER |

## I STATEMENT OF JURISDICTION

The Court has subject matter jurisdiction under 28 U.S.C. § 1331, because Plaintiff claims arise under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227; the C.F.R. Part Subpart Federal Communication Commission's ("FCC") implementing rules (47 C.F.R. Part 64 Subpart 1200 and Part 68 Subpart 318); and the Federal Rules of Civil Procedure, 28 U.S.C. § 1331. *See Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012). This case involves allegations of telemarketing practices prohibited under the TCPA 47 U.S.C. 227 and its implementing regulations 47 C.F.R § 64.1200 for which this Court has original jurisdiction. This

Court has supplemental jurisdiction under 28 USC § 1367(a) over the state law telemarketing claims because they form the same case or controversy under Article III of the United States Constitution.

Venue is proper in the court under 28 U.S.C. §1391(b), because Plaintiff, at all relevant and material herein, a resident of Clark County, Washington, and the conduct complained of herein occurred within that venue.

## II CLAIMS AND DEFENSES

The plaintiff will pursue at trial the following claims:

1. 47 U.S.C. § 227(c)(5):
    a. Damages for violations of 47 C.F.R. § 64.1200(c)(2) – telephone calls and text messages
    b. Liability and damages for violations of 47 C.F.R. § 64.1200(d)(4) – telephone calls only
2. Wash. Rev. Code § 80.36.390(3) – telephone calls only: liability and damages
3. Wash. Rev. Code § 19.158.110(1) – telephone calls only: liability and damages
4. Wash. Rev. Code § 19.190.060 – text messages only: damages

The defendant will pursue the following affirmative defenses and/or claims:

1. How many text messages Starter Homes made to Plaintiff's cell phone number (360) 910-1019, and when.
2. How many text messages Xanadu made to Plaintiff's cell phone number (360) 910-1019, and when.

3. How many phone calls Starter Homes made to Plaintiff's cell phone number (360) 910-1019and failed to identify themselves.
4. How many phone calls Xanadu made to Plaintiff's cell phone number (360) 910-1019and failed to identify themselves.
5. Whether Plaintiff suffered any actual damages.

## III NEUTRAL STATEMENT OF THE CASE

Joe Delfgauw is the owner and president of two marketing businesses, Starter Home Investing Inc and Xanadu Marketing Inc. We will call them Xanadu and Starter Home. Mr. Delfgauw actively controls the day-to-day operations of Xanadu and Starter Home. Mr. Delfagauw, Xanadu and Starter Home are the defendants in this lawsuit. In 2021, Xanadu and Starter Home called and texted phone number (360) 910-1019 without the consent of Mr. Barton, the telephone number's subscriber. Mr. Barton is the plaintiff in this lawsuit.

The Court in this case already found the defendants liable for some of Mr. Barton's claims. You will decide the damages for those claims. In other claims you will determine liability and damages.

## IV ADMITTED FACTS

The following facts are admitted by the parties:

1. The Court has previously determined Plaintiff did not consent to any Defendants' telephone calls or text messages.
2. Defendants are liable for violations of 47 U.S.C. § 227(c)/47 C.F.R. § 64.1200(c)(2); and Wash. Rev. Code § 19.190.060. Damages shall be determined by the jury.
3. Joseph Delfgauw is the owner and president of two marketing businesses, Starter Home Investing Inc. and Xanadu Marketing Inc.

4. Mr. Delfgauw controls the day-to-day operations of Starter Home Investing Inc. and Xanadu Marketing Inc.
5. Plaintiff is the owner of (360) 910-1019, a residential telephone number.
6. Plaintiff registered his telephone number (360) 910-1019 on the national do-not-call registry more than 31 days before April 1, 2021.
7. Starter Home Investing Inc. initiated at least 23 solicitation calls to (360) 910-1019.

## V ISSUES OF FACT AND LAW

The following are the issues of fact to be determined by the jury:

1. Between April 1, 2021 and December 31, 2021, how many phone calls and text messages did Xanadu Marketing Inc. send to Plaintiff? 47 U.S.C. § 227(c)(5)/47 C.F.R. § 64.1200(c)(2)
2. Between April 1, 2021 and December 31, 2021, how many phone calls and text messages did Starter Home Investing, Inc. send to Plaintiff? 47 U.S.C. § 227(c)/47 C.F.R. § 64.1200(c)(2)
3. For each phone call Xanadu Marketing Inc. made to Plaintiff, did it fail to identify within 30 seconds the information required by federal and state law? 47 U.S.C. § 227(c)(5)/47 C.F.R. § 64.1200(d)(4), Wash. Rev. Code §§ 80.36.390(3), 19.159.110(1)
4. For each phone call Starter Home Investing, Inc. made to Plaintiff, did it fail to identify within 30 seconds the information required by federal and state law? 47 U.S.C. § 227(c)(5)/47 C.F.R. § 64.1200(d)(4), Wash. Rev. Code §§ 80.36.390(3), 19.159.110(1)
5. Did Defendant Delfgauw have direct, personal participation in or personally authorize the conduct of Xanadu and Starter Home Investing, Inc.?
6. What are Plaintiff's total damages against each Defendant?

The following are issues of law to be determined by the Court after completion of trial:

1. Did any of the Defendants willfully or knowingly violate the TCPA regulations?
2. If yes, should the Court, in its discretion, award trebled damages under the TCPA?

## VI EXPERT WITNESSES

None for any party.

## VII OTHER WITNESSES

As indicated by the Parties, the names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

1. On behalf of plaintiff:
    a. Nathen Barton, 4618 NW 11th Cir Camas WA 98607: will testify about the facts of this case.
    b. Joseph Delfgauw, who may be contacted through counsel, will testify about the facts of this case.
    c. Xanadu Marketing Inc., who may be contacted through counsel, will testify about the facts of this case. Starter Home Investing Inc., who may be contacted through counsel, will testify about the facts of this case.
    d. Kerrie Barton, 9515 SE 13th St, Vancouver WA 98664: will testify pursuant to her deposition testimony about the history and residential use of the 1019 phone number.

Plaintiff reserves the right to call any witness endorsed by any Defendant on any topics the Defendants disclose below the witness is prepared to testify about.

2. On behalf of defendants:

a. Joseph Delfgauw, Defendant and President of Xanadu Marketing and Starter Homes will testify regarding the calls and text messages in this case.

Defendants reserve the right to call any witness endorsed by Plaintiff.

## VIII EXHIBITS

The following exhibits are proposed by the parties with a brief description of whether they are stipulated as to admissibility and the objections thereto.

Plaintiff's Exhibits

| Ex. # | Description | Authenticity | Admissibility | Obj | Admitted |
|---|---|---|---|---|---|
| 100 | 1019 phone screen shot | | | | |
| 101 | 1019 phone screen shot | | | | |
| 102 | 1019 phone screen shot | | | | |
| 103 | 1019 phone screen shot | | | | |
| 104 | 1019 phone screen shot | | | | |
| 105 | 1019 phone screen shot | | | | |
| 106 | 1019 phone screen shot | | | | |
| 107 | 1019 phone screen shot | | | | |
| 108 | 1019 phone screen shot | | | | |
| 100 | 1019 phone screen shot | | | | |
| 110 | 1019 phone screen shot | | | | |
| 111 | 1019 phone screen shot | | | | |
| 112 | 1019 phone screen shot | | | | |
| 113 | 1019 phone screen shot | | | | |
| 114 | 1019 phone screen shot | | | | |
| 115 | 1019 phone screen shot | | | | |
| 116 | 1019 phone screen shot | | | | |

| Ex. # | Description | Authenticity | Admissibility | Obj | Admitted |
|---|---|---|---|---|---|
| 117 | 1019 phone screen shot | | | | |
| 118 | 1019 phone screen shot | | | | |
| 119 | 1019 phone screen shot | | | | |
| 120 | 1019 phone screen shot | | | | |
| 121 | 1019 phone screen shot | | | | |
| 122 | 1019 phone screen shot | | | | |
| 123 | 1019 phone screen shot | | | | |
| 124 | Barton video | | | | |
| 125 | Barton video | | | | |
| 126 | Barton video | | | | |
| 127 | Barton video | | | | |
| 128 | Barton video | | | | |
| 129 | Barton video | | | | |
| 130 | Barton video | | | | |
| 131 | Barton video | | | | |
| 132 | Barton video | | | | |
| 133 | Barton video | | | | |
| 134 | 1019 phone screen shot | | | | |
| 135 | 1019 phone screen shot | | | | |
| 136 | 1019 phone screen shot | | | | |
| 137 | 1019 phone screen shot | | | | |
| 138 | Delfgauw declaration | | | | |
| 139 | Court hearing video | | | | |
| 140 | Delfgauw declaration | | | | |
| 141 | Alex Jakimtschuk Email | | | | |
| 142 | Facebook page | | | | |

| Ex. # | Description | Authenticity | Admissibility | Obj | Admitted |
|---|---|---|---|---|---|
| 143 | Facebook page | | | | |
| 144 | Facebook page | | | | |
| 145 | Do Not Call Registration Confirmation | | | | |
| 146 | DNC Policy | | | | |

Plaintiff reserves the right to use Defendant's exhibits

Defendants Offer the Following Exhibits

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 801 | Been verified report regarding Nathen Barton | Disputed | Disputed | ER401, ER402, ER403, ER602, H, F, this has not been provided to Mr. Barton is a trial exhibit. | |
| 802 | Demand letter from Barton | Disputed | Disputed | ER401, ER402, ER403, ER404, ER602, H, F, these were never provided to Mr. Barton in discovery or as a trial exhibit. | |

The Parties' Objection Code:

| | |
|---|---|
| E | Exhibit is objectionable because it constitutes attempted expert testimony from a person who was not designated as an expert (Fed. R. Civ. P. 26) |
| F | Lack of foundation |
| H | Inadmissible hearsay |
| Limited Purpose | For the Limited Purpose for which a pleading may be used, and subject to any MIL that the court may rule upon and as to Admissions, subject to the Court's ruling on the Motion |

## IX DEPOSITION DESIGNATIONS

While the Parties have each made deposition designations, Local Civil Rule 32(e) requires a party intending to offer deposition testimony at trial to "prepare a single copy of the deposition transcript containing the parties' designations, highlighting all testimony, indicating any objections and all responses to objections in the margins, all in a single color." Neither party has followed the requirements of LCR 32(e). Therefore, deposition transcripts may not be used other than for impeachment purposes.

## X ACTION BY THE COURT

a. This case is scheduled for trial before a jury on June 22, 2026, at 9 a.m.

b. Trial briefs shall be submitted to the court on or before May 11, 2026.

c. Jury instructions requested by either party shall be submitted to the court on or before May 11, 2026. Suggested questions of either party to be asked of the jury by the court on voir dire shall be submitted to the court on or before May 11, 2026.

d. The Court has issued rulings on the Parties' motions in limine. (Dkt. No. 567.)

This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

Dated this 22nd day of June, 2026.

David G. Estudillo
United States District Judge