UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON, Plaintiff, v. JOE DELFGAUW et al., Defendants. | CASE NO. 3:21-cv-05610-DGE<br>JURY INSTRUCTIONS |

**COURT'S INSTRUCTIONS TO THE JURY**

Dated this 24th day of June, 2026.

David G. Estudillo
United States District Judge

## INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you make take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## INSTRUCTION NO. 2

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

## INSTRUCTION NO. 3

All parties are equal before the law and an individual or a corporation are each entitled to the same fair and conscientious consideration by you as any party.

## INSTRUCTION NO. 4

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 5**

The evidence you are to consider in deciding what the facts are consists of:

1) the sworn testimony of any witness;

2) the exhibits that are admitted into evidence;

3) any facts to which the lawyers have agreed; and

4) any facts that I have instructed you to accept as proved.

## INSTRUCTION NO. 6

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.
2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.
3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.
4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 7**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or

view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 8

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 9**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## INSTRUCTION NO. 10

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## INSTRUCTION NO. 11

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1) the opportunity and ability of the witness to see or hear or know the things testified to;
2) the witness's memory;
3) the witness's manner while testifying;
4) the witness's interest in the outcome of the case, if any;
5) the witness's bias or prejudice, if any;
6) whether other evidence contradicted the witness's testimony;
7) the reasonableness of the witness's testimony in light of all the evidence; and
8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NO. 12**

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## INSTRUCTION NO. 13

The parties have agreed to certain facts. You must therefore treat these facts as having been proved.

1. Joseph Delfgauw is the owner and president of two marketing businesses, Starter Home Investing Inc. and Xanadu Marketing Inc.
2. Mr. Delfgauw controls the day-to-day operations of Starter Home Investing Inc. and Xanadu Marketing Inc.
3. Plaintiff is the owner of phone number (360) 910-1019, a residential telephone number.
4. Plaintiff registered his telephone number (360) 910-1019 on the national do-not-call registry more than 31 days before April 1, 2021.
5. None of the Defendants obtained Plaintiff's prior express consent before initiating phone calls or text messages to (360) 910-1019.
6. Starter Home Investing Inc. initiated at least 23 solicitation phone calls to (360) 910-1019.

## INSTRUCTION NO. 14

Evidence was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

## INSTRUCTION NO. 15

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

## INSTRUCTION NO. 16

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. The agency agreement may be oral or written.

**INSTRUCTION NO. 17**

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

## INSTRUCTION NO. 18

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

## INSTRUCTION NO. 19

Joseph Delfgauw was the agent of the defendants Starter Home Investments Inc. and Xanadu Marketing Inc., and, therefore, any act or omission of Joseph Delfgauw was the act or omission of either Starter Home Investments Inc. or Xanadu Marketing Inc.

## INSTRUCTION NO. 20

The Court has already found that Starter Home Investing Inc. violated a provision of the Telephone Consumer Protection Act by contacting Plaintiff in violation of the national do-not-call registry (47 C.F.R. § 64.1200(c)(2), Count One). One of the issues for you to decide is how many text messages or phone calls Starter Home Investing Inc. initiated between March 31, 2021 through December 31, 2021 to the phone number (360) 910-1019. You may award up to $500 for each phone call or text message.

Xanadu Marketing Inc. is not alleged to have initiated phone calls or text messages to (360) 910-1019. Instead, Plaintiff asserts Starter Home Investing Inc. initiated calls or text messages on behalf of Xanadu Marketing Inc. If you find that Starter Home Investing Inc. initiated calls or text messages on Xanadu Marketing Inc.'s behalf, you may award damages against Xanadu Marketing Inc. for each phone call or text message.

**INSTRUCTION NO. 21**

To establish his claim of failure to identify under federal law, 47 C.F.R. § 64.1200(d)(4), Count Two, Plaintiff has the burden of proving each of the following propositions by a preponderance of the evidence:

1) That either Starter Home Investing Inc. initiated a phone call to a residential telephone number (360) 910-1019
2) That (360) 910-1019 was registered on the national do-not-call registry for more than 31 days before each call
3) That the call was for the purposes of encouraging the purchase or rental of, or investment in, property, goods, or services
4) That Starter Home Investing Inc. did not provide the called party with:
    a. The name of the individual caller;
    b. The name of the person or entity on whose behalf the call is being made; and

    A telephone number or address at which the person or entity may be contacted.

Xanadu Marketing Inc. is not alleged to have initiated phone calls or text messages to (360) 910-1019. Instead, Plaintiff asserts Starter Home Investing Inc. initiated calls or text messages on behalf of Xanadu Marketing Inc. If you find that Starter Home Investing Inc. initiated calls or text messages on Xanadu Marketing Inc.'s behalf, you may award damages against Xanadu Marketing Inc. for each phone call or text message.

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for Plaintiff on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Starter Home Investing Inc. on this claim.

**INSTRUCTION NO. 22**

To establish his claim of failure to identify under Washington law, Washington Revised Code § 80.36.390(3), Count Three, Plaintiff has the burden of proving each of the following propositions by a preponderance of the evidence:

1. That any or all of Defendants initiated a voice call,
2. That the voice call was unsolicited and initiated for the purposes of encouraging the purchase of property, goods, or services, wrongfully obtaining anything of value, or soliciting donations of money, property, goods, or services
3. That Defendant initiated the voice call without identifying within the first 30 seconds of the telephone call:
   a. Themselves;
   b. The company or organization on whose behalf the solicitation is being made; and
   c. The purpose of the call.

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for Plaintiff on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Defendants on this claim.

**INSTRUCTION NO. 23**

The Court has found that Defendants Starter Home Investing Inc. violated the Commercial Electronic Mail Act (Count Four). One of the issues for you to decide is how many text messages Starter Home Investing Inc. initiated between March 31, 2021 through December 31, 2021 to the phone number (360) 910-1019. You must award $500 for each text message.

Xanadu Marketing Inc. is not alleged to have initiated text messages to (360) 910-1019. Instead, Plaintiff asserts Xanadu Marketing Inc. assisted in the transmission of text messages to (360) 910-1019. If you find that Xanadu Marketing Inc. assisted in the transmission of text messages, you may award damages against Xanadu Marketing Inc. for each text message it assisted in transmitting.

"Assist the transmission" means actions taken by a person to provide substantial assistance or support which enables any person to formulate, compose, send, originate, initiate, or transmit a commercial electronic mail message or a commercial electronic text message when the person providing the assistance knows or consciously avoids knowing that the initiator of the commercial electronic mail message or the commercial electronic text message is engaged, or intends to engage, in any practice that violates the consumer protection act. "Assist the transmission" does not include any of the following: (a) Activities of an electronic mail service provider or other entity who provides intermediary transmission service in sending or receiving electronic mail, or provides to users of electronic mail services the ability to send, receive, or compose electronic mail; or (b) activities of any entity related to the design, manufacture, or distribution of any

technology, product, or component that has a commercially significant use other than to violate or circumvent this section.

## INSTRUCTION NO. 24

Defendant Joseph Delfgauw is not alleged to have personally initiated calls or text messages to (360) 910 1019. However, if you find by a preponderance of the evidence that he had direct, personal participation in or personally authorized the conduct found to have violated the claims at issue in this case, you may find Defendant Delfgauw personally liable for the calls.

## INSTRUCTION NO. 25

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiff on one or more of his claims, you must determine plaintiff's damages. Damages are the amount of money that will reasonably and fairly compensate plaintiff for any injury that you find was caused by defendants.

Because the defendants have been found liable on Count One, violating the national-do-not-call registry, you may award up to $500 per phone call and text message.

If you find for the plaintiff on Count Two, failure to identify in violation of federal law, you may award up to $500 per phone call and text message.

If you find for the plaintiff on Count Three, failure to identify in violation of Washington law you must award the plaintiff at least $100 per call.

Because the defendants have been found liable on Count Four, you must award $500 per text message.

If you find for the defendants, then you should not award anything to the plaintiff.

**INSTRUCTION NO. 26**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 27**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## INSTRUCTION NO. 28

A verdict form has been prepared for you. After you have reached an agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.