UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON, Plaintiff, v. JOE DELFGAUW et al., Defendants. | CASE NO. 3:21-cv-05610-DGE<br>VERDICT FORM |

We, the jury, answer the questions that the Court submitted as follows:

Telephone Consumer Protection Act
(unauthorized phone calls and text messages)
47 U.S.C. § 227(c)(5) / 47 C.F.R. § 64.1200(c)(2)

**QUESTION NO. 1:** How many calls and text messages did Starter Home Investing Inc. initiate to (360) 910-1019 between March 31, 2021 and December 31, 2021?

**ANSWER:** 64

ORIGINAL

**<u>QUESTION NO. 2</u>**: What is the amount of Plaintiff's damages against Starter Home Investing Inc.? You may award up to $500 per phone call and text message.

**ANSWER: $**32,000.00

**<u>QUESTION NO. 3:</u>** How many calls or text messages did Starter Home Investing Inc. initiate to (360) 910-1019 on behalf of Xanadu Marketing Inc. between March 31, 2021 and December 31, 2021?

**ANSWER:** ~~X~~ M.M. 0

**<u>QUESTION NO. 4</u>**: What is the amount of Plaintiff's damages against Xanadu Marketing Inc.? You may award up to $500 per phone call and text message.

**ANSWER: $** ~~X~~ M.M 0

**<u>QUESTION NO. 5</u>**: Has Plaintiff shown, by a preponderance of the evidence, that Joseph Delfgauw had direct, personal participation in or personally authorized either of his companies to initiate more than one solicitation phone call or text message to (360) 910-1019 between March 31, 2021 and December 31, 2021?

**ANSWER:** NO **(Write "yes" or "no")**

*INSTRUCTION: If you answered "yes" to question 5, go to question 6; if you answered "no" to question 5, do not answer or consider any of the remaining questions in this section. Proceed to the next section.*

**QUESTION NO. 6**: How many calls or text messages did Joseph Delfgauw participate in or authorize between March 31, 2021 and December 31, 2021?

**ANSWER:** ___Ø M.M.___

**QUESTION NO. 7**: What is the amount of Plaintiff's damages against Joseph Delgauw? You may award up to $500 per phone call and text message.

**ANSWER: $**___Ø M. M___

Telephone Consumer Protection Act
Failure to Identify Information
47 U.S.C. § 227(c)(5) / 47 C.F.R. § 64.1200(d)(4)

**QUESTION NO. 8**: Has Plaintiff shown, by a preponderance of the evidence, that between March 31, 2021 and December 31, 2021 Starter Home Investing Inc. initiated a solicitation phone call or text message to (360) 910-1019 without providing the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted?

**ANSWER:** ___YES___ **(Write "yes" or "no")**

*INSTRUCTION: If you answered "yes" to question 8, go to question 9; if you answered "no" to question 8, proceed to question 11.*

**QUESTION NO. 9**: How many calls or text messages did Starter Home Investing Inc. initiate to (360) 910-1019 between March 31, 2021 and December 31, 2021 that failed to provide the information identified in Question 8?

ANSWER: 41

**QUESTION NO. 10**: What is the amount of Plaintiff's damages against Starter Home Investing Inc.? You may award up to $500 per phone call or text message.

ANSWER: $ 20,500.00

**QUESTION NO. 11**: Has Plaintiff shown, by a preponderance of the evidence, that between March 31, 2021 and December 31, 2021 Starter Home Investing Inc. initiated a solicitation phone call or text message to (360) 910-1019 on behalf of Xanadu Marketing Inc. without providing the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted?

ANSWER: NO **(Write "yes" or "no")**

*INSTRUCTION: If you answered "yes" to question 11, go to question 12; if you answered "no" to question 11, proceed to question 14.*

**QUESTION NO. 12**: How many calls or text messages did Starter Home Investing Inc. initiate to (360) 910-1019 on behalf of Xanadu Marketing Inc. between March 31, 2021 and December 31, 2021 that failed to provide the information identified in Question 11?

ANSWER: ______________

**QUESTION NO. 13**: What is the amount of Plaintiff's damages against Xanadu Marketing Inc.? You may award up to $500 per phone call or text message.

**ANSWER: $**______________

**QUESTION NO. 14**: Has Plaintiff shown, by a preponderance of the evidence, that between March 31, 2021 and December 31, 2021, Joseph Delfgauw had direct, personal participation in or personally authorized one of his companies to initiate a solicitation phone call or text message to (360) 910-1019 without providing the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted?

**ANSWER:** NO **(Write "yes" or "no")**

*INSTRUCTION: If you answered "yes" to question 14, go to question 15; if you answered "no" to question 14, do not answer or consider any of the remaining questions in this section. Proceed to the next section.*

**QUESTION NO. 15**: How many calls or text messages did Joseph Delfgauw participate in or authorize between March 31, 2021 and December 31, 2021 that failed to provide the information identified in Question 14?

**ANSWER:** ______________

**QUESTION NO. 16**: What is the amount of Plaintiff's damages against Joseph Delfgauw? You may award up to $500 per phone call or text message.

**ANSWER: $**______________

<u>Washington Revised Code § 80.36.390(3)</u>
<u>Failure to Identify Information Within 30 Seconds</u>

**<u>QUESTION NO. 17</u>**: Has Plaintiff shown, by a preponderance of the evidence, that between March 31, 2021 and December 31, 2021, Starter Home Investing Inc. initiated a solicitation phone call to (360) 910-1019 without identifying themselves and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first 30 seconds of the telephone call?

**ANSWER:** NO **(Write "yes" or "no")**

*INSTRUCTION: If you answered "yes" to question 17, go to question 18; if you answered "no" to question 17, proceed to question 20.*

**<u>QUESTION NO. 18</u>**: How many solicitation phone calls did Starter Home Investing Inc. initiate to (360) 910-1019 between March 31, 2021 and December 31, 2021 that failed to provide the information within 30 seconds as identified in Question 17?

**ANSWER:** ______________

**<u>QUESTION NO. 19</u>**: What is the amount of Plaintiff's damages against Starter Investing Inc.? You must award a minimum of $100 per phone call.

**ANSWER: $**______________

**QUESTION NO. 20**: Has Plaintiff shown, by a preponderance of the evidence, that between March 31, 2021 and December 31, 2021, Joseph Delfgauw had direct, personal participation in or personally authorized Starter Home Investing Inc. to initiate a solicitation phone call to (360) 910-1019 without identifying themselves and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first 30 seconds of the telephone call?

**ANSWER:** NO **(Write "yes" or "no")**

*INSTRUCTION: If you answered "yes" to question 20, go to question 21; if you answered "no" to question 20, do not answer or consider any of the remaining questions in this section. Proceed to the next section.*

**QUESTION NO. 22**: How many calls did Joseph Delfgauw participate in or authorize between March 31, 2021 and December 31, 2021 that failed to provide the information identified in Question 23?

**ANSWER:** ______________

**QUESTION NO. 23**: What is the amount of Plaintiff's damages against Joseph Delfgauw? You must award a minimum of $100 per phone call.

**ANSWER: $**______________

Washington State Commercial Electronic Mail Act
Washington Revised Code § 19.190.060(1)

**QUESTION NO. 24:** How many text messages did Starter Home Investing Inc. initiate to (360) 910-1019 between March 31, 2021 and December 31, 2021?

**ANSWER:** 41

**QUESTION NO. 25**: What is the amount of Plaintiff's damages Starter Home Investing Inc.? You must award $500 per text message.

**ANSWER: $** 20,500.00

**QUESTION NO. 26**: How many text messages did Xanadu Marketing Inc. assist in transmitting to (360) 910-1019 between March 31, 2021 and December 31, 2021?

**ANSWER:** 0

**QUESTION NO. 27**: What is the amount of Plaintiff's damages against Xanadu Marketing Inc.? You must award $500 per text message.

**ANSWER: $** 0

**QUESTION NO. 28**: Has Plaintiff shown, by a preponderance of the evidence, that Joseph Delfgauw had direct, personal participation in or personally authorized either of his companies to initiate or assist in the transmission of text messages to (360) 910-1019 between March 31, 2021 and December 31, 2021?

**ANSWER:** NO **(Write "yes" or "no")**

*INSTRUCTION: If you answered "yes" to question 28, go to question 29; if you answered "no" to question 28, do not answer or consider any of the remaining questions and sign and return this verdict form.*

**<u>QUESTION NO. 29</u>**: How many text messages did Joseph Delfgauw participate in or authorize as identified in Question No. 30?

**ANSWER:** _______________

**<u>QUESTION NO. 30</u>**: What is the amount of Plaintiff's damages against Joseph Delfauw? You must award $500 per text message.

**ANSWER: $**_______________

*Dated:* 06·25·2026

*Signed:* [redacted]
*Presiding Juror*

After it has been signed and dated, deliver this verdict form to the Courtroom Deputy.